IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JULIE A. SWANSON, INDIVIDUALLY, AND MOTHER AND NEXT OF FRIEND OF MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE<br><br>Plaintiffs,<br><br>vs.<br><br>MURRAY BROS., LLC, JIMME DALE COX, And PIRAMAL GLASS-USA, Inc. etal<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: _____ <br> ) <br> ) Sangamon County (IL) No: 2019-L-000099 <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Piramal Glass-USA, Inc., by and through its undersigned attorneys, M. Tucker Blaser and Brown & James, P.C., and hereby files its Notice of Removal of the above entitled action to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1446, 1441, and 1332. The basis for Removal is as follows:

### Diversity of Citizenship

1. This Court has original jurisdiction of the action under 28 U.S.C. §1332, and Defendant bases its removal on this jurisdiction as further laid out below.

2. This action is removable under 28 U.S.C. §1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The United States District Courts have

"original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. §1332(a).

3. In accord with 28 U.S.C. § 1446, Defendant attaches all process, pleadings and orders served upon Defendant as **Exhibit A**.

4. Concurrent with the filing of this Notice of Removal, Defendant served a copy of this Notice on all parties to the suit and filed a copy with the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, along with written notice of the filing, in accordance with 28 U.S.C. § 1446(d).

5. The above-entitled action, now pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, is a civil action at law brought by the above-named Plaintiffs against Piramal Glass-USA, Inc. and others.

6. This Notice of Removal is filed within the time provided for filing after receiving notice that the case is removable, and within one year after commencement of Plaintiffs' action, thus this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Plaintiffs are not a citizens of the States of Missouri, Delaware, or New Jersey. (See Request for Admission Responses attached as **Exhibit B, 1-3**).

8. Piramal Glass-USA, Inc. was, at the time of the commencement of this action and continues to be, a corporation organized under the laws of the State of Delaware, having its chief and principal place of business in New Jersey. (See Affidavit

of Venkatraghvan Venkatswamy as **Exhibit C**). Piramal Glass-USA, Inc. is therefore a citizen of the State of New Jersey.

9. Jimmie Dale Cox is a citizen of the State of Missouri. (*See* Jimmie Dale Cox's driving record attached as **Exhibit D**).

10. Murray Bros., LLC is registered in Missouri with its principal place of business in Missouri. (*See* Article of Incorporation for Murray Bros., LLC attached as **Exhibit E**).

11. Therefore, Plaintiffs are diverse from all defendants and there is complete diversity. *See* 28 U.S.C. §1332(a)(1); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215,217 (7th Cir. 1997).

### Amount in Controversy

12. Federal courts normally determine the amount in controversy by reference to the amount alleged in the complaint's ad damnum clause. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The difficulty for defendants in Illinois, however, is that 735 ILCS 5/2-604 forbids the pleading of ad damnum clauses "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed...." Thus, Plaintiffs' Complaint here follows Illinois rules and only alleges damages in excess of $50,000.00. (*See* Complaint, attached within **Exhibit A**).

13. In the absence of an ad damnum clause, a defendant has the responsibility to "ascertain from a reasonable and commonsense reading of the complaint whether the

action is removable." *Rising-Moore*, 435 F.3d at 815. A removing party does not have to show that the plaintiff will prevail or collect more than $75,000.00 if he were to prevail. *Id.* at 816. The removing party need only show that what the plaintiff hopes to get out of litigation exceeds the jurisdictional amount. *Id.*

14.  Defendant filed Requests for Admission directed to Plaintiffs, and in their responses, Plaintiffs stated that they are seeking in excess of $75,000. This establishes that the amount in controversy may exceed $75,000. (**Exhibit B**).

15.  Further, Plaintiff's Complaint suggests that a recovery in excess of $75,000 is possible given the nature of the allegations. (**Exhibit A**).

16.  The amount in controversy, exclusive of interests an costs, exceeds the requisite jurisdictional amount for jurisdiction based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a).

## Conclusion

17.  The requirements to establish jurisdiction based upon diversity of citizenship, in accordance with 28 U.S.C. § 1332, have been met.

18.  Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and this matter may be removed to this Court in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

WHEREFORE, having established complete diversity of citizenship and the amount in controversy, Defendant Piramal Glass-USA, Inc. respectfully prays this

Honorable Court accept jurisdiction of this action, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY**

M. Tucker Blaser, IL Bar #6299116
BROWN & JAMES, P.C.
Richland Plaza I
525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
618/235-5590 (phone)
618/235-5591 (Fax)
tblaser@bjpc.com
*Attorneys for Defendant*
*Piramal Glass-USA, Inc.*

## AFFIDAVIT OF SERVICE

I, the undersigned on the 16th day of September, 2019, electronically filed this document with the United States District Court, State of Illinois. I further certify that I served this document via electronic mail to each of the foregoing:

Sean P. Driscoll
Clifford Law Offices, PC
120 North LaSalle Street
31st Floor
Chicago, IL 60602
312 899 9090
SPD@CliffordLaw.com
kschneider@cliffordlaw.com
**Attorney for Plaintiff**


Rex K. Linder
Heyl Royster Voelker & Allen, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
309 676 0400
Fax 309 676 3374
peoecf@heylroyester.com
rlinder@helyroyster.com
dfari@heylfoyster.com

**Attorney for Murray Bros, LLC and Jimmie Dale Cox**

#21516250.1