E-FILED
Tuesday, 17 September, 2019 11:36:30 AM
Clerk, U.S. District Court, ILCD

EFILED
5/3/2019 2:16 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## SANGAMON COUNTY, ILLINOIS

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually, and Mother And Next of Friend of MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2019L 000099 |
| MURRAY BROS, LLC, JIMMIE DALE COX, and PIRAMAL GLASS-USA, Inc. | ) ) ) | |
| Defendants. | ) ) | *Plaintiff's Demand Trial By Jury* |

### COMPLAINT AT LAW

### COUNT I – VICARIOUS LIABILITY - MURRAY BROS, LLC – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys,

CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

Exhibit A

5. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8. On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

9. On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10. At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11. At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle

2

Exhibit A

driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided

with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.      On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or

employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in

a reasonably safe manner.

13.      At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its

agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the

following respects:

  a)   Operated, managed, maintained, controlled, and drove a motor vehicle into a
       collision with the rear end of the motor vehicle then and there operated by the
       Plaintiff;
  b)   Operated its motor vehicle without keeping a proper and sufficient lookout;
  c)   Proceeded at a speed greater than reasonable and proper with regard to traffic
       conditions and the use of the highway, or which endangered the safety of persons
       or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
  d)   Failed to decrease speed to avoid colliding with another vehicle, in violation of
       Illinois Compiled Statutes, 625 ILCS 5/11-601; and
  e)   Followed Plaintiff's vehicle more closely than was reasonable and prudent, in
       violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

14.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JULIE A. SWANSON, sustained

injuries of a personal, permanent, and pecuniary nature.

      WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against

the Defendant, MURRAY BROS, LLC, for an amount exceeding FIFTY THOUSAND

DOLLARS ($50,000.00).

### COUNT II – NEGLIGENCE - JIMMIE DALE COX - JULIE A. SWANSON

      NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys,

CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

3

Exhibit A

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

Exhibit A

10.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.     On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

13.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

   a)     Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;
   b)     Operated his motor vehicle without keeping a proper and sufficient lookout;
   c)     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
   d)     Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and
   e)     Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

14.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature.

        WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

Exhibit A

## COUNT III – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, Inc. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, Inc., stating:

1.  On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.  On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3.  On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

4.  On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.  On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.  On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX.

Exhibit A

7.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated

a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102

immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by

Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, collided with the rear of

the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

9.      At the time and place aforesaid, because of the impact between the vehicle being

operated by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, and the

vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL

collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

10.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent

and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor

vehicle in a reasonably safe manner.

11.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, Inc., by and

through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or

more of the following respects:

      a)     Operated, managed, maintained, controlled, and drove a motor vehicle into a
            collision with the rear end of the motor vehicle then and there operated by the
            Plaintiff;
      b)     Operated its motor vehicle without keeping a proper and sufficient lookout;
      c)     Proceeded at a speed greater than reasonable and proper with regard to traffic
            conditions and the use of the highway, or which endangered the safety of persons
            or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
      d)     Failed to decrease speed to avoid colliding with another vehicle, in violation of
            Illinois Compiled Statutes, 625 ILCS 5/11-601; and
      e)     Followed Plaintiff's vehicle more closely than was reasonable and prudent, in
            violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

Exhibit A

12.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, Inc., Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, Inc., for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT IV – VICARIOUS LIABILITY - MURRAY BROS. LLC – JOAN A. ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating as follows:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8

Exhibit A

6.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON,

9

Exhibit A

13.     On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;

    b)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    c)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and

    e)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

15.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JOAN A. ELMORE, sustained injuries of a personal, permanent, and pecuniary nature.

    WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT V – NEGLIGENCE – JIMMIE DALE COX - JOAN A. ELMORE

    NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating as follows:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

Exhibit A

3.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, owned

a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX,

operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost

102.

5.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX,

maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost

102.

6.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX,

managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost

102.

7.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX,

controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost

102.

8.    On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated,

maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate

55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated,

maintained, managed, and controlled by Defendant, JIMMIE DALE COX.

9.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated

a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102

immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a

passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11

11.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

   a)     Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;
   b)     Operated his motor vehicle without keeping a proper and sufficient lookout;
   c)     Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
   d)     Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and
   e)     Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

15.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JOAN A. ELMORE, sustained injuries of a personal, permanent, and pecuniary nature.

        WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

Exhibit A

## COUNT VI – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, Inc. – JOAN A. ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, Inc., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX.

Exhibit A

7.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated

a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102

immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a

passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.     At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by

Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, collided with the rear of

the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being

operated by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, and the

vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL

collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent

and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor

vehicle in a reasonably safe manner.

12.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, Inc., by and

through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or

more of the following respects:

    a)    Operated, managed, maintained, controlled, and drove a motor vehicle into a
collision with the rear end of the motor vehicle then and there operated by the
Plaintiff;

    b)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    c)    Proceeded at a speed greater than reasonable and proper with regard to traffic
conditions and the use of the highway, or which endangered the safety of persons
or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)    Failed to decrease speed to avoid colliding with another vehicle, in violation of
Illinois Compiled Statutes, 625 ILCS 5/11-601; and

14

Exhibit A

  e) Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

12. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, Inc., Plaintiff, JOAN A. ELMORE, sustained injuries of a personal, permanent, and pecuniary nature.

  WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, Inc., for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT VII – VICARIOUS LIABILITY - MURRAY BROS, LLC – ROBERT G. ELMORE

  NOW COMES Plaintiff, ROBERT G. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1. On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2. On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

Exhibit A

5.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

Exhibit A

12. At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13. On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

14. At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a) Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;

    b) Operated its motor vehicle without keeping a proper and sufficient lookout;

    c) Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d) Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and

    e) Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

15. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, ROBERT G. ELMORE, sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

Exhibit A

## COUNT VIII - NEGLIGENCE JIMMIE DALE COX - ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating as follows:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate

18

Exhibit A

55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)  Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;
    b)  Operated his motor vehicle without keeping a proper and sufficient lookout;
    c)  Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
    d)  Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and

Exhibit A

<ol type="a" start="5">
<li>Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.</li>
</ol>

15.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, ROBERT G. ELMORE, sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IX – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, Inc. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, Inc., stating:

1.  On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.  On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3.  On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

4.  On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

20

Exhibit A

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX.

7.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

Exhibit A

12.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, Inc., by and

through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or

more of the following respects:

    a)    Operated, managed, maintained, controlled, and drove a motor vehicle into a
collision with the rear end of the motor vehicle then and there operated by the
Plaintiff;

    b)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    c)    Proceeded at a speed greater than reasonable and proper with regard to traffic
conditions and the use of the highway, or which endangered the safety of persons
or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)    Failed to decrease speed to avoid colliding with another vehicle, in violation of
Illinois Compiled Statutes, 625 ILCS 5/11-601; and

    e)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in
violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

12.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant, PIRAMAL GLASS-USA, Inc., Plaintiff, ROBERT G. ELMORE,

sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against

the Defendant, PIRAMAL GLASS-USA, Inc., for an amount exceeding FIFTY THOUSAND

DOLLARS ($50,000.00).

### COUNT X – VICARIOUS LIABILITY - MURRAY BROS, LLC – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of

MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES,

complaining of Defendant, MURRAY BROS, LLC, stating as follows:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a

north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing

business interstate.

Exhibit A

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

23

10.   On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11.   At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

12.   At the time and place aforesaid, because of the impact between the vehicles being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.   On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

14.   At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

a)   Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;
b)   Operated its motor vehicle without keeping a proper and sufficient lookout;
c)   Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
d)   Failed to decrease speed so as to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and
e)   Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

24

Exhibit A

15.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, MADISON SWANSON, sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT XI – NEGLIGENCE - JIMMIE DALE COX - MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating as follows:

1.   On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

3.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, owned a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, managed a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

Exhibit A

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

8.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated, maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

11.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

26

Exhibit A

3:19-cv-03220-SEM-TSH

a)   Operated, managed, maintained, controlled and drove a motor vehicle into a
     collision with the rear end of the motor vehicle then and there operated by the
     Plaintiff;
b)   Operated his motor vehicle without keeping a proper and sufficient lookout;
c)   Proceeded at a speed greater than reasonable and proper with regard to traffic
     conditions and the use of the highway, or which endangered the safety of persons
     or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;
d)   Failed to decrease speed to avoid colliding with another vehicle, in violation of
     Illinois Compiled Statutes, 625 ILCS 5/11-601; and
e)   Followed Plaintiff's vehicle more closely than was reasonable and prudent, in
     violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

14.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant, JIMMIE DALE COX, Plaintiff, MADISON SWANSON, sustained

injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of

MADISON SWANSON, prays that judgment be entered against the Defendant, JIMMIE DALE

COX, for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XII – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, Inc. – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of

MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES,

complaining of Defendant, PIRAMAL GLASS-USA, Inc., stating as follows:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a

north/south direction at or near milepost 102 in the State of Illinois.

2.    On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., was a company that

specialized in glass bottling and transported its materials interstate and did business in the

County of Cook, State of Illinois.

27

Exhibit A

3.    On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA,
Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a
2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

4.    On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA,
Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, managed a
2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.    On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA,
Inc., by and through its agent and/or employee Defendant, JIMMIE DALE COX, controlled a
2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.    On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL owned, operated,
maintained, managed, and controlled a 2017 Kia Sedona in a northbound direction on Interstate
55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck operated, managed,
and controlled by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX.

7.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated
a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102
immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a
passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.    At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by
Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, collided with the rear of
the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.   At the time and place aforesaid, because of the impact between the vehicle being
operated by Defendants, PIRAMAL GLASS-USA, Inc. and JIMMIE DALE COX, and the

28

Exhibit A

vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

12.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)    Operated, managed, maintained, controlled, and drove a motor vehicle into a collision with the rear end of the motor vehicle then and there operated by the Plaintiff;

    b)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    c)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601; and

    e)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710.

12.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, Inc., Plaintiff, MADISON SWANSON, sustained injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, Plaintiff, JULIE A. SWANSON, as Mother and Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, Inc., for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

Exhibit A

Attorneys for Plaintiff

Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
31st Floor
Chicago, IL 60602
(312) 899-9090
Firm I.D. No. 32640
SPD@CliffordLaw.com

30

Exhibit A