IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JULIE A. SWANSON, individually, and mother and next of friend of MADISON SWANSON, JOAN A. ELMORE, and ROBERT G. ELMORE, <br><br>    Plaintiffs,<br><br> v.<br><br> MURRAY BROS., LLC, JIMMIE DALE COX, and PIRAMAL GLASS-USA, INC.<br><br>    Defendants. | Case No. 19-cv-3220 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the Motion to Remand (d/e 4) filed by Plaintiffs Julie A. Swanson, individually and mother and next of friend of Madison Swanson, Joan A. Elmore, and Robert G. Elmore. Because removal was timely, Plaintiffs' Motion to Remand is DENIED.

### I. BACKGROUND

In May 2019, Plaintiffs filed a Complaint in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Springfield,

Illinois, against Defendants Murray Bros., LLC, Jimmie Dale Cox, and Piramal Glass-USA, Inc. See d/e 1-2. In the 12-count Complaint, Plaintiffs allege that on April 29, 2018, Jimmie Dale Cox was driving a 2014 Peterbilt Truck that collided with the back of Plaintiff Robert Elmore's vehicle, and Robert Elmore's vehicle then collided with a vehicle driven by Plaintiff Julie Swanson. In the car with Julie Swanson was Joan Elmore, Robert Elmore, and Madison Swanson. Plaintiffs allege that Jimmie Dale Cox negligently operated his vehicle at the time of the collision and caused injuries to Julie Swanson, Madison Swanson, Joan Elmore, and Robert Elmore. Plaintiffs also allege that Murray Bros., LLC and Piramal Glass-USA are vicariously liable for the actions of Jimmie Dale Cox.

On September 16, 2019, Defendant Piramal Glass-USA filed a Notice of Removal asserting that this Court has jurisdiction over the litigation pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. See d/e 1.

Defendant based its Notice of Removal on the following information. On July 18, 2019, Plaintiffs answered Piramal Glass-USA's Request for Admissions. Through their responses, Plaintiffs identified that they were seeking more than $75,000. See Exhibit

E to Motion, d/e 4-5. Plaintiffs also admitted that they were not citizens of Missouri, Delaware, or New Jersey. Id. Piramal Glass-USA was and continues to be incorporated in Delaware and has its principal place of business in New Jersey. See d/e 1; 1-6. Based on a driving record document, Jimmie Dale Cox is a citizen of Missouri. See d/e 1-7. Based on its Article of Incorporation, Murray Bros., LLC is "registered in Missouri with its principal place of business in Missouri." See d/e 1; 1-8.

On October 1, 2019, U.S. Magistrate Judge Tom Schanzle-Haskins ordered Defendants to "provide affidavit(s) establishing complete diversity regarding Defendant Murray Bros., LLC on or before 10/10/2019." See Text Order dated October 1, 2019. Piramal Glass-USA filed the Affidavit of Lee Murray along with its Response to Plaintiffs' Motion to Remand. See d/e 7; 7-1. The affidavit established that Lee Murray is the owner of Murray Bros., LLC; that Murray Bros., LLC is a Missouri limited liability company; that all employees are Missouri citizens; and that all members are Missouri citizens. See d/e 7-1.

Plaintiffs seek a remand on the basis that the removal notice is untimely because Piramal Glass-USA failed to file the notice within the 30-day requirement of 28 U.S.C. § 1446(b)(1).

## II. LEGAL STANDARD

The removing party bears the burden of demonstrating removal is proper, and the removal statutes are strictly construed. Morris v. Nuzzo, 718 F.3d 660, 668 (7th Cir. 2013) (noting the "long-established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts"); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) ("These statutory procedures for removal are to be strictly construed."). Any doubts regarding removal should be resolved in favor of the plaintiff's choice of forum in state court. Morris, 718 F.3d at 668.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the "master of the claim," as the plaintiff can

avoid federal jurisdiction "by exclusive reliance on state law." Id. When any doubt exists as to the jurisdiction, any ambiguities are resolved against removal. Morris, 718 F. 3d at 668.

### III. ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A district court may exercise diversity jurisdiction if the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States. 28 U.S.C. § 1332(a). Plaintiffs do not contest that the parties are diverse or that the amount in controversy requirement is met. However, the Court will review the record and make a finding.

This case is removable based on diversity jurisdiction. 28 U.S.C. § 1332(a) (requiring complete diversity and an amount in controversy in excess of $75,000, exclusive of interest and costs). Specifically, Defendant Piramal Glass-USA is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in New Jersey. Co-Defendant Jimmie Dale Cox is a citizen of Missouri. Co-Defendant Murray Bros., LLC

is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Missouri. The parties are, therefore, completely diverse for purposes of 28 U.S.C. § 1332.

The Court also finds that the amount in controversy requirement is met. Defendants must show, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000. See <u>Sabrina Roppo v. Travelers Commercial Ins. Co.</u>, 869 F.3d 568, 579 (7th Cir. 2017). In light of the damages Plaintiffs allege in this case and Plaintiffs' answers to the request for admissions, the Court finds that the amount-in-controversy is in excess of $75,000.

In addition to satisfying the jurisdictional requirement, a defendant seeking removal must also satisfy the procedural requirements set forth in 28 U.S.C. § 1446(b), including the timing requirements. As described in further detail below, the timing requirements generally require that a notice of removal be filed within 30 days of service of the initial pleading setting forth a removable cause of action. 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, the notice of removal must be filed

within 30 days of service of a paper from which it can first be ascertained that the action is removable. 28 U.S.C. § 1446(b)(3).

A case may not be removed under § 1446(b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the action unless the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1). An action commences by the filing of the complaint. <u>Mills v. Martin & Bayley, Inc.</u>, No. No. 05-888-GPM, 2007 WL 2789431, at *3 (S.D. Ill. Sept. 21, 2007) (when an action commences is determined by the law of the state where the action was originally filed); 735 ILCS 5/2-201(a) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint.").

Plaintiffs argue that the case should be remanded because the Notice of Removal was untimely as it was filed more than 30 days after Piramal Glass-USA was served with the Plaintiffs' answers to requests for admissions. Plaintiffs argue that the 30-day removal clock began when they served Piramal Glass-USA with their admissions on July 18, 2019. According to Plaintiffs, Piramal Glass-USA had until August 19, 2019, to file a notice of removal.

However, Piramal Glass-USA did not file its notice until September 19, 2019, which was outside of the 30-day period.

Piramal Glass-USA argues that it did not have notice that the action is removable until after Piramal Glass-USA filed its notice of removal. Piramal Glass-USA contends that as of the time of filing its notice of removal, it only suspected the citizenship of co-defendants based on its own research. It was not until it received the affidavit from Lee Murray, signed October 18, 2019, which was filed pursuant to the Court's Text Order dated October 1, 2019, that it first received notice that the action was removable. Until then, Piramal Glass-USA was relying on a driving record for Co-Defendant Jimmie Dale Cox and the Article of Incorporation for Co-Defendant Murray Bros., LLC to speculate that the parties were diverse.

Based on Plaintiffs' answers to requests to admit, Piramal Glass-USA was on notice that the amount-in-controversy is in excess of $75,000. The Court agrees that Piramal Glass-USA was on notice as of July 18, 2019, of the amount of damages alleged in the case. Piramal Glass-USA also acknowledges that it had notice that Piramal and Plaintiffs were diverse from each other. However,

those facts alone do not establish diversity jurisdiction. For diversity jurisdiction to exist, there must be complete diversity.

The question that remains is when Piramal Glass-USA was on notice that complete diversity existed in this case. The removal statute provides two different time limits for removal. See 28 U.S.C. § 1446(b). The statute provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). However, "[i]f the initial pleading is not removable, the notice of removal must be filed within 30 days of service of a paper from which it can first be ascertained that the action is removable. 28 U.S.C. § 1446(b)(3).

The parties agree that the initial pleading in this case did not establish that the case was removable. § 1446(b)(3) guides our decision in this case. The 30-day clock "does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013). The purpose for such a rule is to promote clarity and

those facts alone do not establish diversity jurisdiction. For diversity jurisdiction to exist, there must be complete diversity.

The question that remains is when Piramal Glass-USA was on notice that complete diversity existed in this case. The removal statute provides two different time limits for removal. See 28 U.S.C. § 1446(b). The statute provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). However, "[i]f the initial pleading is not removable, the notice of removal must be filed within 30 days of service of a paper from which it can first be ascertained that the action is removable. 28 U.S.C. § 1446(b)(3).

The parties agree that the initial pleading in this case did not establish that the case was removable. § 1446(b)(3) guides our decision in this case. The 30-day clock "does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013). The purpose for such a rule is to promote clarity and

ease of administration for the courts, it discourages evasive and ambiguous statements by plaintiffs, and it reduces guesswork and wasteful removals by defendants.  Id.

The court in Walker stressed the importance of separating the inquiry of timeliness from the inquiry of whether the removal is substantively appropriate.  "Whether the jurisdictional prerequisites are in fact met is a separate determination and often involves consideration of materials outside the state-court pleadings."  Id.  The court explained:

> In contrast, the timeliness inquiry is limited to the examining contents of the clock-triggering pleading or other litigation paper; the question is whether that document, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable.  Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation.  Again, as the text of the rule itself makes clear, the 30–day clock is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation.

Id. at 825 (emphasis added).

Important to the question before the Court is whether Piramal Glass-USA received, by pleading, papers, and other litigation

materials, specific and unambiguous notice that the case was removal, not whether Piramal Glass-USA made an independent investigation to obtain such knowledge. "Other paper" as stated in § 1446(b)(3) "includes deposition transcripts, interrogatory answers, and any other official papers filed or exchanged in connection with the action." Ayotte, 316 F. Supp. 3d at 1074.

Here, Piramal Glass-USA received notice that amount-in-controversy is in excess of $75,000 and that Piramal and Plaintiffs were diverse from each other based on Plaintiffs answers to requests to admit. Although Piramal Glass-USA speculated that all Defendants were diverse from Plaintiffs, Piramal Glass-USA did not receive, by pleadings, papers, and other litigation materials, such notice prior to filing its Notice of Removal. Not until the affidavit of Lee Murray was filed was Piramal Glass-USA on notice through a pleading that the case was removable. Piramal Glass-USA conducted its own research to find clues as to whether complete diversity existed is irrelevant. See Walker, 727 F.3d at 825; Ayotte v. Boeing Co., 316 F. Supp. 3d 1066, 1075 (N.D. Ill. 2018)("What a defendant might have discovered by following up on clues or

suggestions that federal jurisdiction may exist is irrelevant to the timeliness inquiry.").

Based on the filings in this case, removal was proper. The amount-in-controversy exceeds $75,000 and all defendants are diverse from all plaintiffs. Therefore, diversity jurisdiction exists. Piramal Glass-USA has met its burden of proving removal is proper.

## VI. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand (d/e 4) is hereby DENIED.

**ENTERED: March 18, 2020.**

**FOR THE COURT:**

    **s/*Sue E. Myerscough*** 
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**