# IN THE UNITED STATES DISTRIC COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISON

| | |
|---|---|
| JULIE A. SWANSON, Individually, ) <br> and Mother and Next of Friend of ) <br> MADISON SWANSON, ) <br> JOAN A. ELMORE, and ) <br> ROBERT G. ELMORE, ) <br>   ) <br>    Plaintiffs, ) <br>   ) <br>    v. ) <br>   ) No. 19-cv-3220 <br> MURRAY BROS, LLC, ) <br> JIMMIE DALE COX, ) <br> PIRAMAL GLASS-USA, Inc., ) <br> PIRAMAL GLASS FLAT RIVER, LLC, ) <br> PIRAMAL GLASS WILLIAMSTOWN, LLC,) <br> PIRAMAL GLASS PRIVATE LIMITED, ) <br> and LARRY MURRAY TRUCKING, INC.,) <br>   ) <br>    Defendants. ) <br>   ) <br> MARGARITA A. MARTINEZ, ) <br>   ) <br>    Plaintiff, ) <br>   ) <br>    v. ) No: 20-cv-3083 <br>   ) <br> JIMMIE DALE COX, ) <br> MURRAY BROS., LLC, ) <br> LARRY MURRAY TRUCKING, INC., ) <br> and PIRAMAL GLASS-USA, INC., ) <br>   ) <br>    Defendants. ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Strike (d/e 28) filed by Defendant Piramal Glass-USA, Inc. pursuant to Federal Rule of Civil Procedure 12(f).  For the reasons stated below, Defendant's Motion to Strike (d/e 28) is DENIED with leave to refile.

Defendant requests the Court to strike certain paragraphs in the First Amended Complaint filed by Julie Swanson, Madison Swanson, Joan A. Elmore, and Robert G. Elmore.  See Motion, d/e 28; First Amended Complaint, d/e 20.  The paragraphs at issue are: Count V, ¶¶ 9-14, 18, 22, 24(a); Count XVIII, ¶¶ 10-15, 20, 22-23, 25(a); Count XXI (sic. XXXI), ¶¶ 10-15, 20, 22-23, 25(a); and Count XLIV, ¶¶ 3, 10-15, 20, 22-23, 25(a) ("Disputed Factual Allegations"). See Motion, d/e 28, 29.  Defendant alleges the Disputed Factual Allegations are irrelevant and immaterial as they do not relate to the negligent hiring claim pending against Piramal.  The negligent hiring claim relates to the legal relationship between Piramal and Murray Bros., LLC, not Jimmie Dale Cox, according to Defendant. The Disputed Factual Allegations relate to Jimmie Dale Cox and his actions, which allegedly have no bearing on the relationship between Piramal and Murray Bros., LLC.  Defendant also alleges

that the inclusion of the factual allegations will prejudice Piramal as it confuses the legal elements under Illinois law.

Plaintiffs have filed a Response in opposition to the Motion to Strike. See Response, d/e 30. Plaintiffs disagree with Defendant's contention that the factual allegations are not relevant to the claim against Piramal. Plaintiffs argue that the information relating to Jimmie Dale Cox supports their claim that Piramal negligently hired Murray Bros., LLC, who then contracted with Jimmie Dale Cox.

Pursuant to Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Motions to strike are typically disfavored. Anderson v. Bd. of Educ. of City of Chicago, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); Seoud v. E.F. Hutton & Co., Inc., 720 F. Supp. 671, 686 (N.D.Ill.1989). Generally, courts will only strike a matter if "it is clear that it can have no possible bearing on the subject matter of the litigation" and the moving party will be prejudiced by its inclusion. Anderson, 169 F. Supp. 2d at 867-68 ("Consequently, motions to strike are frequently denied when no prejudice could result from the challenged allegations, even though the matter

literally is within the category set forth in Rule 12(f)); see also Shefts v. Petrakis, 758 F. Supp. 2d 620, 635 (C.D. Ill. 2010).  "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." Id. at 868.

At this time, the Court finds that the Disputed Factual Allegations seem to have some bearing on the subject matter of the litigation.  Plaintiff is using the information relating to Jimmie Dale Cox to prove Piramal's knowledge of Jimmie Dale Cox's actions as it relates to Plaintiffs' claim of negligent hiring against Piramal.  Additionally, Defendant has not shown that the Disputed Factual Allegations are prejudicial at this juncture.  As the case gets closer to trial and after discovery, the relevant factual allegations may change.

Therefore, the Defendant Piramal's Motion to Strike (d/e 28) is DENIED with leave to refile.

**ENTERED: June 2, 2020.**
**FOR THE COURT:**

          *s/Sue E. Myerscough*
          **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**