E-FILED
Tuesday, 07 July, 2020  11:28:20 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS-SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| MARGARITA A. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | )  . | |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMIE DALE COX, | ) | No.: 20-CV-03083 |
| MURRAY BROS, LLC, LARRY | ) | (Consolidated with lead case |
| | ) | 19-CV-03220) |
| MURRAY TRUCKING, INC.        and | ) | |
| PIRAMAL GLASS-USA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, MARGARITA A. MARTINEZ, by her attorneys, THE LAW OFFICE OF TIMOTHY J. DEFFET, and for her Complaint At Law against the Defendants JIMMIE DALE COX, MURRAY BROS LLC, LARRY MURRAY TRUCKING, INC. and PIRAMAL GLASS-USA, Inc., states as follows:

## COUNT I-JIMMIE DALE COX & MURRAY BROS LLC-NEGLIGENCE

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That MURRAY BROS LLC is and at all times herein was a Missouri limited

liability company based out of Farmington, Missouri, and a motor carrier capable of suing and

being sued in the State of Illinois operating under USDOT No. 1099637 and MC (MX) No.

452040 and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:32 P.M., MURRAY BROS LLC

owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator,

JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier MURRAY BROS LLC.

5.      That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating MURRAY BROS LLC's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

10.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

11.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

13.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner.

14.     That on April 29, 2018, at approximately 5:32 P.M., defendant MURRAY BROS LLC, individually and by and through its agent and/or employee, defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Failed to keep a careful lookout;

(b)     Failed to stop his motor vehicle when the danger of collision was imminent, in violation of 625 ILCS §5/11-601(a);

(c)     Failed to yield the right-of-way;

(d)     Drove at an excessive speed;

(e)     Drove at a speed in excess of the conditions of the roadway in violation of 625 ILCS §5/11-601(a);

(f) Was using an electronic communication device in violation of 625 ILCS §5/12-610.2 (b);

(g)     Operated a motor vehicle while using a hand-held mobile telephone in violation

of Title 49, Code of Federal Regulations, §392.82;

(h)     Knew or by the use of the highest degree of care could have known that there was

a reasonable likelihood of collision in time thereafter to have stopped, or swerved,

or slackened speed or slackened speed and swerved but failed to do so;

(i)     Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with

the rear of Plaintiff's vehicle;

(j)     Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to

prevent it from striking the rear of Plaintiff's vehicle;

(k)     Failed to operate a commercial vehicle in accordance with the laws and

regulations of the Code of Federal Regulations in violation of Title 49, Code of

Federal Regulations, §392.2;

(l)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a

safe operating condition in violation of Title 49, Code of Federal Regulations,

§396.13(a);

(m)    Operated a motor vehicle in such a condition as was likely to cause an accident in

violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)     Operated a commercial motor vehicle with defective equipment;

(n)     Operated a 2014 Peterbilt truck with defective equipment;

(o)     Operated a trailer with defective equipment;

(p)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in

violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(q)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of Title 49, Code of Federal Regulations, §393.52;

(r)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

(s)     Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

(t)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

(u)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

(v)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of Title 49, Code of Federal Regulations, §392.7;

(w)     Drove and operated a commercial motor vehicle in violation of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.;

(x)     Drove and operated a commercial motor vehicle for more than ten hours following eight consecutive hours off-duty in violation of the provisions of Title 49, Code of Federal Regulations, §395.3;

(y)     Followed another vehicle more closely than was reasonable and prudent, without due regard for the speed of such vehicles and the traffic upon the highway in violation of 625 ILCS §5/11-710;

(z)     Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(aa)    Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

(bb)    Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

(cc)    Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

(dd)    Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

(ee)    Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

(ff)    Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(gg)    Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

(hh)    Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(ii)    Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7; and

(jj)    Was otherwise negligent in the operation of his motor vehicle.

15.    That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

## COUNT II-MURRAY BROS LLC-WILFUL AND WANTON CONDUCT

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That MURRAY BROS LLC is and at all times herein was a Missouri limited liability company based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois operating under USDOT No. 1099637 and MC (MX) No. 452040 and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:32 P.M., MURRAY BROS LLC owned the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier MURRAY BROS LLC.

5.      That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

6.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating MURRAY BROS LLC's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

8.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

10.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

11.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

13.     On October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

14.     On February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

15.     On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

16. On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

17. On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

18. On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

19. On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

20. On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

21. Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

22. Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

23. Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

24. Upon information and belief, on and before April 29, 2018, had Defendant, MURRAY BROS, LLC pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

25.        That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE

COX, had a duty of care to operate its vehicle in a reasonably safe manner and to hire competent, safe personnel.

26.     That the Defendant motor carrier, MURRAY BROS LLC, with wilful and wanton conduct:

(a)     Failed to make a reasonable inquiry as to its driver's competence;

(b)     Selected an incompetent and unfit driver;

(c)     Failed to select a competent and fit driver;

(d)     Hired and retained an unsafe and unqualified driver;

(e)     Hired and retained an inadequately trained and incompetent driver;

(f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

(j)     Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

(k)     Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories

required by this chapter shall be maintained in compliance with all applicable

performance and design criteria set forth in that chapter;

(l)     Falsified certificates, reports and records in violation of the requirements of Title

49, Code of Federal Regulations, §390.35;

(m)    Failed to be responsible for the management, maintenance, operation, and driving

of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or

dispatching of drivers, and failed to instruct agents, drivers, and employees in

compliance with the rules in this part in violation of the requirements of Title 49,

Code of Federal Regulations, §392.1;

(n)     Instructed, pressured, or allowed the operation of the 2014 Peterbilt between

points in such period of time as would necessitate the 2014 Peterbilt being

operated at speeds greater than those prescribed by the jurisdictions in or through

which the commercial motor vehicle is being operated in violation of the

requirements of Title 49, Code of Federal Regulations, §392.6;

(o)     Failed to inspect the service brakes, including trailer brake connections, to make

sure they were in good working order in violation of the requirements of Title 49,

Code of Federal Regulations, §392.7;

(p)     Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of

the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(q)     Failed to record the driver's duty status for each 24-hour period in violation of the

requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of

duty status;

(r)     Failed to be knowledgeable of, and in compliance with, the full scope of the

        requirements and specifications, especially in regard to equipment such as brakes

        and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(s)     Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to

        modifying the brakes, which were inoperable, and the ELD which was inoperable

        in violation of part Title 49, Code of Federal Regulations, § 396.7;

(t)     Never required Defendant JIMMIE DALE COX to perform an on-the-road

        driving skills test;

(u)     Failed to provide Defendant JIMMIE DALE COX with behind-the-wheel driver

safety training in the vehicle he would be expected to drive as part of his employment;

(v) Failed to provide Defendant JIMMIE DALE COX with a significant driver safety

training program prior to this crash;

(w) Failed to provide Defendant JIMMIE DALE COX with a driver safety manual prior

to this crash;

(x) Failed to assign a skilled trainer to ride with Defendant JIMMIE DALE COX to

evaluate his driving skills prior to this crash; and

(y) Failed to provide Defendant JIMMIE DALE COX with sufficient driver safety

training.

27. That as a direct and proximate result of the wilful and wanton conduct of Defendants

and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face,

including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction

surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital,

causing her to incur substantial expenses for medical and hospital care, causing her to be unable

to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of One Million Dollars ($1,000,000), and costs.

## COUNT III-JIMMIE DALE COX & PIRAMAL GLASS-USA, INC.-NEGLIGENCE

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That Defendant PIRAMAL GLASS-USA, Inc. is and at all times herein was a Delaware corporation, with a principal place of business of New Jersey, and a motor carrier capable of suing and being sued in the State of Illinois which has operated under a USDOT number and travels interstate conducting business in Illinois.

3.      That on April 29, 2018, Defendant PIRAMAL GLASS-USA, Inc., was a corporation that specialized in glass bottling and transported its materials interstate and did business in Sangamon County, Illinois.

4.      That on April 29, 2018, at approximately 5:32 P.M., PIRAMAL GLASS-USA, Inc. operated, owned, managed or controlled the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

5.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for PIRAMAL GLASS-USA, Inc.

6.      That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that stated it would allow only pre-

authorized drivers by PIRAMAL GLASS-USA, INC., or its representatives, to drive the tractors it used to transport its goods.

7.      That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that directed that MURRAY BROS, LLC would perform all routine maintenance and cleaning of the tractor and keep all licensing and information on the tractor up to date.

8. That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that PIRAMAL GLASS-USA, INC. would provide tractor orientation training for MURRAY BROS, LLC drivers.

9.      That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

10.     That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating under the management and control of PIRAMAL GLASS-USA, Inc. as he drove the 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

11.     That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE

DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

13.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

14.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

15.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

16.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

17.      That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate, manage or control its vehicle in a reasonably safe manner.

18.     That on April 29, 2018, at approximately 5:32 P.M., Defendant motor carrier PIRAMAL GLASS-USA, Inc., individually and by and through its agent and/or employee, Defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Failed to keep a careful lookout;

(b)     Failed to stop his motor vehicle when the danger of collision was imminent, in

        violation of 625 ILCS §5/11-601(a);

(c)     Failed to yield the right-of-way;

(d)     Drove at an excessive speed;

(e)     Drove at a speed in excess of the conditions of the roadway in violation of 625

        ILCS §5/11-601(a);

(f) Was using an electronic communication device in violation of 625 ILCS §5/12-610.2

(b);

(g)     Operated a motor vehicle while using a hand-held mobile telephone in violation

        of Title 49, Code of Federal Regulations, §392.82;

(h)     Knew or by the use of the highest degree of care could have known that there was

        a reasonable likelihood of collision in time thereafter to have stopped, or swerved,

        or slackened speed or slackened speed and swerved but failed to do so;

(i)     Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with

        the rear of Plaintiff's vehicle;

(j)     Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to

        prevent it from striking the rear of Plaintiff's vehicle;

(k)     Failed to operate a commercial vehicle in accordance with the laws and

        regulations of the Code of Federal Regulations in violation of Title 49, Code of

        Federal Regulations, §392.2;

(l)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a

        safe operating condition in violation of Title 49, Code of Federal Regulations,

        §396.13(a);

(m)     Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)     Operated a commercial motor vehicle with defective equipment;

(n)     Operated a 2014 Peterbilt truck with defective equipment;

(o)     Operated a trailer with defective equipment;

(p)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(q)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of Title 49, Code of Federal Regulations, §393.52;

(r)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

(s)     Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

(t)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

(u)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

(v)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of Title 49, Code of Federal Regulations, §392.7;

(w)     Drove and operated a commercial motor vehicle in violation of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.;

(x)     Drove and operated a commercial motor vehicle for more than ten hours following eight consecutive hours off-duty in violation of the provisions of Title 49, Code of Federal Regulations, §395.3;

(y)     Followed another vehicle more closely than was reasonable and prudent, without due regard for the speed of such vehicles and the traffic upon the highway in violation of 625 ILCS §5/11-710;

(z)     Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(aa)    Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

(bb)    Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

(cc)    Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

(dd)   Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

(ee)   Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

(ff)   Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(gg)   Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

(hh)   Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(ii)   Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7; and

(jj)   Was otherwise negligent in the operation of his motor vehicle.

19.   That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction

surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

## COUNT IV-PIRAMAL GLASS-USA, INC.-WILFUL AND WANTON CONDUCT

1. That this cause of action occurred in Sangamon County, Illinois.

2. That Defendant PIRAMAL GLASS-USA, Inc. is and at all times herein was a Delaware corporation, with a principal place of business of New Jersey, and a motor carrier capable of suing and being sued in the State of Illinois which has operated under a USDOT number and travels interstate conducting business in Illinois.

3. That on April 29, 2018, Defendant PIRAMAL GLASS-USA, Inc., was a corporation that specialized in glass bottling and transported its materials interstate and did business in Sangamon County, Illinois.

4. That on April 29, 2018, at approximately 5:32 P.M., PIRAMAL GLASS-USA, Inc. operated, owned, managed or controlled the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

5. That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for PIRAMAL GLASS-USA, Inc.

6.      That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that stated it would allow only pre-authorized drivers by PIRAMAL GLASS-USA, INC., or its representatives, to drive the tractors it used to transport its goods.

7.      That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that directed that MURRAY BROS, LLC would perform all routine maintenance and cleaning of the tractor and keep all licensing and information on the tractor up to date.

8. That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that PIRAMAL GLASS-USA, INC. would provide tractor orientation training for MURRAY BROS, LLC drivers.

9.      That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

10.     That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating under the management and control of PIRAMAL GLASS-USA, Inc.as he drove the 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

11.     That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

13.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

14.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

15.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

16.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and PIRAMAL GLASS-USA, Inc., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

17.     On October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

18.     On February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

19.     On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

20. On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

21. On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

22. On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

23. On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

24. On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

25. Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

26. Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

27. Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

28. Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC. pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

29.     That on April 29, 2018, Defendant PIRAMAL GLASS-USA, INC. knew or should have known that Defendant JIMMIE DALE COX, and Defendant MURRAY BROS, LLC were unfit to transport glass bottles/jars from Missouri to Wisconsin.

30.      That on April 29, 2018, Defendant PIRAMAL GLASS-USA, Inc., owed a duty of care to employ a competent and careful trucking company to transport its goods on the public roadways.

31.     That on April 29, 2018, at approximately 5:32 P.M., Defendant motor carrier PIRAMAL GLASS-USA, Inc., individually and by and through its agent and/or employee, Defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of wilful and wanton conduct based one or more of the following acts and/or omissions:

(a)     Failed to make a reasonable inquiry as to its driver's competence;

(b)     Selected an incompetent and unfit driver;

(c)     Failed to select a competent and fit driver;

(d)     Hired and retained an unsafe and unqualified driver;

(e)     Hired and retained an inadequately trained and incompetent driver;

(f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

(j)     Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

(k)     Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

(l)     Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

(m)    Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

(n)     Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

(o)     Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(p)     Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

(q)     Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(r)     Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

32.     That as a direct and proximate result of the wilful and wanton conduct of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of One Million Dollars ($1,000,000), and costs.

**COUNT  V-JIMMIE  DALE  COX  &  LARRY  MURRAY  TRUCKING,  INC.-NEGLIGENCE**

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That LARRY MURRAY TRUCKING, INC. is and at all times herein was a Missouri corporation based out of Farmington, Missouri, bearing the same street address as MURRAY BROS, LLC, and a motor carrier capable of suing and being sued in the State of Illinois and traveling interstate conducting business in Illinois.

3.      That on April 29, 2018, at approximately 5:32 P.M., LARRY MURRAY TRUCKING, INC. owned, managed, and/or operated the 2014 Peterbilt truck described hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt truck.

4.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an agent, servant and employee acting in the course and scope of his agency and employment of, with and for the motor carrier LARRY MURRAY TRUCKING, INC.

5.      That on and before April 29, 2018, Larry Murray, individual, and his brother Lee Murray, individual, used LARRY MURRAY TRUCKING, INC. and MURRAY BROS, LLC (jointly owned by both Lee and Larry Murray) interchangeably for business with and amongst each other, sharing agreements, contracts, training, equipment, drivers, logs, maintenance, street address, and storage facilities.

6.      That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake Township, Sangamon County, IL.

7.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating LARRY MURRAY TRUCKING, INC.'s 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

8.      That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

9.       That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner.

10.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

11.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

13.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee

JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

14.    That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

15.    That on April 29, 2018, at approximately 5:32 P.M., defendant LARRY MURRAY TRUCKING, INC., individually and by and through its agent and/or employee, defendant JIMMIE DALE COX, and JIMMIE DALE COX, individually, were then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    (Failed to keep a careful lookout;

(b)    Failed to stop his motor vehicle when the danger of collision was imminent, in violation of 625 ILCS §5/11-601(a);

(c)    Failed to yield the right-of-way;

(d)    Drove at an excessive speed;

(e)    Drove at a speed in excess of the conditions of the roadway in violation of 625 ILCS §5/11-601(a);

(f) Was using an electronic communication device in violation of 625 ILCS §5/12-610.2 (b);

(g)    Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

(h)    Knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed or slackened speed and swerved but failed to do so;

(i)      Drove his 2014 Peterbilt truck in such a manner so as to strike and collide with the rear of Plaintiff's vehicle;

(j)      Failed to apply brakes and steer the 2014 Peterbilt truck in such manner as to prevent it from striking the rear of Plaintiff's vehicle;

(k)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

(l)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a);

(m)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

(l)      Operated a commercial motor vehicle with defective equipment;

(n)      Operated a 2014 Peterbilt truck with defective equipment;

(o)      Operated a trailer with defective equipment;

(p)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §393.40;

(q)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of Title 49, Code of Federal Regulations, §393.52;

(r)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

(s)     Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

(t)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

(u)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

(v)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of Title 49, Code of Federal Regulations, §392.7;

(w)     Drove and operated a commercial motor vehicle in violation of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.;

(x)     Drove and operated a commercial motor vehicle for more than ten hours following eight consecutive hours off-duty in violation of the provisions of Title 49, Code of Federal Regulations, §395.3;

(y)     Followed another vehicle more closely than was reasonable and prudent, without due regard for the speed of such vehicles and the traffic upon the highway in violation of 625 ILCS §5/11-710;

(z)     Failed to give an audible warning with the horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS §5/12-601;

(aa)    Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to

that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

(bb)    Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

(cc)    Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

(dd)    Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

(ee)    Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

(ff)    Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(gg)    Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

(hh)     Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(ii)      Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7; and

(jj)      Was otherwise negligent in the operation of his motor vehicle.

16.     That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to incur substantial expenses for medical and hospital care, causing her to be unable to perform the activities she could perform but for the collision aforementioned, causing her to suffer past and future disability, lost earnings and a diminution of his earning capacity in the past and in the future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

## COUNT VI-LARRY MURRAY TRUCKING, INC.-NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

1.      That this cause of action occurred in Sangamon County, Illinois.

2.      That LARRY MURRAY TRUCKING, INC. is and at all times herein was a Missouri corporation based out of Farmington, Missouri, bearing the same street address as

MURRAY BROS, LLC, and a motor carrier capable of suing and being sued in the State of

Illinois and traveling interstate conducting business in Illinois.

3.    That on April 29, 2018, at approximately 5:32 P.M., LARRY MURRAY

TRUCKING, INC. owned managed, and/or operated the 2014 Peterbilt truck described

hereinafter and employed the driver and operator, JIMMIE DALE COX, of said 2014 Peterbilt

truck.

4.    That LARRY MURRAY TRUCKING, INC. has had its carrier status

involuntarily revoked on at least two occasions prior to April 29, 2018.

5.    That on and before April 29, 2018, Larry Murray, individual, and his brother Lee

Murray, individual, used LARRY MURRAY TRUCKING, INC. and MURRAY BROS, LLC

(jointly owned by both Lee and Larry Murray) interchangeably for business with and amongst

each other, sharing contracts, training, equipment**,** drivers, logs, maintenance, street address, and

storage facilities.

6.    That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was an

agent, servant and employee acting in the course and scope of his agency and employment of,

with and for the motor carrier LARRY MURRAY TRUCKING, INC.

7.    That on April 29, 2018, at approximately 5:32 P.M., PLAINTIFF MARGARITA

A. MARTINEZ was a passenger in a 2001 Chevrolet Cavalier motor vehicle being driven by

Tyler Parnell northbound on I-55, just immediately ahead of the 2014 Peterbilt truck driven by

JIMMIE DALE COX, that was stopped/and or slowed at or near milepost 102, Clear Lake

Township, Sangamon County, IL.

8.      That on April 29, 2018, at approximately 5:32 P.M., JIMMIE DALE COX was operating LARRY MURRAY TRUCKING's 2014 Peterbilt Truck in a northbound direction on I-55 at or near milepost 102, Clear Lake Township, Sangamon County, IL.

9.      That on April 29, 2018, at approximately 5:32 P.M., the vehicle in which Plaintiff was a passenger was struck in the rear by Defendant's 2014 Peterbilt truck.

10.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

11.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt without a working ELD for the previous 8 days.

12.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

13.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

14.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

15.     On October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

16.     On February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

17.     On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

18. On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

19. On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

20. On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

21. On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

22. On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

23. Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

24. Upon information and belief, on and before April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC. had an out-of-service order violation that exceeded the national average for its vehicles.

25. Upon information and belief, on and before April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC. had an out-of-service order violation that exceeded the national average for drivers.

26. Upon information and belief, on and before April 29, 2018, had Defendant, LARRY MURRAY TRUCKING, INC. pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

27.     That on April 29, 2018, Defendant LARRY MURRAY TRUCKING, INC. knew or should have known that Defendant JIMMIE DALE COX was unfit to transport glass bottles/jars from Missouri to Wisconsin.

28.     That on April 29, 2018, Defendant LARRY MURRAY TRUCKING, Inc., owed a duty of care to employ a competent and careful trucking company to transport its goods on the public roadways.

29.     That on April 29, 2018, at approximately 5:32 P.M., Defendants JIMMIE DALE COX and LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee JIMMIE DALE COX, had a duty of care to operate its vehicle in a reasonably safe manner and to hire competent, safe personnel.

30.     That the Defendant motor carrier, LARRY MURRAY TRUCKING, INC. was negligent in that said motor carrier,

(a)     Failed to make a reasonable inquiry as to its driver's competence;

(b)     Selected an incompetent and unfit driver;

(c)     Failed to select a competent and fit driver;

(d)     Hired and retained an unsafe and unqualified driver;

(e)     Hired and retained an inadequately trained and incompetent driver;

(f)     Entrusted the 2014 Peterbilt truck to an incompetent driver;

(g)     Entrusted its vehicle to a driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent driver;

(h)     Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident; and

(i)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

(j)     Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

(k)     Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

(l)     Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

(m)     Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

(n)     Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

(o)     Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

(p)     Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

(q)     Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1;

(r)     Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

31. That as a direct and proximate result of the negligence of Defendants and the collision aforementioned, Plaintiff sustained injuries including severe injuries to her face, including, but not limited to a broken nose and eye socket, causing nose and facial reconstruction surgeries, the placement of a feeding tube and tracheostomy, numerous weeks in the hospital, causing her to

incur substantial expenses for medical and hospital care, causing her to be unable to perform the

activities she could perform but for the collision aforementioned, causing her to suffer past and

future disability, lost earnings and a diminution of his earning capacity in the past and in the

future, and causing her pain and suffering in the past, present and in the future.

WHEREFORE, Plaintiff MARGARITA A. MARTINEZ prays for judgment against

Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs.

/s/ Timothy J. Deffet
Attorney for Plaintiff


ARDC#6255823
Timothy J. Deffet
Attorney for Plaintiff MARGARITA A. MARTINEZ
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS-SPRINGFIELD DIVISION**

| | |
|---|---|
| MARGARITA A. MARTINEZ, | ) |
| | ) |
|     Plaintiff, | )  . |
| | ) |
|     v. | ) |
| | ) |
| JIMMIE DALE COX, | )  No.: 20-CV-03083 |
| MURRAY BROS, LLC, LARRY | ) (Consolidated with lead case |
| | ) 19-CV-03220) |
| MURRAY TRUCKING, INC.    and | ) |
| PIRAMAL GLASS-USA, INC., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## <u>AFFIDAVIT</u>

I, Timothy J. Deffet, the attorney for Plaintiff, being first duly sworn on oath, depose and state as follows:

1. I represent the plaintiff in the above cause of action.

2. Upon investigation of the facts as known to me at this time, including the nature and extent of the physical injuries and medical expenses appurtenant, the damages in this case, exclusive of interest and costs, are in excess of $75,000.00, and in excess of $1,000,000.00 in punitive damages.

    FURTHER AFFIANT SAYETH NAUGHT.


/s/ Timothy J. Deffet
Attorney for Plaintiff


ARDC#6255823
Attorney for Plaintiff MARGARITA A. MARTINEZ
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719