IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually, and Mother And Next of Friend of MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-CV-03220 |
| MURRAY BROS, LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, INC., and LARRY MURRAY TRUCKING, INC. | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

| | | |
|---|---|---|
| MARGARITA A. MARTINEZ, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:20-CV-03083 |
| JIMMIE DALE COX, MURRAY BROS., LLC, LARRY MURRAY TRUCKING, INC., And PIRAMAL GLASS-USA, INC. | ) ) ) ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COME Plaintiffs, JULIE A. SWANSON, Individually, and Mother and Next of Friend of MADISON SWANSON, JOAN A. ELMORE and ROBERT G. ELMORE by and through their attorneys, CLIFFORD LAW OFFICES, complaining of Defendants, MURRAY BROS, LLC; JIMMIE DALE COX; PIRAMAL GLASS-USA, INC., and LARRY MURRAY TRUCKING, INC, stating:

**PARTIES:**

1

1. JULIE A. SWANSON resides at 1272 E. Walnut Avenue, Des Plaines, IL 60016.

2. MADISON SWANSON resides at 1272 E. Walnut Avenue, Des Plaines, IL 60016.

3. JOAN A. ELMORE resides at 6032 N. Austin Ave., Chicago, IL 60646.

4. ROBERT G. ELMORE resides at 6032 N. Austin Ave., Chicago, IL 60646.

5. MURRAY BROS, LLC, is and at all times herein was, a Missouri limited liability company based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois operating under USDOT No. 1099637 and MC (MX) No. 452040. MURRAY BROS. LLC, traveling interstate and conducts business in Illinois.

6. PIRAMAL GLASS-USA, INC., is and at all times herein was, a Delaware corporation, with a principal place of business in New Jersey, and a motor carrier capable of suing and being sued in the State of Illinois, which has operated under USDOT 1086862  and travels interstate, conducting business in Illinois.

7. That LARRY MURRAY TRUCKING, INC., is and at all times herein was, a Missouri corporation based out of Farmington, Missouri, and a motor carrier capable of suing and being sued in the State of Illinois and travels interstate conducting business in Illinois operating under USDOT 2320220.

## JURISDICTION AND VENUE:

8. Venue is proper for this personal injury action, because the alleged actions all occurred in Delaware County.

9. On September 16, 2019, PIRAMAL GLASS-USA, INC.  removed this case to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C. §§ 1332 and 1441, based on diversity of citizenship or the parties and that the Plaintiffs' loss exceeded the $75,000.00 jurisdiction amount required by 28 U.S.C. § 1332(a).

## COUNT I – VICARIOUS LIABILITY - MURRAY BROS, LLC – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1. On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2. On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3. On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4. That on April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

5. On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6. On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7. At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

10.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

    e)      Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

    f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)   Operated a 2014 Peterbilt truck with defective equipment;

l)   Operated a commercial motor vehicle in violation of 49 CFR §393.45;

m)   Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

n)   Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

o)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

q)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

r)   Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**COUNT II – NEGLIGENCE - MURRAY BROS, LLC – JULIE A. SWANSON**

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

5

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102 with the governor set at 70 miles per hour.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.      On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

13.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was negligent in one or more of the following respects:

    a)      Was in contact with a driver via telephone when it was not safe to do so;

    b)      Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

    c)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    d)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    e)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    f)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)  Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)  Operated a 2014 Peterbilt truck with defective equipment;

i)  Operated a 2014 Peterbilt at excessive speed;

j)  Operated a commercial motor vehicle in violation of 49 CFR §393.45;

k)  Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

l)  Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

m)  Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

n)  Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

o)  Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

p)  Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

q)  Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

r)  Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

s)  Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

8

14.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00).

### COUNT III – WILLFUL AND WANTON - MURRAY BROS, LLC – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.     On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.     On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, knowingly could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

12.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

13.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

14.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

15.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

16.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

17.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

18.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

19.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

20.     On and before April 29, 2019, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

22.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

23.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

24.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

25.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

26.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by

TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

27.   On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

28.   At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was willful and wanton in one or more of the following respects:

a)   With utter indifference and/or conscious disregard was in contact with a driver via telephone when it was not safe to do so;

b)   With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)   With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)   With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)   With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)   With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)   With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)   With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment and at excessive speed;

i)   With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)     With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)     With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)     With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)     With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)     With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o)     With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p)     With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q)     With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r)     With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

29.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

### COUNT IV – NEGLIGENCE - JIMMIE DALE COX - JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

3.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

4.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

5.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

7.       On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

8.      At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    c)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

    e)    Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

    f)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)   Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)   Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)   Operated a 2014 Peterbilt truck with defective equipment;

l)   Operated a trailer with defective equipment;

m)   Operated a commercial motor vehicle in violation of 49 CFR §393.45;

n)   Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)   Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

9.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT V – WILLFUL AND WANTON - JIMMIE DALE COX - JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1. On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2. On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

3. On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

4. On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

5. On April 29, 2018, at approximately 5:34 p.m., Defendant JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

6. On April 29, 2018, Defendant, JIMMIE DALE COX, knew the 2014 Peterbilt was not safe to be operated on the roadway.

7. On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

8. On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

9.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty to care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

12.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was willful and wanton in one or more of the following respects:

    a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)      With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

    c)      With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    d)      With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    e)      With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    f)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

    g)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment;

i)      With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)      With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)      With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)      With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)      With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o)      With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p)      With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q)      With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r)   With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

13.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT VI – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, INC. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.    On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3.     On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.     At all relevant times, Defendant, MURRAY BROS, LLC and JIMMIE DALE COX, were an actual, implied and/or apparent agents, servants, and/or employees of Defendant, PIRAMAL GLASS-USA, INC., where Defendant, PIRAMAL GLASS-USA, INC., controlled the conduct, actions, direction, means, methods, and the manner of work performed by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

5.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, managed, maintained and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.     That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

7.     On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

8.     On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

9.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., by and through its actual, implied and/or apparent agents, servants, and/or employees Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, was negligent in one or more of the following respects:

     a)     Operated its motor vehicle without keeping a proper and sufficient lookout;

     b)     Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)   Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)   Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)   Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

**f)**   Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

g)   Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)   Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)   Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)   Operated a 2014 Peterbilt truck with defective equipment;

m)   Operated a trailer with defective equipment;

n)   Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)   Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)   Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

s)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

t)   Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

15.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT VII – NEGLIGENT HIRING – PIRAMAL GLASS-USA, INC. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.     On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, operated,

managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

10.     On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

11.     On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

12.     On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

13.    On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

14.    On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

15.    That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

16.    On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

17.    On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

18.    Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

19.    Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

20.    Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

21.    On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

22.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

23.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

24.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

25.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

26.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to employ a competent and careful trucking company to transport its goods on our roadways.

27.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was negligent in one or more of the following respects:

    a)    employing MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

    b)    employing MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

    c)    Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)      Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)      Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)      Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)      Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)      Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)      Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)      Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)      Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

28.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00).

## COUNT VIII – WILLFUL AND WANTON – PIRAMAL GLASS-USA, INC. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.     On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendant, MURRAY BROS, LLC, and Defendant, JIMMIE DALE COX,

operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

12.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

13.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

14.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

15.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

16.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

17.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

18.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

19.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

20.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

21.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

22.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

23.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

24.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

25.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

26.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

27.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

28.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

29.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to refrain from willful and wanton conduct to employ a competent and careful trucking company to transport its goods on our roadways.

30.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was willful and wanton in one or more of the following respects:

   a)      With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

   b)      With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

c)      With utter indifference and/or conscious disregard permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)      With utter indifference and/or conscious disregard permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)      With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)      With utter indifference and/or conscious disregard falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)      With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)      With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)      With utter indifference and/or conscious disregard failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      With utter indifference and/or conscious disregard failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      With utter indifference and/or conscious disregard failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)    With utter indifference and/or conscious disregard failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)   With utter indifference and/or conscious disregard permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

31.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT IX – VICARIOUS LIABILITY - LARRY MURRAY TRUCKING, INC. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.    On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

9.      At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)      Operated a 2014 Peterbilt truck with defective equipment;

l)      Operated a trailer with defective equipment;

m)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

n)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

10.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT X – NEGLIGENCE - LARRY MURRAY TRUCKING, INC. – JULIE A. SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

9.      At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., was negligent in one or more of the following respects:

a)      Failed to make a reasonable inquiry as to its driver's competence;

b)      Selected an incompetent and unfit driver;

c)      Failed to select a competent and fit driver;

d)      Hired and retained an unsafe and unqualified driver;

e)      Was in contact with a driver via telephone when it was not safe to do so;

f)      Hired and retained an inadequately trained and incompetent driver;

g)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)    Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)    Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)    Operated a 2014 Peterbilt truck with defective equipment;

m)    Operated a trailer with defective equipment;

n)    Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)    Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)    Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)    Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)    Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

s)    Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

10.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, JULIE A. SWANSON, sustained injuries of a personal, permanent, and pecuniary nature, including a concussion, fracture of the C6 vertebra, slippage in the C4 & C5 vertebra, body bruising, chest bruising past and future

disability, lost earnings, and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00)

## COUNT XI – VICARIOUS LIABILITY - MURRAY BROS, LLC – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      That on April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.      On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

11.      At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

  a) Operated its motor vehicle without keeping a proper and sufficient lookout;

  b) Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

  c) Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)    Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

e)    Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

f)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)    Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)    Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)    Operated a 2014 Peterbilt truck with defective equipment;

l)    Operated a commercial motor vehicle in violation of 49 CFR §393.45;

m)    Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

n)    Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

o)    Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)    Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

q)    Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

r)    Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

12.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XII – NEGLIGENCE - MURRAY BROS, LLC – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102 with the governor set at 70 miles per hour.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

13.      On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its

agents and/or employees, was negligent in one or more of the following respects:

a)      Was in contact with a driver via telephone when it was not safe to do so;

b)      Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      Operated a 2014 Peterbilt truck with defective equipment;

i)      Operated a 2014 Peterbilt at excessive speed;

j)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

k)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

l)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

m)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

n)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

o)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

p)      Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

q)      Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

r)      Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

s)      Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

15.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00).

### COUNT XIII – WILLFUL AND WANTON - MURRAY BROS, LLC – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

48

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, knowingly could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

10.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

11.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

12.      On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

13.      On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

14.      On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

15.      On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

16.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

17.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

18.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

19.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

20.     On and before April 29, 2019, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

22.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

23.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

24.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

25.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

26.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

27.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

28.     On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

29.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was willful and wanton in one or more of the following respects:

    a)     With utter indifference and/or conscious disregard was in contact with a driver via telephone when it was not safe to do so;

    b)     With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)      With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)      With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)      With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment and at excessive speed;

i)      With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)      With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)      With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)      With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)      With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o) With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p) With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q) With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r) With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

30.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

**COUNT XIV – NEGLIGENCE - JIMMIE DALE COX - MADISON SWANSON**

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

3.    On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

4.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

5.    At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

6.    At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

7.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

9.      At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

      a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

      b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

      c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

      d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

      e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

      f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

      g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

      h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

      i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

      j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

      k)      Operated a 2014 Peterbilt truck with defective equipment;

      l)      Operated a trailer with defective equipment;

      m)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

      n)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

      o)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

10.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XV – WILLFUL AND WANTON - JIMMIE DALE COX - MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.   On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

3.   On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

6.      On April 29, 2018, Defendant, JIMMIE DALE COX, knew the 2014 Peterbilt was not safe to be operated on the roadway.

7.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

9.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

12.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty to care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

13.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was willful and wanton in one or more of the following respects:

a)     Operated its motor vehicle without keeping a proper and sufficient lookout;

b)     With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)     With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)     With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)     With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)     With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)     With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)     With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment;

i)     With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)     With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)     With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)     With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)   With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)   With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o)   With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p)   With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q)   With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r)   With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

14.   As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, JIMMIE

DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00),
including interests and costs including punitive damages appropriate to deter Defendant's Willful
and Wanton conduct.

## COUNT XVI – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, INC. – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of
Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES,
complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a
north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that
specialized in glass bottling and transported its materials interstate and did business in the County
of Cook, State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with
and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri
to Wisconsin.

4.      At all relevant times, Defendant, MURRAY BROS, LLC and JIMMIE DALE COX, were
an actual, implied and/or apparent agents, servants, and/or employees of Defendant, PIRAMAL
GLASS-USA, INC., where Defendant, PIRAMAL GLASS-USA, INC., controlled the conduct,
actions, direction, means, methods, and the manner of work performed by Defendants, MURRAY
BROS, LLC, and JIMMIE DALE COX.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA,
INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated,

managed, maintained and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

7.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

8.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

9.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven

by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the

rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a

passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

14.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., by and through its agent

and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor

vehicle in a reasonably safe manner.

15.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., by and

through its actual, implied and/or apparent agents, servants, and/or employees Defendants,

MURRAY BROS, LLC and JIMMIE DALE COX, was negligent in one or more of the following

respects:

   a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

   b)      Proceeded at a speed greater than reasonable and proper with regard to traffic
           conditions and the use of the highway, or which endangered the safety of persons
           or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

   c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of
           Illinois Compiled Statutes, 625 ILCS 5/11-601;

   d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in
           violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

   e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2
           (b);

   **f)**      Operated a motor vehicle while using a hand-held mobile telephone in violation of
           Title 49, Code of Federal Regulations, §392.82;

   g)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in
           violation of 625 ILCS §5/12-301;

   h)      Failed to operate a commercial vehicle in accordance with the laws and regulations
           of the Code of Federal Regulations in violation of Title 49, Code of Federal
           Regulations, §392.2;

i) Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j) Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k) Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l) Operated a 2014 Peterbilt truck with defective equipment;

m) Operated a trailer with defective equipment;

n) Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o) Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p) Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q) Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r) Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

s) Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

t) Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

16.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XVII – NEGLIGENT HIRING – PIRAMAL GLASS-USA, INC. – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.     On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

11.     On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

12.     On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

13.     On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

14.     On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

15.     On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

16.     That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

17.     On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

18.     On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

19.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

20.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

22.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

23.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

24.    Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

25.    Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

26.    On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

27.    On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to employ a competent and careful trucking company to transport its goods on our roadways.

28.    At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was negligent in one or more of the following respects:

    a)    employing MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

    b)    employing MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

    c)    Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

    d)    Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

    e)    Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to

that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)     Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)     Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)     Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)     Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)     Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)     Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)     Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)    Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

29.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00).

## COUNT XVIII – WILLFUL AND WANTON – PIRAMAL GLASS-USA, INC. – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendant, MURRAY BROS, LLC, and Defendant, JIMMIE DALE COX, operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

12.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

13.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

14.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

15.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

16.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

17.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

18.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

19.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

20.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

21.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

22.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

23.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

24.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

25.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

26.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

27.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would

have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

28.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

29.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

30.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to refrain from willful and wanton conduct to employ a competent and careful trucking company to transport its goods on our roadways.

31.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was willful and wanton in one or more of the following respects:

    a)    With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

    b)    With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

    c)    With utter indifference and/or conscious disregard permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

    d)    With utter indifference and/or conscious disregard permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

    e)    With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations

contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)      With utter indifference and/or conscious disregard falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)      With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)      With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)      With utter indifference and/or conscious disregard failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      With utter indifference and/or conscious disregard failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      With utter indifference and/or conscious disregard failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)      With utter indifference and/or conscious disregard failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)     With utter indifference and/or conscious disregard permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

32.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT XIX – VICARIOUS LIABILITY - LARRY MURRAY TRUCKING, INC. – MADISON SWANSON

NOW COMES Plaintiff JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

10.     At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

      a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)   Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)   Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)   Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)   Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)   Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)   Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)   Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)   Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)   Operated a 2014 Peterbilt truck with defective equipment;

l)   Operated a trailer with defective equipment;

m)   Operated a commercial motor vehicle in violation of 49 CFR §393.45;

n)   Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)   Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XX – NEGLIGENCE - LARRY MURRAY TRUCKING, INC. – MADISON SWANSON

NOW COMES Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, MADISON SWANSON, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

10.    At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., was negligent in one or more of the following respects:

    a)     Failed to make a reasonable inquiry as to its driver's competence;

    b)     Selected an incompetent and unfit driver;

    c)     Failed to select a competent and fit driver;

    d)     Hired and retained an unsafe and unqualified driver;

    e)     Was in contact with a driver via telephone when it was not safe to do so;

    f)     Hired and retained an inadequately trained and incompetent driver;

    g)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)      Operated a 2014 Peterbilt truck with defective equipment;

m)     Operated a trailer with defective equipment;

n)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

s)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff's minor, MADISON SWANSON, sustained emotional distress, left knee and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JULIE A. SWANSON, pursuant to Rule 17(c)(2) as Next of Friend of MADISON SWANSON, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XXI – VICARIOUS LIABILITY - MURRAY BROS, LLC – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      That on April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.      On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

11.      At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)  Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

e)  Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

f)  Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)  Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)  Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)  Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)  Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)  Operated a 2014 Peterbilt truck with defective equipment;

l)  Operated a commercial motor vehicle in violation of 49 CFR §393.45;

m)  Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

n)  Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

o)  Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)  Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

q)  Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

r)  Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

12.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest

contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### COUNT XXII – NEGLIGENCE - MURRAY BROS, LLC – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102 with the governor set at 70 miles per hour.

5.     On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.     On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.    At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.    At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

13.    On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its

agents and/or employees, was negligent in one or more of the following respects:

a)     Was in contact with a driver via telephone when it was not safe to do so;

b)     Operated a motor vehicle while using a hand-held mobile telephone in violation of
Title 49, Code of Federal Regulations, §392.82;

c)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in
violation of 625 ILCS §5/12-301;

d)     Failed to operate a commercial vehicle in accordance with the laws and regulations
of the Code of Federal Regulations in violation of Title 49, Code of Federal
Regulations, §392.2;

e)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a
safe operating condition in violation of 49 CFR §396.13(a);

f)     Operated a motor vehicle in such a condition as was likely to cause an accident in
violation of the provisions of 49 CFR §396.7(a);

g)     Operated a motor vehicle in such a condition as was likely to cause an accident in
violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)     Operated a 2014 Peterbilt truck with defective equipment;

i)     Operated a 2014 Peterbilt at excessive speed;

j)     Operated a commercial motor vehicle in violation of 49 CFR §393.45;

k)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in
violation of the provisions of 49 CFR §393.40;

l)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and
commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

m)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR
§396.3(a);

n)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating
condition in violation of the provisions of 49 CFR §396.3(a)(1);

o)     Drove a commercial motor vehicle without first being satisfied that the service
brakes and truck brake connections were in good working order in violation of the
provisions of 49 CFR §392.7;

p)      Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

q)      Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

r)      Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

s)      Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

15.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00).

## COUNT XXIII – WILLFUL AND WANTON - MURRAY BROS, LLC – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, knowingly could not produce written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS LLC, permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

12.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

13.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

14.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

15.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

16.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

17.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

18.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

19.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

20.     On and before April 29, 2019, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

22.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

23.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

24.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

25.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

26.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

27.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

28.     On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

29.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was willful and wanton in one or more of the following respects:

   a)     With utter indifference and/or conscious disregard was in contact with a driver via telephone when it was not safe to do so;

   b)     With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)      With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)      With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)      With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment and at excessive speed;

i)      With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)      With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)      With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)      With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)      With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o) With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p) With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q) With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r) With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

30. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

**COUNT XXIV – NEGLIGENCE - JIMMIE DALE COX – JOAN ELMORE**

94

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

3.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

4.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

5.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

7.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

9.      At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

    a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

    d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

    e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

    f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

    j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

    k)      Operated a 2014 Peterbilt truck with defective equipment;

    l)      Operated a trailer with defective equipment;

    m)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

    n)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

    o)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

10.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXV – WILLFUL AND WANTON - JIMMIE DALE COX – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

6.      On April 29, 2018, Defendant, JIMMIE DALE COX, knew the 2014 Peterbilt was not safe to be operated on the roadway.

7.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

9.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

12.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty to care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

98

13.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was willful and wanton

in one or more of the following respects:

    a)    Operated its motor vehicle without keeping a proper and sufficient lookout;

    b)    With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

    c)    With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    d)    With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    e)    With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    f)    With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

    g)    With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

    h)    With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment;

    i)    With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

    j)    With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

    k)    With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

    l)    With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)   With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)   With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o)   With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p)   With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q)   With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r)   With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

14.   As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills..

WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT XXVI – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, INC. – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3.     On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.     At all relevant times, Defendant, MURRAY BROS, LLC and JIMMIE DALE COX, were an actual, implied and/or apparent agents, servants, and/or employees of Defendant, PIRAMAL GLASS-USA, INC., where Defendant, PIRAMAL GLASS-USA, INC., controlled the conduct, actions, direction, means, methods, and the manner of work performed by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

5.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated,

managed, maintained and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6.      That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

7.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

8.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

9.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

10.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

12.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven

by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.    On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN A. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

14.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

15.    At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., by and through its actual, implied and/or apparent agents, servants, and/or employees Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, was negligent in one or more of the following respects:

a)    Operated its motor vehicle without keeping a proper and sufficient lookout;

b)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)    Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)    Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

g)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)    Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)    Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)    Operated a 2014 Peterbilt truck with defective equipment;

m)   Operated a trailer with defective equipment;

n)    Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)    Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)    Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)    Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)    Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

s)    Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

t)    Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

16.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN A. ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXVII – NEGLIGENT HIRING – PIRAMAL GLASS-USA, INC. – JOAN ELMORE

NOW COMES Plaintiff, JOAN A. ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.     At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.    On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

11.    On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

12.    On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

13.    On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

14.    On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

15.     On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

16.     That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

17.     On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

18.     On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

19.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

20.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

22.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

23.    Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

24.    Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

25.    Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

26.    On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

27.    On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to employ a competent and careful trucking company to transport its goods on our roadways.

28.    At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was negligent in one or more of the following respects:

    a)    employing MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

    b)    employing MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

    c)    Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)     Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)     Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)     Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)     Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)     Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)     Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)     Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)     Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)     Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)     Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

29.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00).

## COUNT XXVIII – WILLFUL AND WANTON – PIRAMAL GLASS-USA, INC. – JOAN ELMORE

NOW COMES Plaintiff, JOAN ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.     On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendant, MURRAY BROS, LLC, and Defendant, JIMMIE DALE COX,

operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

12.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

13.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

14.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

15.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

16.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

17.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

18.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

19.    On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

20.    On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

21.    On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

22.    Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

23.    Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

24.    Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

25.    On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

26.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

27.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

28.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

29.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

30.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to refrain from willful and wanton conduct to employ a competent and careful trucking company to transport its goods on our roadways.

31.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was willful and wanton in one or more of the following respects:

a)      With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that  they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

b)      With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

114

c)      With utter indifference and/or conscious disregard permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)      With utter indifference and/or conscious disregard permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)      With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)      With utter indifference and/or conscious disregard falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)      With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)      With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)      With utter indifference and/or conscious disregard failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      With utter indifference and/or conscious disregard failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      With utter indifference and/or conscious disregard failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)      With utter indifference and/or conscious disregard failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)     With utter indifference and/or conscious disregard permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

32.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT XXIX – VICARIOUS LIABILITY - LARRY MURRAY TRUCKING, INC. – JOAN ELMORE

NOW COMES Plaintiff, JOAN ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.       On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

10.     At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)      Operated a 2014 Peterbilt truck with defective equipment;

l)      Operated a trailer with defective equipment;

m)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

n)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)     Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)     Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)     Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN ELMORE, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXX – NEGLIGENCE - LARRY MURRAY TRUCKING, INC. – JOAN ELMORE

NOW COMES Plaintiff, JOAN ELMORE, by and through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX,

operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JOAN ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.     On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

10.    At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., was negligent in one or more of the following respects:

     a)     Failed to make a reasonable inquiry as to its driver's competence;

     b)     Selected an incompetent and unfit driver;

c)      Failed to select a competent and fit driver;

d)      Hired and retained an unsafe and unqualified driver;

e)      Was in contact with a driver via telephone when it was not safe to do so;

f)      Hired and retained an inadequately trained and incompetent driver;

g)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)      Operated a 2014 Peterbilt truck with defective equipment;

m)      Operated a trailer with defective equipment;

n)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

s)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, JOAN A. ELMORE, sustained a left leg crush injury with a large hematoma, left leg bruised from thigh to foot, ongoing left leg numbness and nerve pain, right leg bruised, ongoing upper back pain and tender to touch and chest contusion with chest pain and bruises and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, JOAN ELMORE, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXXI – VICARIOUS LIABILITY - MURRAY BROS, LLC – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.     On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.     On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.     On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, owned, operated, maintained, managed, and controlled  a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      That on April 29, 2018, at approximately 5:34 P.M., Defendant, MURRAY BROS LLC, by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.      On April 29, 2018, Defendant, MURRAY BROS, LLC, by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

11.    At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its

agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the

following respects:

a)    Operated its motor vehicle without keeping a proper and sufficient lookout;

b)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)    Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

e)    Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

f)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)    Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)    Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)    Operated a 2014 Peterbilt truck with defective equipment;

l)    Operated a commercial motor vehicle in violation of 49 CFR §393.45;

m)    Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

n)    Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

o)    Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

q)      Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

r)      Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

12.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXXII – NEGLIGENCE - MURRAY BROS, LLC – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt

125

Truck in a northbound direction on Interstate 55 at or near milepost 102 with the governor set at 70 miles per hour.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

12.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

14.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was negligent in one or more of the following respects:

    a)     Was in contact with a driver via telephone when it was not safe to do so;

    b)     Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

    c)     Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

    d)     Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

    e)     Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

    f)     Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

    g)     Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

    h)     Operated a 2014 Peterbilt truck with defective equipment;

    i)     Operated a 2014 Peterbilt at excessive speed;

    j)     Operated a commercial motor vehicle in violation of 49 CFR §393.45;

    k)     Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

    l)     Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

m)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

n)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

o)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

p)   Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

q)   Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

r)   Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

s)   Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

15.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00).

## COUNT XXXIII – WILLFUL AND WANTON - MURRAY BROS, LLC – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, MURRAY BROS, LLC, stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, MURRAY BROS, LLC, was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, owned, operated, maintained, managed, and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, MURRAY BROS, LLC, on Interstate 55 did not function properly due to normal wear and tear.

6.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, MURRAY BROS, LLC, was not operable.

7.      On April 29, 2018, at approximately 5:34 p.m., Defendant, MURRAY BROS, LLC, was communicating with Defendant, JIMMIE DALE COX, via a telephone.

8.      On April 29, 2018, at approximately 5:34 P.M., Defendant, MURRAY BROS LLC, by and through its agent and/or employee Defendant, JIMMIE DALE COX, knowingly could not produce

written logs, electronic logs, or driver's record of duty status to the police at the scene of the collision.

9.      On April 29, 2018, at approximately 5:34 P.M., Defendant, MURRAY BROS LLC, knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

10.     On April 29, 2018, at approximately 5:34 P.M., Defendant, MURRAY BROS LLC, knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

11.     On April 29, 2018, at approximately 5:34 P.M., Defendant, MURRAY BROS LLC, permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

12.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

13.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

14.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

15.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

16.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

17.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

18.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

19.     On and before April 29, 2018, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

20.     On and before April 29, 2019, Defendant, MURRAY BROS, LLC, knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

22.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

23.     On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

24.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

25.     At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

26.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

27.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

28.      On April 29, 2018, Defendant, MURRAY BROS, LLC, owed a duty of care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

29.     At the time and place aforesaid, Defendant, MURRAY BROS, LLC, by and through its agents and/or employees, was willful and wanton in one or more of the following respects:

a)      With utter indifference and/or conscious disregard was in contact with a driver via telephone when it was not safe to do so;

b)      With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)      With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)      With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)      With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment and at excessive speed;

i)      With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)      With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)      With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)      With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)     With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)      With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o) With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p) With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q) With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r) With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

30. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, MURRAY BROS, LLC, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, MURRAY BROS, LLC, for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS (75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

### COUNT XXXIV – NEGLIGENCE - JIMMIE DALE COX – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

134

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

3.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

4.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

5.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

7.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

8.       On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty of care to operate his motor vehicle in a reasonably safe manner.

9.      At the time and place aforesaid, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)      Operated a 2014 Peterbilt truck with defective equipment;

l)      Operated a trailer with defective equipment;

m)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

n)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)    Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)    Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

10.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXXV – WILLFUL AND WANTON - JIMMIE DALE COX – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, JIMMIE DALE COX, stating:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

3.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

4.    On April 29, 2018, at approximately 5:34 p.m., Defendant, JIMMIE DALE COX, was operating the 2014 Peterbilt with the brakes being modified with pliers.

5.      On April 29, 2018, at approximately 5:34 p.m., Defendant JIMMIE DALE COX, was operating the 2014 Peterbilt with inoperable brakes.

6.      On April 29, 2018, Defendant, JIMMIE DALE COX, knew the 2014 Peterbilt was not safe to be operated on the roadway.

7.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

9.      At the time and place aforesaid, the 2014 Peterbilt operated, maintained, managed, and controlled by Defendant, JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona being operated by TIMOTHY J. KNOLL.

10.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendant, JIMMIE DALE COX, and the vehicle being driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

11.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

12.      On April 29, 2018, Defendant, JIMMIE DALE COX, owed a duty to care to refrain from acting with utter indifference and/or conscious disregard for the safety of others.

13.     At the time and place aforesaid, Defendant, JIMMIE DALE COX, was willful and wanton in one or more of the following respects:

a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)      With utter indifference and/or conscious disregard operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

c)      With utter indifference and/or conscious disregard failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

d)      With utter indifference and/or conscious disregard failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e)      With utter indifference and/or conscious disregard drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

f)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

g)      With utter indifference and/or conscious disregard operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

h)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck with defective equipment;

i)      With utter indifference and/or conscious disregard operated a commercial motor vehicle in violation of 49 CFR §393.45;

j)      With utter indifference and/or conscious disregard failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

k)      With utter indifference and/or conscious disregard failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

l)      With utter indifference and/or conscious disregard failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

m)      With utter indifference and/or conscious disregard operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

n)    With utter indifference and/or conscious disregard drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;

o)    With utter indifference and/or conscious disregard operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same;

p)    With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

q)    With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1; and

r)    With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6.

14.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, JIMMIE DALE COX, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, JIMMIE DALE COX, for an amount exceeding SEVETY-FIVE THOUSAND DOLLARS ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT XXXVI – VICARIOUS LIABILITY – PIRAMAL GLASS-USA, INC. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1. On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2. On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the County of Cook, State of Illinois.

3. On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4. At all relevant times, Defendant, MURRAY BROS, LLC and JIMMIE DALE COX, were an actual, implied and/or apparent agents, servants, and/or employees of Defendant, PIRAMAL GLASS-USA, INC., where Defendant, PIRAMAL GLASS-USA, INC., controlled the conduct, actions, direction, means, methods, and the manner of work performed by Defendants, MURRAY BROS, LLC, and JIMMIE DALE COX.

5. On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, managed, maintained and controlled a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

6. That on April 29, 2018, at approximately 5:34 P.M., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

141

7.      On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

8.      On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

9.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

10.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

11.     At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

12.     At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

13.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

14.     On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

15.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., by and through its actual, implied and/or apparent agents, servants, and/or employees Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, was negligent in one or more of the following respects:

a)      Operated its motor vehicle without keeping a proper and sufficient lookout;

b)      Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)      Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)      Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)      Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)      Operated a motor vehicle while using a hand-held mobile telephone in violation of Title 49, Code of Federal Regulations, §392.82;

g)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)      Operated a 2014 Peterbilt truck with defective equipment;

m)  Operated a trailer with defective equipment;

n)  Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)  Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)  Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)  Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)  Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);

s)  Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7; and

t)  Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same.

16.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXXVII – NEGLIGENT HIRING – PIRAMAL GLASS-USA, INC. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.    On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

144

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendants, MURRAY BROS, LLC and JIMMIE DALE COX, operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.     On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.    On October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

11.    On December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

12.    On April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

13.    On July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

14.    On January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

15.    On an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

16.    That on April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through its agent and/or employee JIMMIE DALE COX, was operating the 2014 Peterbilt with the governor set at 70 miles per hour.

17.    On and before April 29, 2018, the air brakes for the 2014 Peterbilt Truck being operated by Defendant, PIRAMAL GLASS-USA, INC., on Interstate 55 did not function properly due to normal wear and tear.

18.    On and before April 29, 2018, the electronic logging device for the 2014 Peterbilt Truck owned, operated, controlled, managed and maintained by Defendant, PIRAMAL GLASS-USA, INC., was not operable.

19.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

20.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

21.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

22.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

23.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

24.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

25.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

26.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

27.    On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to employ a competent and careful trucking company to transport its goods on our roadways.

28.    At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was negligent in one or more of the following respects:

a)    employing MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

b)    employing MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

c)    Permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)    Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)    Failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)    Falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)    Failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)    Instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

148

i)      Failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      Failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      Failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)      Failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)      Permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

29.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00).

## COUNT XXXVIII – WILLFUL AND WANTON – PIRAMAL GLASS-USA, INC. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, PIRAMAL GLASS-USA, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., was a company that specialized in glass bottling and transported its materials interstate and did business in the State of Illinois.

3.      On April 25, 2018, Defendant, PIRAMAL GLASS-USA, INC., hired, contracted with and/or retained, Defendant, MURRAY BROS, LLC, to transport glass bottles/jars from Missouri to Wisconsin.

4.      On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., by and through Defendant, MURRAY BROS, LLC, and Defendant, JIMMIE DALE COX, operated, managed, controlled and maintained a 2014 Peterbilt Truck in a northbound direction on Interstate 55 at or near milepost 102.

5.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

6.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, the 2014 Peterbilt operated, managed, and controlled by Defendants, PIRAMAL GLASS-USA, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

8.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, PIRAMAL GLASS-USA, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

9.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

10.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knowingly permitted the 2014 Peterbilt to be operated without a working electronic logging device.

11.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that the 2014 Peterbilt was being operated with the governor set at 70 miles per hour.

12.     On April 29, 2018, at approximately 5:34 p.m., Defendant, PIRAMAL GLASS-USA, INC., permitted and knew that the 2014 Peterbilt was being operated with the brakes being modified with pliers.

13.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 11, 2011, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Elsberry County, Missouri.

14.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on February 2, 2014, Defendant, JIMMIE DALE COX, was involved in an accident on Missouri Highway 32.

15.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on October 21, 2015, Defendant, JIMMIE DALE COX, was convicted of improper backing in Illinois.

16.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on December 18, 2015, Defendant, JIMMIE DALE COX, struck a diesel pump in Batesville, Mississippi.

17.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on April 25, 2016, Defendant, JIMMIE DALE COX, was involved in an accident in Pocahontas, Illinois.

18.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on July 13, 2016, Defendant, JIMMIE DALE COX, was convicted of speeding in excess of 10 mph in Wisconsin.

19.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on January 25, 2018, Defendant, JIMMIE DALE COX, was involved in an accident in Granada, Mississippi.

20.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, Defendant, JIMMIE DALE COX, was involved in an accident on Highway 55 in Mississippi.

21.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that on an unknown date prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

22.     Prior to April 29, 2018, the Federal Motor Carrier Safety Administration promulgated a set of criteria that would define conditions in which a driver or commercial motor vehicle out of service ("OOS") or remove the driver or commercial motor vehicle from the roadway.

23.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for its vehicles.

24.     Upon information and belief, on and before April 29, 2018, Defendant, MURRAY BROS, LLC, had an out-of-service order violation that exceeded the national average for drivers.

25.     On April 29, 2018, the there was an air leak at the axel 5 brake chamber for the 2014 Peterbilt Truck being operated by Defendant, JIMMIE DALE COX, in violation of 49 CFR §393.45 governing brake tubing and hoses for motor carriers.

26.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions.

27.     Upon information and belief, on and before April 29, 2018, had Defendant, PIRAMAL GLASS-USA, INC., searched the Federal Motor Carrier Safety Administration website it would have learned that Defendant, MURRAY BROS, LLC, had an out of service order violation that exceeded that national average for drivers.

28.     Upon information and belief, on and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., did not perform a search of Defendant, JIMMIE DALE COX's, driving record nor a safety search of Defendant, MURRAY BROS, LLC.

29.     On and before April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., knew or should have known that Defendant, JIMMIE DALE COX, and Defendant, MURRAY BROS, LLC, were unfit to transport glass bottles/jars from Missouri to Wisconsin.

30.      On April 29, 2018, Defendant, PIRAMAL GLASS-USA, INC., owed a duty of care to refrain from willful and wanton conduct to employ a competent and careful trucking company to transport its goods on our roadways.

31.     At the time and place aforesaid, Defendant, PIRAMAL GLASS-USA, INC., was willful and wanton in one or more of the following respects:

a)     With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, and JIMMIE DALE COX, without conducting an investigation into their skill, fitness, competence and safety record, which would have revealed that they were, in fact, unskilled, unfit, incompetent and had a record of dangerous behavior and equipment;

b)     With utter indifference and/or conscious disregard employed MURRAY BROS, LLC, despite it being unskilled, unfit, incompetent and having a record of dangerous behavior and equipment, all of which was or should have been known;

c)     With utter indifference and/or conscious disregard permitted its motor vehicle to be operated in such a manner as was likely to cause an accident;

d)     With utter indifference and/or conscious disregard permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq;

e)     With utter indifference and/or conscious disregard failed to meet the requirements of Title 49, Code of Federal Regulations, §390.3(e) which states that every employer and driver shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations, and all motor vehicle equipment and accessories required by this chapter shall be maintained in compliance with all applicable performance and design criteria set forth in that chapter;

f)     With utter indifference and/or conscious disregard falsified certificates, reports and records in violation of the requirements of Title 49, Code of Federal Regulations, §390.35;

g)     With utter indifference and/or conscious disregard failed to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;

h)     With utter indifference and/or conscious disregard instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6;

i)     With utter indifference and/or conscious disregard failed to inspect the service brakes, including trailer brake connections, to make sure they were in good working order in violation of the requirements of Title 49, Code of Federal Regulations, §392.7;

j)      With utter indifference and/or conscious disregard failed to make sure the brakes were operable in the 2014 Peterbilt, in violation of the requirements of Title 49, Code of Federal Regulations, §393.48(a);

k)      With utter indifference and/or conscious disregard failed to record the driver's duty status for each 24-hour period in violation of the requirements of Title 49, Code of Federal Regulations, § 395.8 Driver's record of duty status;

l)      With utter indifference and/or conscious disregard failed to be knowledgeable of, and in compliance with, the full scope of the requirements and specifications, especially in regard to equipment such as brakes and ELD in violation of part Title 49, Code of Federal Regulations, § 393.1; and

m)      With utter indifference and/or conscious disregard permitted the unsafe operation of the 2014 Peterbilt, specifically in respect to modifying the brakes, which were inoperable, and the ELD which was inoperable in violation of part Title 49, Code of Federal Regulations, § 396.7.

32.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, PIRAMAL GLASS-USA, INC., Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, PIRAMAL GLASS-USA, INC., for an amount exceeding SEVENTY-FIVE THOUSAND dollars ($75,000.00), including interests and costs including punitive damages appropriate to deter Defendant's Willful and Wanton conduct.

## COUNT XXXIX – VICARIOUS LIABILITY - LARRY MURRAY TRUCKING, INC. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.      On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.      On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.    On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, owed a duty of care to operate its motor vehicle in a reasonably safe manner.

10.    At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee, Defendant, JIMMIE DALE COX, was negligent in one or more of the following respects:

a)    Operated its motor vehicle without keeping a proper and sufficient lookout;

b)    Proceeded at a speed greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

c)    Failed to decrease speed to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

d)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-710;

e)    Was using an electronic communication device in violation of 625 ILCS 5/12-610.2 (b);

f)    Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

g)    Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

h)    Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

i)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

j)    Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

k)    Operated a 2014 Peterbilt truck with defective equipment;

l)    Operated a trailer with defective equipment;

m)    Operated a commercial motor vehicle in violation of 49 CFR §393.45;

157

n)   Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

o)   Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)   Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

p)   Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

q)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## COUNT XXXX– NEGLIGENCE - LARRY MURRAY TRUCKING, INC. – ROBERT G. ELMORE

NOW COMES Plaintiff, ROBERT G. ELMORE, by and through his attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, LARRY MURRAY TRUCKING, INC., stating:

1.   On and before April 29, 2018, Interstate 55 was a public highway generally running in a north/south direction at or near milepost 102 in the State of Illinois.

2.   On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., was a transport company doing business interstate.

3.      On April 29, 2018, at approximately 5:34 p.m., Defendant, LARRY MURRAY TRUCKING, INC., by and through its agent and/or employee Defendant, JIMMIE DALE COX, operated, maintained, managed and controlled a 2014 Peterbilt Truck heading in a northbound direction on Interstate 55 at or near milepost 102.

4.      On April 29, 2018, at approximately 5:34 p.m., TIMOTHY J. KNOLL operated a 2017 Kia Sedona in a northbound direction on Interstate 55 at or near milepost 102 immediately in front of the 2014 Peterbilt Truck.

5.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, JULIE A. SWANSON, operated a 2013 Chevrolet Traverse in a northbound direction on Interstate 55 at milepost 102 immediately in front of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

6.      At the time and place aforesaid, the 2014 Peterbilt owned, operated, maintained, managed, and controlled by Defendants, LARRY MURRAY TRUCKING, INC. and JIMMIE DALE COX, collided with the rear of the 2017 Kia Sedona operated by TIMOTHY J. KNOLL.

7.      At the time and place aforesaid, because of the impact between the vehicle being operated by Defendants, LARRY MURRAY TRUCKING, INC., and JIMMIE DALE COX, and the vehicle driven by TIMOTHY J. KNOLL, the vehicle being driven by TIMOTHY J. KNOLL collided with the rear end of the vehicle being operated by the Plaintiff, JULIE A. SWANSON.

8.      On April 29, 2018, at approximately 5:34 p.m., Plaintiff, ROBERT G. ELMORE, was a passenger in the 2013 Chevrolet operated by Plaintiff, JULIE A. SWANSON.

9.       On April 29, 2018, Defendant, LARRY MURRAY TRUCKING, INC., owed a duty of care to operate and maintain its motor vehicle in a reasonably safe manner.

10.     At the time and place aforesaid, Defendant, LARRY MURRAY TRUCKING, INC., was negligent in one or more of the following respects:

a)      Failed to make a reasonable inquiry as to its driver's competence;

b)      Selected an incompetent and unfit driver;

c)      Failed to select a competent and fit driver;

d)      Hired and retained an unsafe and unqualified driver;

e)      Was in contact with a driver via telephone when it was not safe to do so;

f)      Hired and retained an inadequately trained and incompetent driver;

g)      Failed to maintain the brakes of his 2014 Peterbilt truck in good working order in violation of 625 ILCS §5/12-301;

h)      Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

i)      Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);

j)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);

k)      Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;

l)      Operated a 2014 Peterbilt truck with defective equipment;

m)      Operated a trailer with defective equipment;

n)      Operated a commercial motor vehicle in violation of 49 CFR §393.45;

o)      Failed to maintain the required brake systems on the 2014 Peterbilt truck in violation of the provisions of 49 CFR §393.40;

p)      Failed to maintain properly performing brakes on the 2014 Peterbilt truck and commercial motor vehicle in violation of the requirements of 49 CFR §393.52;

q)      Failed to inspect the 2014 Peterbilt truck in violation of the provisions of 49 CFR §396.3(a);

r)      Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1); and

s)   Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7.

11.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, LARRY MURRAY TRUCKING, INC, Plaintiff, ROBERT G. ELMORE, sustained a head injury, multiple bruising and swelling of his face, eyes, head and chest, dizziness and pain and suffering in the past, present and in the future and medical bills.

WHEREFORE, Plaintiff, ROBERT G. ELMORE, prays that judgment be entered against the Defendant, LARRY MURRAY TRUCKING, INC., for an amount exceeding SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### JURY DEMAND

Plaintiffs Demand a Trial by Jury

Dated July 8, 2020                              Respectfully Submitted,

                                               BY: /s/Sean P. Driscoll
                                               Sean P. Driscoll
                                               CLIFFORD LAW OFFICES, P.C.
                                               120 North LaSalle Street, 31st Floor
                                               Chicago, IL 60602
                                               (312) 899-9090
                                               (312) 343-5508
                                               SPD@cliffordlaw.com
                                               Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2020, I electronically filed the foregoing, **PLAINTIFFS' SECOND AMENDED COMPLAINT AT LAW** with the Clerk of the Court using the CM/ECF System, which will send notifications of such to all attorneys of record.

**<u>Attorney for MARGARITA A. MARTINEZ</u>**
Timothy A. Deffet
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, IL 60659
773-627-4719 (phone)
888-294-3053 (fax)
tim@timdeffetlaw.com

**<u>Attorney for PIRAMAL GLASS-USA, Inc.</u>**
M. Tucker Blaser
Brown & James, P.C.
Richland Plaza I
525 W. Main St., Ste 200
Belleville, IL 62220-1547
618-235-5590 (phone)
618-235-5591 (fax)
tblaser@bjpc.com
bpfalzgraf@bjpc.com
gjahr@bjpc.com

**<u>Attorney for MURRAY BROS, LLC and JIMMIE DALE COX</u>**
Matthew S. Hefflefinger
Rex K. Linder
Devin M. Taseff
Heyl, Royster,Voelker & Allen, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
(309) 676-0400
Fax (309) 676-3374
mhefflefinger@heylroyster.com
dtaseff@heylroyster.com
peoecf@heylroyster.com
rlinder@heylroyster.com
dfair@heylroyster.com
CSmith2@heylroyster.com

**<u>Attorney for LARRY MURRAY TRUCKING, INC.</u>**
Daniel E. Wilke

James A. Wilke
Wilke & Wilke, P.C.
2708 Olive Street
St. Louis, MO 63103
314-371-0800 (phone)
314-371-0900 (fax)
wilke@wilkewilke.net
jwilke@wilkewilke.net

**s/ Sean P. Driscoll**