# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually, and Mother and Next Friend of MADDISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-3220 |
| MURRAY BROS, LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, Inc., and LARRY MURRAY TRUCKING, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MARGARITA MARTINEZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-3083 |
| JIMME DALE COX, MURRAY BROS., LLC, LARRY MURRAY TRUCKING, INC., and PIRAMAL GLASS-USA, Inc., | ) ) ) ) ) ) | |
| Defendant. | ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Murray Bros, LLC.'s (Murray Bros.) Motion to Quash Plaintiff Margarita A. Martinez's Notices of Corporate Deposition Pursuant to Rule 30(b)(6) or for Protective Order (d/e 73) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

These consolidation cases arise from an automobile accident on April 29, 2018 between a semi tractor-trailer (Truck) driven by Defendant Jimmie Dale Cox and an automobile in which the Plaintiffs were riding. Plaintiff Margarita Martinez commenced her action on March 26, 2020. She alleged respondeat superior liability claims against defendant Murray Bros. LLC, as Cox's employer and also direct negligence claims. See Complaint (Consolidated Case No. 20-3083 d/e 1).

Murray Bros. moved to dismiss the direct negligence claims because it admitted that if Martinez can establish that Cox was liable to her in negligence, then Murray Bros. would be liable under principles of respondeat superior. Motion to Dismiss (Consolidated Case No. 20-3083 d/e 19). Martinez did not respond to the motion to dismiss, but secured

leave to file a First Amended Complaint.  <u>Text Order entered June 25, 2020</u>.  Martinez filed her First Amended Complaint (d/e 65) on July 7, 2020.  The First Amended Complaint added claims against Murray Bros. for punitive damages for willful and wanton conduct.  Murray Bros. states that it intends to move to dismiss the direct negligence claims and the punitive damage claims. Murray Bros.' response to the Second Amended Complaint was due July 21, 2020.  Fed. R. Civ. P. 15(a)(3).  No motion has yet been filed.

On July 13, 2020,  Martinez noticed Murray Bros. for a Rule 30(b)(6) deposition (Deposition) on July 21, 2020, and subsequently moved the deposition to July 22, 2020.  Murray Bros. filed Motion to have the Court stay Martinez from taking the Deposition until after the District Court rules on its yet to be filed motion to dismiss.

## ANALYSIS

In this case, Murray Bros. has not filed a timely motion to dismiss. Such a motion was due on July 21, 2020, 14 days after the filing of the First Amended Complaint.  Fed. R. Civ. P. 15(a)(3).  The Court, therefore, sees no reason to stop Martinez from taking the Deposition at this time.

In addition, the Court sees no reason to stay the Deposition even if Murray Bros. filed such a motion. A stay of discovery when a party files a

motion to dismiss, "is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is 'unlikely to produce facts necessary to defeat the motion,' or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing." Duneland Dialysis LLC v. Anthem Ins. Companies, Inc., 2010 WL 1418392, at *2 (N.D. Ind. April 6, 2010) (quoting Simstad v. Scheub, 2008 WL 1914268, at *1 (N.D. Ind. April 29, 2008)); see also Bilal v. Wolf, 2007 WL 1687253, at * 1 (N.D. Ill. June 6, 2007); Builders Ass'n of Greater Chicago v. City of Chicago, 170 F.R.D. 435, 437 (N.D. Ill.1996).

The proposed motion to dismiss willful and wanton punitive damage claims and direct negligence claims would not be dispositive of the entire case. The negligence claim against Cox and the respondeat superior claim against Murray Bros. would remain. The proposed motion to dismiss also would not raise a threshold issue that would defeat the action such as lack of jurisdiction. The Court cannot tell whether the proposed discovery would be relevant to the motion, but typically a motion to dismiss is decided on the pleadings.

Given that the case will proceed regardless of the outcome of the yet to be filed motion to dismiss, the Court would not delay this case by quashing the notice of the Deposition or entering a protective order staying

the Deposition even if Murray Bros. should at some point file the proposed motion to dismiss, "Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." Builders Ass'n of Greater Chicago, 170 F.R.D. at 437.

THEREFORE, IT IS ORDERED that Defendant Murray Bros, LLC.'s Motion to Quash Plaintiff Margarita A. Martinez's Notices of Corporate Deposition Pursuant To Rule 30(b)(6) or for Protective Order (d/e 73) is DENIED.

ENTER:   July 24, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE