# IN THE UNITED STATES DISTRIC COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISON

| | |
|---|---|
| JULIE A. SWANSON, Individually, and Mother and Next of Friend of MADISON SWANSON, JOAN A. ELMORE, and ROBERT G. ELMORE, <br><br> Plaintiffs, <br><br> v. <br><br> MURRAY BROS., LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, INC., and LARRY MURRAY TRUCKING, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 19-cv-3220 ) ) ) ) ) ) ) ) |
| MARGARITA A. MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> JIMMIE DALE COX, MURRAY BROS., LLC, LARRY MURRAY TRUCKING, INC., and PIRAMAL GLASS-USA, INC. <br><br> Defendants. | ) ) ) ) ) ) No. 20-cv-3083 ) ) ) ) ) ) ) ) ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the Motion to Strike Count III, Dismiss Count IV, and Alternative Motion for More Definite Statement of Plaintiff Margarita A. Martinez's First Amended Complaint (d/e 78) filed by Defendant Piramal Glass-USA, Inc.  For the reasons stated below, Defendant Piramal's Motion (d/e 78) is GRANTED IN PART and DENIED IN PART.

## I. INTRODUCTION

Defendant Piramal filed one motion and two separate supporting memoranda.  See Memorandum in Support of Motion to Strike Count III, d/e 75; Memorandum in Support of Motion to Dismiss Count IV, d/e 76.  Defendant Piramal requests that the court strike Paragraphs 6 through 8 in Count III of Plaintiff Martinez's First Amended Complaint or, in the alternative, for a more definite statement.  Defendant Piramal also requests that the Court dismiss Count IV of Plaintiff Martinez's First Amended Complaint as the alleged conduct does not connect with the allegations of negligence.  Alternatively, Defendant Piramal seeks a more definite statement.  If Plaintiff Martinez is alleging a claim arising out of hiring, retaining, or employing Larry Murray Trucking, Inc. against Defendant Piramal, Defendant Piramal

contends that such claim should be dismissed for violating the applicable statute of limitations.  <u>See</u> Defendant Piramal's Motion, d/e 78.  Plaintiff Martinez filed a response, stating that the new allegations in the First Amended Complaint stem from agreements between Defendant Piramal and Defendant Murray Bros., LLC, which were produced in discovery after the original complaint was filed.  <u>See</u> Response, d/e 87.  Additionally, Plaintiff Martinez contends that all new allegations relate to the same occurrence, more specifically, the collision that occurred on April 29, 2018. Defendant Piramal filed a reply brief and argues that the agreements between Defendant Piramal and Defendant Murray Bros., LLC are not applicable to the collision.  <u>See</u> Reply, d/e 91.

## II. BACKGROUND

On March 26, 2020, Plaintiff Martinez filed an action against Jimmie Dale Cox, Murray Bros., LLC, Larry Murray Trucking, Inc., and Piramal Glass-USA, Inc in case no. 20-cv-3083.  <u>See</u> Complaint, Case No. 20-cv-3083, d/e 1.  That case was consolidated with this instant case because both actions involve a common question of fact.  <u>See</u> Text Order dated 4/29/2020, Case No. 20-cv-3083.  In the Original Complaint, Plaintiff Martinez

alleged five counts – Count I against Jimmie Dale Cox and Murray
Bros., LLC; Count II against Murray Bros., LLC; Count III against
Jimmie Dale Cox and Piramal Glass-USA, Inc.; Count IV against
Piramal Glass-USA, Inc.; Count V against Jimmie Dale Cox and
Larry Murray Trucking, Inc.; and Count VI against Larry Murray
Trucking, Inc. See Complaint, Case No. 20-cv-3083, d/e 1.

Thereafter, on July 7, 2020, Plaintiff Martinez filed a First
Amended Complaint.  See First Amended Complaint, d/e 65.  In
that complaint, Plaintiff Martinez added language to the title of the
counts and pled additional factual allegations.  In particular,
Plaintiff Martinez pled three new factual allegations related to an
agreement between Defendant Piramal and Defendant Murray
Bros., LLC.  Such allegations were added to Count III and Count IV.
In Count III, the paragraphs read:

> 6.    That on April 29, 2018 Defendant PIRAMAL GLASS-
> USA, INC. had an agreement in place with Defendant
> MURRAY BROS, LLC that stated it would allow only pre-
> authorized drivers by PIRAMAL GLASS-USA, INC., or its
> representatives, to drive the tractors it used to transport
> its goods.
>
> 7.    That on April 29, 2018 Defendant PIRAMAL GLASS-
> USA, INC. had an agreement in place with Defendant
> MURRAY BROS, LLC that directed that MURRAY BROS,
> LLC would perform all routine maintenance and cleaning

of the tractor and keep all licensing and information on
the tractor up to date.

8.      That on April 29, 2018 Defendant PIRAMAL GLASS-
USA, INC. had an agreement in place with Defendant
MURRAY BROS, LLC that PIRAMAL GLASS-USA, INC.
would provide tractor orientation training for MURRAY
BROS, LLC drivers.

See First Amended Complaint, d/e 65, pp. 14-15.  The exact same

paragraphs are found in Count IV of the First Amended Complaint

at Paragraphs 6 through 8.  See First Amended Complaint, d/e 65,

p. 22.  Plaintiff Martinez also modified the titles of Counts III and IV

to add "Negligence" to Count III and "Willful and Wanton Conduct"

to Count IV.

Additionally, Count IV of the Original Complaint alleged that

on April 29, 2018, Defendant Jimmie Dale Cox and Defendant

Piramal "by and through its agent and/or employee JIMMIE DALE

COX, had a duty of care to operate, manage or control its vehicle in

a reasonably safe manner." See Original Complaint, Case No. 20-

cv-3083, d/e 1, p. 13.  However, in Count IV of the First Amended

Complaint, Plaintiff Martinez removed the foregoing language and

instead alleged:

That on April 29, 2018, Defendant PIRAMAL GLASS-USA,
Inc., owed a duty of care to employ a competent and

careful trucking company to transport its goods on the public roadways.

<u>See</u> d/e 65, p. 25.

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  <u>Christensen v. Cty. Of Boone, Ill.</u>, 483 F.3d 454, 458 (7th Cir. 2007).  To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); <u>Tamayo</u>, 526 F.3d at 1081 ("A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis.")(quoting Fed. R. Civ. P. 8(a)(2)).  "Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." <u>Adams v. City of Indianapolis</u>, 742 F.3d 720, 728 (7th Cir. 2014) (internal quotation omitted).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause

of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.    The court must draw all inferences in favor of the non-moving party.  In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009).

## IV. ANALYSIS

### A. Count III of Plaintiff Martinez's First Amended Complaint Survives Because the Count Is Sufficiently Pled.

Defendant Piramal argues that Count III of the First Amended Complaint should be struck because Paragraphs 6 through 8 are immaterial and irrelevant to Count III.  Defendant contends that Paragraphs 6 through 8 "discuss drivers and tractor maintenance, cleaning, and licensing arising out of an agreement with Murray Bros., LLC, [and] there are no allegations which relate these agreements to the incident at issue or Jimmie Dale Cox."  See Memorandum in Support, d/e 75, p. 6.   Plaintiff Martinez argues that the allegations are relevant to her overall cause of action and the information was learned after discovery.

Pursuant to Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

Civ. P. 12(f).  Motions to strike are typically disfavored.  <u>Anderson v.</u>
<u>Bd. of Educ. of City of Chicago</u>, 169 F. Supp. 2d 864, 867 (N.D. Ill.
2001); <u>Seoud v. E.F. Hutton & Co., Inc.</u>, 720 F. Supp. 671, 686
(N.D.Ill.1989).  Generally, courts will only strike a matter if "it is
clear that it can have no possible bearing on the subject matter of
the litigation" and the moving party will be prejudiced by its
inclusion.  <u>Anderson</u>, 169 F. Supp. 2d at 867-68 ("Consequently,
motions to strike are frequently denied when no prejudice could
result from the challenged allegations, even though the matter
literally is within the category set forth in Rule 12(f)); <u>see also</u> <u>Shefts</u>
<u>v. Petrakis</u>, 758 F. Supp. 2d 620, 635 (C.D. Ill. 2010).  "Prejudice
results when the matter complained of has the effect of confusing
the issues or where it is so lengthy and complex that it places an
undue burden on the responding party." <u>Id.</u> at 868.

The Court finds that Paragraphs 6 through 8 relate to Plaintiff
Martinez's action in that an agreement between Defendants may be
connected to the underlying alleged conduct.  Additionally,
Defendant Piramal has not shown that Paragraphs 6 through 8 are
prejudicial.  Therefore, Defendant Piramal's motion to strike Count
III is denied.

**B. Paragraph 6 of Counts III and IV Are Vague, and Plaintiff Martinez Is Granted Leave to Amend.**

In the alternative, Defendant Piramal asks that Court to direct Plaintiff Martinez to amend her complaint to state a more definite statement in Paragraph 6 of Count III and Count IV.  The relevant paragraph in Count III states:

> 6.      That on April 29, 2018 Defendant PIRAMAL GLASS-USA, INC. had an agreement in place with Defendant MURRAY BROS, LLC that stated it would allow only pre-authorized drivers by PIRAMAL GLASS-USA, INC., or its representatives, to drive the tractors it used to transport its goods.

See d/e 65, pp. 14-15.  The same paragraph is found in Count IV of Plaintiff Martinez's First Amended Complaint.  See id. at 22. Defendant Piramal argues that the references to "it" are vague and do not clearly state to which entity Plaintiff Martinez is referring.

Plaintiff Martinez did not respond to this argument.  The Court agrees with Defendant that Paragraph 6 of Counts III and IV are vague.  The Court finds that Defendant Piramal cannot reasonably prepare a response.  See Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the

party cannot reasonably prepare a response.").  As such, Plaintiff Martinez is directed to file an amended complaint pleading more identifying details in Paragraph 6 of Counts III and IV.

### C. Count IV of Plaintiff Martinez's First Amended Complaint Survives Defendant Piramal's Motion to Dismiss.

In Plaintiff Martinez's First Amended Complaint, Plaintiff Martinez changed the title of Count IV to state that the claim is for willful and wanton conduct.  Additionally, Plaintiff Martinez replaced the alleged duty that Defendant Piramal owed to Plaintiff Martinez.  Defendant Piramal argues that Plaintiff Martinez altered Count IV from a negligence claim against Defendant Piramal for the actions of Defendant Jimmie Dale Cox (Original Complaint) to a willful and wanton claim against Defendant Piramal for the actions of Defendant Murray Bros., LLC (First Amended Complaint). Defendant Piramal contends that Count IV is either making a claim for failure to hire, employ, or retain a trucking company or failure to exercise reasonable control over a trucking company, assuming the trucking company is Murray Bros., LLC.

Plaintiff Martinez argues that Count IV is a claim for willful and wanton conduct on behalf of Defendant Piramal based on

Defendant Piramal's hiring, training, retention, supervision, and

entrustment decisions when Defendant Piramal hired Defendant

Jimmie Dale Cox, entered into an agreement with Murray Bros.,

LLC, and approved drivers.  See Response, d/e 87, p. 5.  Plaintiff

Martinez acknowledges that she added new allegations relating to

an agreement between Defendant Piramal and Defendant Murray

Bros., LLC.  However, Plaintiff Martinez argues that allegations of

Defendant Piramal's decisions for hiring, training, retention,

supervision, and entrustment were at issue in the Original

Complaint.  The Court agrees.  In the Original Complaint, Plaintiff

Martinez alleged that Defendant Piramal was negligent when

Defendant Piramal:

> (a) Failed to make a reasonable inquiry as to its driver's
> competence;
> (b) Selected an incompetent and unfit driver;
> (c) Failed to select a competent and fit driver;
> (d) Hired and retained an unsafe and unqualified driver;
> (e) Hired and retained an inadequately trained and
> incompetent driver;
> (f) Entrusted the 2014 Peterbilt truck to an incompetent
> driver;
> (g) Entrusted its vehicle to a driver it knew or should
> have known to be a reckless, unqualified, unsafe and
> incompetent driver;
> (h) Permitted its motor vehicle to be operated in such a
> manner as was likely to cause an accident; and

(i) Permitted its driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, §395.0 et seq.

<u>See</u> Original Complaint, Case No. 20-cv-3083, d/e 1, pp. 13-14.

Plaintiff Martinez contends that Count IV now contains allegations that Defendant Piramal acted willfully and wantonly when Defendant Piramal made hiring, training, retention, supervision, and entrustment decisions relating to Defendant Jimmie Dale Cox and Defendant Murray Bros., LLC.  Viewing the allegations in the light most favorable to Plaintiff Martinez, Count IV of the First Amended Complaint states a claim for willful and wanton conduct when Defendant Piramal made hiring, training, retention, supervision, and entrustment decisions relating to Defendant Jimmie Dale Cox and Defendant Murray Bros., LLC.  <u>See In re marchFIRST Inc.</u>, 589 F.3d at 904 ("The court must draw all inferences in favor of the non-moving party.").

However, the Court finds that Count IV is ambiguous in that the duty alleged in Count IV of the First Amended Complaint seems related only to the hiring, training, retention, supervision, and entrustment of a trucking company, which would likely be Defendant Murray Bros., Inc., but not related to Defendant Jimmie

Dale Cox.  However, throughout Count IV, Plaintiff Martinez references Defendant Jimmie Dale Cox.  The Court finds that the alleged duty does not match the allegations contained in Count IV of Plaintiff Martinez's First Amended Complaint.  Therefore, the Court directs Plaintiff Martinez to amend Count IV of her First Amended Complaint to plead more definitively the duty that Defendant Piramal alleged violated and allegations surrounding the relationships that implicate Defendant Piramal's willful and wanton conduct.  The amendments should be consistent with this decision and should clearly state when Plaintiff Martinez is referring to a certain defendant and the allegations and relationships that form her claim for willful and wanton conduct in hiring, training, retention, supervision, and entrustment against Defendant Piramal.

**D.  Plaintiff Martinez's Count IV Claim for Willful and Wanton Conduct in Hiring, Training, Retention, Supervision, and Entrustment Is Timely.**

Defendant Piramal also argues that allegations arising out of the hiring, employment, or retention of a trucking company should be dismissed as a violation of the statute of limitations.

Under Illinois law, a plaintiff has a two-year statute of limitations within which to bring a cause of action for personal

injuries. 735 ILCS 5/13-202. A pleading may be amended with leave of court. Fed. R. Civ. P. 15(a)(2). When adding a new claim, the "amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1).

Count IV of Plaintiff Martinez's Original Complaint was a claim for negligent hiring, training, retention, supervision, and entrustment claim. In Plaintiff Martinez's First Amended Complaint, Plaintiff Martinez modified Count IV to include willful and wanton conduct along with allegations related to Defendant Murray Bros. Inc. A claim for willful and wanton is not a separate cause of action but, instead, is an aggravated form of negligence. Krywin v. Chicago Transit Auth., 238 Ill.2d 215, 235 (2010). "To recover damages based upon a defendant's alleged negligence involving willful and wanton conduct, the plaintiff must allege and prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the

proximate cause of the plaintiff's injury." Id. at 235-36.  However, a plaintiff must also "allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." Doe ex rel. Ortega-Piron v. Chicago Bd. Of Educ., 213 Ill. 2d 19, 28 (2004).

The Court finds that Plaintiff Martinez's claim for willfully and wantonly hiring, training, retention, supervision, and entrustment against Defendant Piramal was filed within the statute of limitations as it relates back to the Original Complaint.  Plaintiff Martinez stated a claim for negligent hiring, training, retention, supervision, and entrustment against Defendant Piramal in the Original Complaint.  Thereafter, Plaintiff Martinez added allegations that Defendant Piramal acted willfully and wantonly.

Moreover, the allegations related to Defendant Murray Bros., LLC are also related to the Original Complaint because Defendant Murray Bros. was a party to the complaint.  The actions of Defendant Murray Bros. allegedly contributed to Plaintiff Martinez's injuries based on its relationship with Defendant Jimmy Dale Cox. The allegations contained in Count IV of the First Amended

Complaint relate to the same occurrence – the collision that occurred on April 29, 2018.

The Court will allow the claim to proceed as timely. While the Court finds that the cause of action alleged in Count IV is timely, the Court finds that Count IV is ambiguous in part as discussed earlier.

## V. CONCLUSION

For the reasons stated, Defendant Piramal's Motion to Strike Count III, Dismiss Count IV, and Alternative Motion for More Definite Statement of Plaintiff Margarita A. Martinez's First Amended Complaint (d/e 78) is GRANTED IN PART and DENIED IN PART. Plaintiff Martinez is directed to file a second amended complaint on or before February 24, 2021, consistent with the rulings contained herein. Defendant Piramal shall file an answer or otherwise respond to the second amended complaint on or before March 10, 2021.

**ENTERED: February 10, 2021**

**FOR THE COURT:**

_s/ Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**