# IN THE UNITED STATES DISTRIC COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISON

JULIE A. SWANSON, Individually,   )
and Mother and Next of Friend of  )
MADISON SWANSON, JOAN A.          )
ELMORE, and                       )
ROBERT G. ELMORE                  )
                                  )
    Plaintiffs,                   )
                                  )
    v.                            )
                                  ) No. 19-cv-3220
MURRAY BROS., LLC,                )
JIMMIE DALE COX,                  )
PIRAMAL GLASS-USA, INC., and      )
LARRY MURRAY TRUCKING, INC.,)
                                  )
    Defendants.                   )
                                  )
MARGARITA A. MARTINEZ,            )
                                  )
    Plaintiff,                    )
                                  )
    v.                            ) No. 20-cv-3083
                                  )
JIMMIE DALE COX, MURRAY           )
BROS., LLC, LARRY MURRAY          )
TRUCKING, INC., and               )
PIRAMAL GLASS-USA, INC.           )
                                  )
    Defendants.                   )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion to Dismiss Counts II, III, V, XII, XIII, XV, XXII, XXIII, XXV, XXXII, XXXIII, and XXXV of Plaintiffs Julie Swanson, Madison Swanson, Joan A. Elmore, and Robert G. Elmore's Second Amended Complaint (d/e 84) filed by Defendants Murray Bros., LLC and Defendant Jimmie Dale Cox and the Motion to Dismiss Count II of Plaintiff Martinez's First Amended Complaint (d/e 86) filed by Defendant Murray Bros., LLC.  For the reasons stated below, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (d/e 84) is GRANTED IN PART and DENIED IN PART and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (d/e 86) is DENIED.

## I. INTRODUCTION

On April 29, 2018, a 2014 Peterbilt Truck ("truck") collided with multiple vehicles in Sangamon County, Illinois.  Defendant Cox was driving the truck that collided with the back of Plaintiff Robert Elmore's vehicle, and Robert Elmore's vehicle then collided with a vehicle driven by Plaintiff Julie Swanson.  In the car with Julie Swanson were Joan Elmore, Robert Elmore, and Madison Swanson.  Plaintiff Margarita A. Martinez ("Plaintiff Martinez") was a passenger in a car driven by Tyler Parnell, an individual not a party

to this lawsuit.  Parnell's vehicle was immediately ahead of the truck driven by Defendant Cox and was involved in the collision.

On May 3, 2019, Plaintiffs Julie A. Swanson, individually and mother and next of friend of Madison Swanson, Joan A. Elmore, and Robert G. Elmore ("Swanson Plaintiffs"), filed an action against Defendants Murray Bros., LLC, Jimmie Dale Cox, and Piramal Glass-USA, Inc. in the Circuit Court of Sangamon County, Illinois. See Complaint, d/e 1-2.  The action was removed to this Court on September 16, 2019.  See Notice of Removal, d/e 1.  Since that time, the Swanson Plaintiffs filed their First Amended Complaint (d/e 20) and then their Second Amended Complaint (d/e 67), the latter of which is pending before the Court and subject to Defendants' Motion to Dismiss (d/e 84).

On March 26, 2020, Plaintiff Martinez filed an action against Jimmie Dale Cox, Murray Bros., LLC, Larry Murray Trucking, Inc., and Piramal Glass-USA, Inc. in the case titled Margarita A. Martinez v. Jimmie Dale Cox, et al, case no. 20-cv-3083.  See Complaint, Case No. 20-cv-3083, d/e 1.  On April 29, 2020, the Court consolidated that case with this instant action because the two cases involve a common question of fact.  See Text Order dated

4/29/2020. Thereafter, on July 7, 2020, Plaintiff Martinez filed her First Amended Complaint. See First Amended Complaint, d/e 65.

Defendants Murray Bros., LLC ("Murray Bros.") and Jimmie Dale Cox ("Cox") filed a Motion to Dismiss Counts II, III, V, XII, XIII, XV, XXII, XXIII, XXV, XXXII, XXXIII, and XXXV of the Swanson Plaintiffs' Second Amended Complaint (d/e 84). Defendant Murray Bros. also filed a Motion to Dismiss Count II of Plaintiff Martinez's First Amended Complaint (d/e 86).

## II. BACKGROUND

### A. Defendants Seek Dismissal of Several Counts in the Swanson Plaintiffs' Second Amended Complaint.

On July 8, 2020, the Swanson Plaintiffs filed their Second Amended Complaint against Murray Bros., LLC, Jimmie Dale Cox, Piramal Glass-USA, Inc., and Larry Murray Trucking, Inc. See Second Amended Complaint, d/e 67. As to Defendants Murray Bros. and Cox, the Swanson Plaintiffs alleged in their Second Amended Complaint the following claims:

- Count I – vicarious liability against Murray Bros. brought by Julie A. Swanson
- Count II – negligence against Murray Bros. brought by Julie A. Swanson
- Count III – willful and wanton conduct against Murray Bros. brought by Julie A. Swanson

- Count IV – negligence against Jimmie Dale Cox brought by Julie A. Swanson
- Count V – willful and wanton conduct against Jimmie Dale Cox brought by Julie A. Swanson
- Count XI – vicarious liability against Murray Bros. brought by Madison Swanson
- Count XII – negligence against Murray Bros. brought by Madison Swanson
- Count XIII – willful and wanton conduct against Murray Bros. brought by Madison Swanson
- Count XIV – negligence against Jimmie Dale Cox brought by Madison Swanson
- Count XV – willful and wanton conduct against Jimmie Dale Cox brought by Madison Swanson
- Count XXI – vicarious liability against Murray Bros. brought by Joan Elmore
- Count XXII – negligence against Murray Bros. brought by Joan Elmore
- Count XXIII – willful and wanton conduct against Murray Bros. brought by Joan Elmore
- Count XXIV – negligence against Jimmie Dale Cox brought by Joan Elmore
- Count XXV – willful and wanton conduct against Jimmie Dale Cox brought by Joan Elmore
- Count XXXI – vicarious liability against Murray Bros. brought by Robert G. Elmore
- Count XXXII – negligence against Murray Bros. brought by Robert G. Elmore
- Count XXXIII – willful and wanton conduct against Murray Bros. brought by Robert G. Elmore
- Count XXXIV – negligence against Jimmie Dale Cox brought by Robert G. Elmore
- Count XXXV – willful and wanton conduct against Jimmie Dale Cox brought by Robert G. Elmore

See id.

Defendants Murray Bros. and Cox allege that Counts III, V, XIII, XV, XXIII, XXV, XXXIII, and XXXV should be dismissed because the allegations contained therein are insufficient to state a claim of willful and wanton conduct against both Defendants. Additionally, Defendant Murray Bros. argues that Counts II, XII, XXII, and XXXII should be dismissed as duplicative of Counts I, XI, XXI, and XXXI, which allege *respondeat superior* claims for Defendant Cox's actions, because Defendant Murray Bros. has admitted responsibility.  Lastly, Defendants Murray Bros. and Cox argue that the Swanson Plaintiffs' request for prejudgment interest in their punitive damages counts is improper and should be struck.

## B. Defendant Murray Bros. Seeks Dismissal of Count II of Plaintiff Martinez's First Amended Complaint.

On July 7, 2020, Plaintiff Martinez filed her First Amended Complaint against Murray Bros., LLC, Jimmie Dale Cox, Piramal Glass-USA, Inc., and Larry Murray Trucking, Inc.  See First Amended Complaint, d/e 65.  As to Defendant Murray Bros., Plaintiff Martinez alleged in her First Amended Complaint the following claims:

- Count I – negligence against Jimmie Dale Cox and Murray Bros.

- Count II – willful and wanton conduct against Murray Bros.

See id.

Defendant Murray Bros. seeks dismissal of Plaintiff Martinez's claim for willful and wanton conduct found in Count II.  See Motion, d/e 86.  Defendant argues that the allegations contained in the willful and wanton conduct count are insufficient to state a claim under Illinois law, similar to the arguments made in Defendants' motion to dismiss the Swanson Plaintiffs' Second Amended Complaint.

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cty. Of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007).  To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Tamayo, 526 F.3d at 1081 ("A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis.")(quoting Fed. R. Civ. P. 8(a)(2)).  "Factual allegations are accepted as true at the pleading stage, but allegations in the form of

legal conclusions are insufficient to survive a Rule 12(b)(6) motion."

Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014)

(internal quotation omitted).  A plausible claim is one that alleges

factual content from which the Court can reasonably infer that the

defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause

of action or supporting claims with conclusory statements is

insufficient to state a cause of action.  Id.  The court must draw all

inferences in favor of the non-moving party.  In re marchFIRST Inc.,

589 F.3d 901, 904 (7th Cir. 2009).

## IV. ANALYSIS

### A. The Swanson Plaintiffs and Plaintiff Martinez Sufficiently Pled Claims for Willful and Wanton Conduct.

#### 1. The Swanson Plaintiffs' Claims for Willful and Wanton Conduct Survive Defendants Murray Bros. and Cox's Motion to Dismiss.

Defendants Murray Bros. and Cox seek dismissal of the willful

and wanton claims against them in the Swanson Plaintiffs' Second

Amended Complaint.  Each of the Swanson Plaintiffs alleged a claim

for willful and wanton conduct against Defendants Murray Bros.

and Cox.  As to Defendant Murray Bros., the Swanson Plaintiffs

alleged that the electronic logging device owned and operated by
Murray Bros. was not operable on the day of the accident, Murray
Bros. was communicating with Cox via telephone near the time of
the accident, Murray Bros. knew and permitted the operation of the
truck in question with brakes being modified with pliers, and
Murray Bros. knew or should have known that the truck was being
operated "with the governor set at 70 miles per hour." See d/e 67,
p. 10.  Additionally, the Swanson Plaintiffs allege that Murray Bros.
knew or should have known that Defendant Cox was previously
convicted of speeding in excess of 10 mph in Missouri, improper
backing in Illinois, and speeding in excess of 10 mph in Wisconsin,
and that Cox was involved in previous accidents on February 2,
2014, December 18, 2015, April 25, 2016, and January 25, 2018.
Id. at 11-12.   The Swanson Plaintiffs also allege that Murray Bros.
"had an out-of-service order violation that exceeded the national
average for drivers."  Id. at 12.

According to the Swanson Plaintiffs, Defendant Murray Bros.
had "a duty of care to refrain from acting with utter indifference
and/or conscious disregard for the safety of others."  Id. at 13.  The
Swanson Plaintiffs contend that Defendant Murray Bros. breached

that duty of care and acted willfully and wantonly in several different ways, including: contacted the driver via telephone when it was not safe to do so; failed to maintain the brakes of the truck in good working order; failed "to be responsible for the management, maintenance, operation, and driving of the 2014 Peterbilt, and the hiring, supervising, training, assigning, or dispatching of drivers, and failed to instruct agents, drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1;" and "instructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6." Id. at 13-14.

As to Defendant Cox, the Swanson Plaintiffs allege that Defendant Cox operated the truck with brakes that were modified with pliers and the brakes were inoperable, and Cox knew the truck was not safe for operation on the roadway. Id. at 18. The Swanson Plaintiffs contend that Defendant Cox "had a duty of care to refrain

from acting with utter indifference and/or conscious disregard for the safety of others" and breached that duty in several ways, including operated the truck without keeping a proper and sufficient lookout, used a hand-held mobile telephone, failed to maintain the brakes of the truck, operated the truck without ensuring the truck was in a safe operating condition, operated the truck with defective equipment, failed to maintain properly performing brakes, and operated the truck after modifying the brake tubing and hoses and failing to maintain the same. Id. at 19-21.

Defendant argues that the Swanson Plaintiffs' willful and wanton claims fail "to plead sufficient facts to show that Cox [and Murray Bros.] acted out of fraud, actual malice, deliberate violence or oppression, with such gross negligence as to indicate a wanton disregard of the rights of others." See d/e 84, p. 17. The Court disagrees. A claim for willful and wanton is not a separate cause of action but, instead, is an aggravated form of negligence. Krywin v. Chicago Transit Auth., 238 Ill.2d 215, 235 (2010). "To recover damages based upon a defendant's alleged negligence involving willful and wanton conduct, the plaintiff must allege and prove that

the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury." Id. at 235-36. However, a plaintiff must also "allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." Doe ex rel. Ortega-Piron v. Chicago Bd. Of Educ., 213 Ill. 2d 19, 28 (2004).

The Swanson Plaintiffs have alleged that Defendant Murray Bros. knew of certain conduct of Defendant Cox and the condition of the truck prior to the collision that, taken as a whole, could amount to willful and wanton conduct, including the manipulation of the brakes and forcing the operation of a truck in a condition likely to cause an accident. As for Defendant Cox, the Swanson Plaintiffs alleged specific conduct where Defendant Cox consciously disregarded the safety of others while driving the truck. The Swanson Plaintiffs have sufficiently alleged facts, when taken as true, that the Court can reasonably infer that Defendants Murray Bros. and Cox acted willfully and wantonly. See Iqbal, 556 U.S. at 678.

Moreover, Defendant Murray Bros. argues that the Swanson Plaintiffs have not sufficiently pled the corporate complicity doctrine

for holding an employer liable for willful and wanton conduct of an agent.  See d/e 84, p. 6; Mattyasovszky v. W. Towns Bus Co., 61 Ill. 2d 31, 36–37, 330 N.E.2d 509, 512 (1975)(quoting Restatement (Second) of Agency, § 217C (1958) ("Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if: (a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit and the principal was reckless in employing him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal or a managerial agent of the principal ratified or approved the act.").  The Swanson Plaintiffs have alleged facts that Defendant Murray Bros.' personal conduct was willful and wanton and that Defendant Murray Bros. should be liable for the willful and wanton conduct of Murray Bros. and of its agent, Defendant Cox.  A party is not required to recite the elements of a cause of action, and the Court will not require as much here.  See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").  The Swanson Plaintiffs have sufficiently pled to state a claim for willful and wanton conduct against Defendant Murray Bros.

Defendant Murray Bros. citations to <u>Tolle</u>, <u>Oakview</u>, <u>Kennan</u>, <u>Ledesma</u> are not persuasive.  <u>See</u> <u>Tolle v. Interstate Sys. Truck Lines, Inc.</u>, 42 Ill. App. 3d 771 (5th Dist. 1976) (reversing judgment awarding punitive damages); <u>Oakview New Lenox Sch. Dist. No. 122 v. Ford Motor Co.</u>, 61 Ill. App. 3d 194 (3d Dist. 1978) (reversing jury verdict awarding punitive damages as trial court erred in submitting willful and wanton count to jury where evidence of deliberate participation by corporation in wrongful act was lacking); <u>Kennan v. Checker Taxi Co.</u>, 250 Ill. App. 3d 155 (1st Dist. 1993) (vacating award of punitive damages as evidence of corporation's complicity in driver's actions was insufficient); <u>Ledesma by Ledesma v. Cannonball, Inc.</u>, 182 Ill. App. 3d 718 (1st Dist. 1989)(affirming summary judgment for the defendant on the plaintiff's willful and wanton entrustment count).  Those cases dealt with facts and evidence when assessing a motion for summary judgment or after jury verdicts.  Here, the case is at the initial pleading stage and the standard in assessing a motion to dismiss is different than those in <u>Tolle</u>, <u>Oakview</u>, <u>Kennan</u>, <u>Ledesma</u>.

Therefore, Defendants Murray Bros. and Cox's motion to dismiss counts III, V, XIII, XV, XXIII, XXV, XXXIII, and XXXV is denied.

## 2. Plaintiff Martinez's Claim for Willful and Wanton Conduct Survives Defendant Murray Bros.' Motion to Dismiss.

Plaintiff Martinez made a similar claim against Defendant Murray Bros. for willful and wanton conduct.  In Count II, Plaintiff Martinez alleges that Defendant Cox, who was an agent of Murray Bros., was involved in previous accidents on December 18, 2015, April 25, 2016, and January 25, 2018, and he was convicted of speeding in excess of 10 mph in Wisconsin on July 13, 2016.  See First Amended Complaint, d/e 65, pp. 9-10.  Moreover, Plaintiff alleges that on April 29, 2018, Defendant Murray Bros. "had an out-of-service order violation that exceeded the national average for drivers" and "had Defendant, MURRAY BROS, LLC pulled Defendant, JIMMIE DALE COX's, driving record it would have revealed at least two (2) moving violations and convictions." Id. at 10.  Plaintiff Martinez alleges that Defendant Murray Bros. breached its duty of care "by and through its agent and/or employee JIMMIE DALE COX . . . to operate its vehicle in a

reasonably safe manner and to hire competent, safe personnel." <u>Id.</u>

at 10-11.  Plaintiff alleges 25 different ways that Defendant Murray

Bros. breached its duty and acted willfully and wantonly, including:

> (a) Failed to make a reasonable inquiry as to its driver's
> competence;
> (b) Selected an incompetent and unfit driver;
> (c) Failed to select a competent and fit driver;
> (d) Hired and retained an unsafe and unqualified driver;
> (e) Hired and retained an inadequately trained and
> incompetent driver;
> (f) Entrusted the 2014 Peterbilt truck to an incompetent
> driver;
> (g) Entrusted its vehicle to a driver it knew or should
> have known to be a reckless, unqualified, unsafe and
> incompetent driver;
> . . .
> (l) Falsified certificates, reports and records in violation of
> the requirements of Title 49, Code of Federal Regulations,
> §390.35;
> (m) Failed to be responsible for the management,
> maintenance, operation, and driving of the 2014
> Peterbilt, and the hiring, supervising, training, assigning,
> or dispatching of drivers, and failed to instruct agents,
> drivers, and employees in compliance with the rules in
> this part in violation of the requirements of Title 49, Code
> of Federal Regulations, §392.1;
> . . .
> (p) Failed to make sure the brakes were operable in the
> 2014 Peterbilt, in violation of the requirements of Title
> 49, Code of Federal Regulations, §393.48(a); . . . .

<u>Id.</u>, at 12-13.

Defendant argues that Plaintiff Martinez's willful and wanton

claim is a repackaged negligence claim and that Plaintiff Martinez

has not put Defendant on notice of the alleged willful and wanton conduct.  The Court disagrees with both arguments.  Plaintiff Martinez's willful and wanton conduct claim is an extension of her negligence claim in Count I.  See Krywin, 238 Ill.2d at 235 ("There is no separate and independent tort of willful and wanton conduct. It is regarded as an aggravated form of negligence.") (internal citation omitted).  Plaintiff Martinez has specifically alleged the willful and wanton conduct at issue.  She listed 25 different ways that Defendant Murray Bros. breached the duty it owed to Plaintiff Martinez and alleged factual circumstances supporting the conduct.

Defendant Murray Bros. also takes issue with several facts alleged by Plaintiff Martinez in Count II, including that Defendant Cox's previous accidents and the out-of-service order are irrelevant and legally insignificant.  However, the Court takes all well-pled facts as true when ruling on a motion to dismiss.  See Adams, 742 F.3d at 728 ("Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.").  The Court finds that Plaintiff Martinez has sufficiently pled a claim for willful and wanton conduct against Defendant Murray Bros.

Again, Defendant Murray Bros. argues that Plaintiff Martinez has not sufficiently pled the corporate complicity doctrine for holding an employer liable for willful and wanton conduct of an agent.  See d/e 86, p. 15.  For the same reasons stated earlier, Plaintiff Martinez is not required to plead formulaic recitation of the elements of a claim. See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").  Plaintiff Martinez alleged facts that Defendant Murray Bros.' personal conduct was willful and wanton and that Defendant Murray Bros.' should be liable for the willful and wanton conduct of its agent, Defendant Cox. Moreover, Defendant Murray Bros. citations to Tolle, Oakview, Kennan, Ledesma are also not persuasive for the reasons discussed earlier.

Plaintiff Martinez has sufficiently pled plausible facts stating a claim for willful and wanton conduct against Defendant Murray Bros.  Therefore, Defendant Murray Bros.'s Motion to Dismiss Count II of Plaintiff Martinez's First Amended Complaint (d/e 86) is denied.

**B. The Swanson Plaintiffs State a Claim for Direct Negligence Against Defendant Murray Bros.**

Defendant Murray Bros. seeks dismissal of Counts II, XII, XXII, and XXXII of the Swanson Plaintiffs' Second Amended Complaint, which are claims for negligence against Murray Bros. Defendant Murray Bros. argues that the negligence claims are improper under Illinois law because Murray Bros. has admitted the *respondeat superior* relationship with Defendant Cox.

Under Illinois law, a plaintiff cannot maintain an action for negligent hiring, retention, or entrustment against an employer who has admitted responsibility for the conduct of the employee under *respondeat superior*.  Gant v. L.U. Transp., Inc., 331 Ill. App. 3d 924, 928 (1st Dist. 2002) ("Notwithstanding the fact that Illinois is a comparative negligence jurisdiction, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under a *respondeat superior* theory."); Neff v. Davenport Packing Co., 131 Ill. App. 2d 791, 792 (3d Dist. 1971) ("The majority view and the view with which we agree seems to be that

issues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor. The liability of the third party in either case is predicated initially upon the negligent conduct of the driver and absent the driver's negligence the third party is not liable.").  An exception to this rule has been made for willful and wanton conduct claims against an employer even after the employer admits the *respondeat superior* relationship. <u>Neuhengen v. Glob. Experience Specialists</u>, Inc., 2018 IL App (1st) 160322, ¶ 90 ("We recognize the general rule that under <u>Neff</u> allegations of an employer's negligence should be dismissed when an employer admits an agency relationship because the allegations of direct negligence are duplicative of the admitted agency liability. However, there is no sound reason for such a rule where a plaintiff has pled a viable claim for punitive damages based on allegations of willful and wanton conduct against an employer for its independent actions in hiring and retaining an employee or entrusting a vehicle to an unfit employee.").

While the Court recognizes that Illinois courts prohibit pleading negligent hiring, retention, or entrustment against an

employer who has admitted responsibility for the conduct of the
employee under *respondeat superior*, that is not the case here.  The
Swanson Plaintiffs argue they are suing Defendant Murray Bros.
"for its negligent maintenance of its vehicle or the principal's failure
to make sure that its vehicle was appropriate for safe operation."
See Response, d/e 90, p. 2.  As stated in the Complaint, the
Swanson Plaintiffs allege that Defendant Murray Bros. negligently
spoke to Defendant Cox on the telephone, failed to maintain the
brakes of the truck, and failed to inspect the truck prior to its use.
See d/e 67, p. 7-8 ("c) Failed to maintain the brakes of his 2014
Peterbilt truck in good working order in violation of 625 ILCS
§5/12-301 . . . k) Failed to maintain the required brake systems on
the 2014 Peterbilt truck in violation of the provisions of 49 CFR
§393.40; l) Failed to maintain properly performing brakes on the
2014 Peterbilt truck and commercial motor vehicle in violation of
the requirements of 49 CFR §393.52 . . . .").  Moreover, Defendant
Murray Bros. was allegedly negligent when it "[f]ailed to be
responsible for the management, maintenance, operation, and
driving of the 2014 Peterbilt, and the hiring, supervising, training,
assigning, or dispatching of drivers, and failed to instruct agents,

drivers, and employees in compliance with the rules in this part in violation of the requirements of Title 49, Code of Federal Regulations, §392.1" and "[i]nstructed, pressured, or allowed the operation of the 2014 Peterbilt between points in such period of time as would necessitate the 2014 Peterbilt being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated in violation of the requirements of Title 49, Code of Federal Regulations, §392.6." Id. at 8.

The facts alleged are different than a negligent hiring or negligent entrustment claim.  Instead, the facts demonstrate actual negligent conduct by Murray Bros. that could have caused the collision irrespective of Defendant Cox's conduct.  Such a cause of action is not of the type contemplated by Neff and Gant.  The reason for prohibiting a claim for negligent hiring or negligent entrustment cases when an employer admits the *respondeat superior* relationship is because both a *respondeat superior* claim and a negligent hiring or entrustment claim are derivative of the employee's negligence. See Gant, 331 Ill. App. 3d at 928 ("The employer's liability under negligent entrustment, because it is

predicated initially on, and therefore is entirely derivative of, the negligence of the employee, cannot exceed the liability of the employee."). The Swanson Plaintiffs allege specific negligent conduct by Defendant Murray Bros. that could have caused the collision. Stretching <u>Neff</u> and <u>Gant</u> to stand for Defendant's proposition that an employer can never be found liable for its own independent negligent acts that cause a plaintiff injury is too far reaching. Such application would stand in contrast with the Illinois law that a hospital may be independently liable for negligence even if the employee doctor was not negligent. See <u>Longnecker v. Loyola University Medical Center</u>, 383 Ill. App. 3d 874, 322 (1st Dist. 2008). For those reasons, the Court finds that the Swanson Plaintiffs have alleged proper negligence claims against Defendant Murray Bros.

However, in the negligence counts against Defendant Murray Bros., the Swanson Plaintiffs also include allegations relating to Defendant Cox's conduct, which are:

> b) Operated a motor vehicle while using a hand-held; . . .
> d) Failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2;

e) Drove a motor vehicle without first being satisfied that the motor vehicle was in a safe operating condition in violation of 49 CFR §396.13(a);
f) Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of 49 CFR §396.7(a);
g) Operated a motor vehicle in such a condition as was likely to cause an accident in violation of the provisions of Title 49, Code of Federal Regulations, §392.82;
h) Operated a 2014 Peterbilt truck with defective equipment;
i) Operated a 2014 Peterbilt at excessive speed;
j) Operated a commercial motor vehicle in violation of 49 CFR §393.45; . . .
n) Operated a 2014 Peterbilt truck when it was not in a safe and proper operating condition in violation of the provisions of 49 CFR §396.3(a)(1);
o) Drove a commercial motor vehicle without first being satisfied that the service brakes and truck brake connections were in good working order in violation of the provisions of 49 CFR §392.7;
p) Operated a motor vehicle in violation of Title 49, Code of Federal Regulations, §393.45 by modifying the brake tubing and hoses and failing to maintain same; . . . .").

See d/e 67, p. 7, ¶ 13. Those allegations do not support the independent basis for negligence against Defendant Murray Bros. Additionally, the allegations are already included in the Swanson Plaintiffs' counts for negligence and willful and wanton conduct against Defendant Cox. Therefore, the Court strikes those references in the negligence counts against Defendant Murray Bros. as they are improper.

As such, Defendant Murray Bros. motion to dismiss the Swanson Plaintiffs' negligence claims is denied.  Counts II, XII, XXII, and XXXII of the Swanson Plaintiffs' Second Amended Complaint survive.  However, the references to Defendant Cox's conduct is struck from the Second Amended Complaint.

**C. Defendants' Request to Strike the Swanson Plaintiffs' Request for Prejudgment Interest in Their Punitive Damages Counts Is Granted.**

In the Swanson Plaintiffs' Second Amended Complaint, the prayer for relief in Counts III, V, XIII, XV, XXIII, XXV, XXXIII, and XXXV, which are claims for willful and wanton conduct, contain a request for prejudgment interest.  Defendants Murray Bros. and Cox move the Court to strike the request in each of those Counts because the Swanson Plaintiffs are not entitled to prejudgment interest on any amount of punitive damages.  The Swanson Plaintiffs did not respond to the request to strike, and the Court presumes the Swanson Plaintiffs have no opposition.  Therefore, the motion to strike is granted.  The Court strikes the request for prejudgment interest in Counts III, V, XIII, XV, XXIII, XXV, XXXIII, and XXXV.

## V. CONCLUSION

For the reasons stated, the Defendants Murray Bros. and Cox's Motion to Dismiss the Swanson Plaintiffs' Second Amended Complaint (d/e 84) is GRANTED IN PART and DENIED IN PART. The Court STRIKES Paragraphs 13(b), (d)-(j), (n)-(p) of Counts II, XII, XXII, and XXXII of the Swanson Plaintiffs' Second Amended Complaint. The Court also STRIKES the request for prejudgment interest in Counts III, V, XIII, XV, XXIII, XXV, XXXIII, and XXXV. Defendant Murray Bros.'s Motion to Dismiss Plaintiff Martinez's First Amended Complaint (d/e 86) is DENIED.

**ENTERED: March 1, 2021**

**FOR THE COURT:**

*s/ Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**