IN THE UNITED STATES DISTRIC COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually, and Mother) And Next of Friend of MADISON SWANSON, ) JOAN A. ELMORE, ROBERT G. ELMORE ) ) Plaintiffs, ) v. ) ) MURRAY BROS, LLC, JIMMIE DALE COX, ) PIRAMAL GLASS-USA, Inc., AND ) LARRY MURRAY TRUCKING, INC. ) ) Defendants. ) | No. 3:19-CV-03220 | |

| | | |
|---|---|---|
| MARGARITA A. MARTINEZ, ) ) Plaintiff, ) ) vs. ) ) JIMME DALE COX, MURRAY BROS., LLC, ) LARRY MURRAY TRUCKING, INC., ) And PIRAMAL GLASS-USA, Inc. ) ) Defendants. ) | No: 3:20-CV-03083 | |

**PIRAMAL GLASS-USA, INC's ANSWER TO PLAINTIFF MARGARITA MARTINEZ'S SECOND AMENDED COMPLAINT AT LAW**

COMES NOW Defendant, Piramal Glass-USA, Inc. (hereinafter "Piramal"), by and through its attorneys, M. Tucker Blaser and Brown & James, P.C., and for its Answer to Plaintiff Margarita A. Martinez's ("Plaintiff") Second Amended Complaint at Law (hereinafter "Complaint"), states as follows:

## COUNT I – JIMMIE DALE COX & MURRAY BROS LLC - NEGLIGENCE

Piramal makes no response to the allegations contained in Count I of Plaintiff's Complaint as the allegations made therein are not directed at Piramal. To the extent any of the allegations are interpreted as being made against Piramal, Piramal denies the same unless specifically admitted herein.

## COUNT II –MURRAY BROS LLC- WILFUL AND WANTON CONDUCT

Piramal makes no response to the allegations contained in Count II of Plaintiff's Complaint as the allegations made therein are not directed at Piramal. To the extent any of the allegations are interpreted as being made against Piramal, Piramal denies the same unless specifically admitted herein.

## COUNT III – JIMMIE DALE COX & PIRAMAL GLASS-USA, INC.

Piramal notes that it is only making a response on behalf of itself in response to Count III as the allegations made against it and Jimmie Dale Cox are co-mingled. It is not the intent of Piramal to respond on behalf of Jimmie Dale Cox – a separate party to Plaintiff's Complaint.

1. Piramal denies the allegations in Paragraph 1.

2. Piramal admits that it is a Delaware corporation with a principle place of business in New Jersey. Piramal states that its capacity to sue or be sued in the State of Illinois is a legal conclusion to which no response is required. Piramal admits that it has operated as a motor carrier under DOT No. 1086862, but denies that it was operating as a motor carrier in this suit. Piramal denies the remaining allegations in Paragraph 2.

3. Piramal admits that it is and was a corporation that specializes in glass bottling. Piramal denies the remaining allegations in Paragraph 3.

4. Piramal denies the allegations in Paragraph 4.

5. Piramal denies the allegations in Paragraph 5.

6. Piramal denies the allegations in Paragraph 6.

7. Piramal denies the allegations in Paragraph 7.

8. Piramal denies the allegations in Paragraph 8.

9. Upon information and belief, Piramal admits that Plaintiff Margarita A. Martinez was a passenger in a 2001 Chevrolet Cavalier being driven by Tyler Parnell northbound on I-55 ahead of the 2014 Peterbilt truck driven by Jimmie Dale Cox at approximately 5:34 p.m. at or near mile post 102, Clear Lake Township, Sangamon County, IL. Upon information and belief, Piramal denies the remaining allegations in Paragraph 9.

10. Piramal denies the allegations in Paragraph 10.

11. Upon information and belief, Piramal admits that the vehicle in which Plaintiff was a passenger was struck in the rear by a 2014 Peterbilt truck at the approximate time and date alleged. Piramal denies the remaining allegations in Paragraph 11.

12. Piramal denies that Jimmie Dale Cox was an agent or employee of Piramal. Piramal denies that it was involved in the collision at issue. Piramal lacks personal knowledge to admit or deny the remaining allegations in Paragraph 12.

13. Piramal denies that Jimmie Dale Cox was an agent or employee of Piramal. Piramal denies that it operated the 2014 Peterbilt at issue. Piramal lacks sufficient information to admit or deny the remaining allegations in Paragraph 13.

14. Piramal denies that Jimmie Dale Cox was an agent or employee of Piramal. Piramal denies that it operated the 2014 Peterbilt at issue. Piramal lacks sufficient information to admit or deny the remaining allegations in Paragraph 14.

15. Piramal denies the allegations in Paragraph 15.

16. Piramal denies the allegations in Paragraph 16.

17. Piramal denies the allegations in Paragraph 17.

18. Piramal denies the allegations in Paragraph 18 and each of its subparts.

19. Piramal denies the allegations in Paragraph 19.

WHEREFORE, having fully answered Plaintiff Margarita A. Martinez's Count III, Defendant, Piramal Glass-USA, Inc. denies that Plaintiff is entitled to relief and respectfully requests to be dismissed from the above captioned suit with its costs herein expended.

**DEFENDANT PIRAMAL GLASS-USA, INC. DEMANDS TRIAL BY JURY OF TWELVE**

## COUNT IV –PIRAMAL GLASS-USA, INC. – WILFUL AND WANTON CONDUCT

Piramal notes that it is only making a response on behalf of itself in response to Count IV as there are allegations made against it and Jimmie Dale Cox that are co-mingled. It is not the intent of Piramal to respond on behalf of Jimmie Dale Cox – a separate party to Plaintiff's Complaint.

1. Piramal denies the allegations in Paragraph 1.

2. Piramal admits that it is a Delaware corporation with a principle place of business in New Jersey. Piramal states that its capacity to sue or be sued in the State of Illinois is a legal conclusion to which no response is required. Piramal admits that it has operated as a motor carrier under USDOT No. 1086862, but denies that it was operating as a motor carrier in this suit. Piramal denies the remaining allegations in Paragraph 2.

3. Piramal admits that it is and was a corporation that specializes in glass bottling. Piramal denies the remaining allegations in Paragraph 3.

4. Piramal denies the allegations in Paragraph 4.

5. Piramal denies the allegations in Paragraph 5.

6. Piramal denies the allegations in Paragraph 6.

7. Piramal denies the allegations in Paragraph 7.

8. Piramal denies the allegations in Paragraph 8.

9. Upon information and belief, Piramal admits that Plaintiff Margarita A. Martinez was a passenger in a 2001 Chevrolet Cavalier being driven by Tyler Parnell

northbound on I-55 ahead of the 2014 Peterbilt truck driven by Jimmie Dale Cox, and that the Cavalier was slowed or stopped at or near mile post 102, Clear Lake Township, Sangamon County, IL. Upon information and belief, Piramal denies the remaining allegations in Paragraph 9.

10. Piramal denies the allegations in Paragraph 10.

11. Upon information and belief, Piramal admits that the vehicle in which Plaintiff was a passenger was struck in the rear by a 2014 Peterbilt truck at the approximate time and date alleged. Piramal denies the remaining allegations in Paragraph 11.

12. Piramal denies that it was a motor carrier on April 29, 2018. Piramal denies Jimmie Dale Cox or Murray Bros. LLC was an agent or employee of Piramal. Piramal denies that it was involved in the collision at issue. Piramal lacks personal knowledge to admit or deny the remaining allegations in Paragraph 12.

13. Piramal denies that it was a motor carrier on April 29, 2018. Piramal denies that Jimmie Dale Cox or Murray Bros. LLC was an agent or employee of Piramal. Piramal denies that it operated the 2014 Peterbilt at issue. Piramal lacks sufficient information to admit or deny the remaining allegations in Paragraph 13.

14. Piramal denies that it was a motor carrier on April 29, 2018. Piramal denies that Jimmie Dale Cox or Murray Bros. LLC was an agent or employee of Piramal. Piramal

denies that it operated the 2014 Peterbilt at issue. Piramal lacks sufficient information to admit or deny the remaining allegations in Paragraph 14.

15. Piramal denies the allegations in Paragraph 15.

16. Piramal denies the allegations in Paragraph 16.

17. Piramal admits the allegations in Paragraph 17 upon information and belief.

18. Piramal admits the allegations in Paragraph 18 upon information and belief.

19. Piramal admits the allegations in Paragraph 19 upon information and belief.

20. Piramal admits the allegations in Paragraph 20 upon information and belief.

21. Piramal admits the allegations in Paragraph 21 upon information and belief.

22. Piramal admits the allegations in Paragraph 22 upon information and belief.

23. Piramal admits the allegations in Paragraph 23 upon information and belief.

24. Piramal admits the allegations in Paragraph 24 upon information and belief.

25. Piramal admits the allegations in Paragraph 25.

26. Piramal lacks sufficient information to admit or deny the allegations contained in Paragraph 26.

27. Piramal lacks sufficient information to admit or deny the allegations contained in Paragraph 27.

28. Piramal lacks sufficient information to admit or deny the allegations contained in Paragraph 28.

29. Piramal denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 calls for a legal conclusion to which no response is required. Piramal admits said allegations to the extent they are consistent with Illinois law.

31. Piramal denies the allegations in Paragraph 31 and each of its subparts.

32. Piramal denies the allegations in Paragraph 32.

WHEREFORE, having fully answered Plaintiff Margarita A. Martinez's Count IV, Defendant, Piramal Glass-USA, Inc. denies that Plaintiff is entitled to relief and respectfully requests to be dismissed from the above captioned suit with its costs herein expended.

**DEFENDANT PIRAMAL GLASS-USA, INC. DEMANDS TRIAL BY JURY OF TWELVE**

### COUNT V – JIMMIE DALE COX & LARRY MURRAY TRUCKING, INC – NEGLIGENCE

Piramal makes no response to the allegations contained in Count V of Plaintiff's Complaint as the allegations made therein are not directed at Piramal. To the extent any of the allegations are interpreted as being made against Piramal, Piramal denies the same unless specifically admitted herein.

### COUNT VI –LARRY MURRAY TRUCKING, INC – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

Piramal makes no response to the allegations contained in Count VI of Plaintiff's Complaint as the allegations made therein are not directed at Piramal. To the extent any of the allegations are interpreted as being made against Piramal, Piramal denies the same unless specifically admitted herein.

### PIRAMAL GLASS-USA, INC.'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Piramal Glass-USA, Inc. ("Piramal") by and through its attorneys, M. Tucker Blaser and Brown & James, P.C., and for its Affirmative Defenses to Plaintiff's Complaint states as follows:

1. Answering further and as an affirmative defense, Piramal states that Plaintiff was contributorily negligent for failing to wear a seatbelt at the time of the incident.

2. Answering further and as an affirmative defense, Piramal states that Plaintiff's damages, if any and in whole or in part, were the result of the negligent operation of the vehicle which Plaintiff was a passenger.

3. Answering further and as an affirmative defense, any recovery by Plaintiff should be apportioned among any responsible parties, including Murray Bros, LLC, Jimmie Dale Cox, Larry Murray Trucking, Inc., or other drivers involved in the incident under the doctrine of comparative fault.

4. Answering further and as an affirmative defense, Piramal's fault, if any, is less than twenty-five percent of the total fault in this suit, and thus, Piramal can only be severally liable for any damages recovered in this matter.

5. Answering further and as an affirmative defense, Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish her damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages, or their damages should be dismissed based on Plaintiff's failure to mitigate.

6. Answering further and as an affirmative defense, Piramal is entitled to a setoff from the settlements of any settling party and is further entitled to a setoff to the extent of any judgment entered against other parties in favor of Plaintiff.

7. Answering further and as an affirmative defense, Piramal states that the claims made in Count IV of Plaintiff's Second Amended Complaint are barred by the

applicable statute of limitations as any claims arising from the negligent retention or control of Murray Bros., LLC were brought more than two years after the incident at issue in violation of 735 ILCS 5/13-202. Piramal has briefed this issue in response to Plaintiff's First Amended Complaint and the Court has ruled upon the same, but Piramal states that the relevant deficiencies present in said complaint have not been corrected in Plaintiff's Second Amended Complaint. *See* Doc. No. 76, 78, 88, 91 and 131.

8. Answering further and as an affirmative defense, Piramal states that the claims made in Count IV of Plaintiff's Second Amended Complaint fail to state a claim upon which relief can be granted. Piramal has briefed this issue in response to Plaintiff's First Amended Complaint and the Court has ruled upon the same, but Piramal states that the relevant deficiencies present in said complaint have not been corrected in Plaintiff's Second Amended Complaint. *See* Doc. No. 76, 78, 88, 91, and 131.

WHEREFORE, having answered the allegations in Plaintiff's Second Amended Complaint at Law, Defendant Piramal Glass-USA, Inc. denies that Plaintiff is entitled to relief and respectfully requests to be dismissed from the above captioned suit with its costs herein expended.

**DEFENDANT PIRAMAL GLASS-USA, INC. DEMANDS TRIAL BY JURY OF TWELVE**

/s/ M. Tucker Blaser
M. Tucker Blaser, IL Bar #6299116
BROWN & JAMES, P.C.
Richland Plaza I
525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
618/235-5590 (phone)
618/235-5591 (Fax)
tblaser@bjpc.com
**Attorneys for Defendant**
*Piramal Glass-USA, Inc.,*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court and served upon the attorneys of record of all parties to the above cause *via email only* on this 22nd day of March, 2021, addressed to such attorneys as disclosed by the pleadings of the record.

Timothy J. Deffet
LAW OFFICE OF TIMOTHY J. DEFFET
5875 N. Lincoln Ave. #231
Chicago, IL  60659
773 627 4719
tim@timdeffetlaw.com
*Attorney for Plaintiff*

Matt Hefflefinger
Heyl Royster Voelker & Allen, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL  61601-6199
309 676 0400
Fax 309 676 3374
mhansen@heylroyster.com
peoecf@heylroyster.com
mhefflefinger@heylroyster.com
dfair@heylroyster.com
*Attorney for Murray Bros, LLC and*
*Jimmie Dale Cox*

James A. Wilke #6276886
WILKE & WILKE, P.C.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net
*Attorneys for Defendant*
*Larry Murray Trucking, Inc.*

Sean P. Driscoll
Craig J. Squillance
Clifford Law Offices, PC
120 North LaSalle Street
31st Floor
Chicago, IL  60602
312 899 9090
SPD@CliffordLaw.com
aszuch@cliffordlaw.com
awolfe@cliffordlaw.com
cjs@cliffordlaw.com
*Attorney for Julie Swanson*

                                                <u>M. Tucker Blaser</u>

#25703465.1