# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually and Mother and Next of Friend of MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-3220 |
| MURRAY BROS, LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, Inc., and LARRY MURRAY TRUCKING, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| MARGARITA A. MARTINEZ, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-3083 |
| JIMMIE DALE COX, MURRAY BROS., LLC, Larry MURRAY TRUCKING, INC., and PIRAMAL GLASS-USA, Inc. | ) ) ) ) ) | |
| Defendants. | ) | |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Margarita A. Martinez'

Motion to Compel Answers to Plaintiff Martinez Supplemental Discovery Issued Feb. 8, 2021 (d/e 154) (Motion).  For the reasons stated below, the Motion is DENIED in part with leave to refile after the District Court rules on Defendant Larry Murray Trucking, Inc.'s Motion for Summary Judgment (d/e 103) (Summary Judgment Motion).

## BACKGROUND

These consolidated diversity actions arise from a three-vehicle automobile collision that occurred on April 29, 2018 on Interstate 55 in this District (Collision). Plaintiff Margarita Martinez alleges that Defendant Jimmie Dale Cox drove a truck (Truck) involved in the Collision.  She alleges that Defendants Murray Bros. LLC, Piramal Glass-USA, Inc., and Murray Trucking, Inc., (collectively the Business Entity Defendants) employed Cox as the driver of the Truck at the time.  Martinez was a passenger in a 2001 Chevrolet Cavalier involved in the Collision.  Martinez alleges claims against each Business Entity Defendant and Cox for negligence in connection with Cox's operation of the Truck which negligence proximately caused bodily injuries that Martinez suffered in the Collision.  She also alleges claims against each Business Entity Defendant for willful and wanton conduct in connection with the Collision and seeks punitive damages in each of these claims.  Finally, Martinez alleges a claim

against Larry Murray Trucking, Inc., for negligent hiring, training, supervision, and retention of Cox that proximally caused her injuries in the Collision.  See Second Amended Complaint at Law (d/e 162), Counts I – VI.  The remaining Plaintiffs in the other consolidated case were the occupants of the third vehicle involved in the Collision.  See generally Second Amended Complaint at Law (d/e 67).

On October 29, 2020, Defendant Larry Murray Trucking, Inc., filed Summary Judgment Motion.  Larry Murray Trucking, Inc. asserts that it is entitled to summary judgment because Murray Bros. LLC, a separate company, owned and operated the Truck and employed Cox.  Larry Murray Trucking, Inc., therefore, had no connection with the Truck and no liability for injuries arising from the Collision.  Summary Judgment Motion, at 1-2.  The Court gave the Plaintiffs until February 9, 2021 to complete discovery for their responses to the Summary Judgment Motion.  Text Order entered November 9, 2020.  The Court had already set May 7, 2021 as the general deadline for all fact discovery.  Scheduling Order entered April 2, 2020 (d/e 12) (Scheduling Order), at 1.  On March 5, 2021, the Court extended the general fact discovery deadline to August 7, 2021.  Minute Entry entered March 5, 2021.

Larry Murray Trucking, Inc., and Murray Bros, LLC, are both owned by two brothers, Larry Murray and Lee Murray, and both businesses are operated in Farmington, Missouri, located in the district of the U.S. District Court for the Eastern District of Missouri.  On January 20, 2021, Martinez served a subpoena (Subpoena) in the Eastern District of Missouri on Janice Neubrand, CPA of Crouch, Farley, & Heuring, PC, the bookkeeper/accountant of Larry Murray Trucking, Inc., and Murray Bros, LLC.  Defendants Larry Murray Trucking, Inc., and Murray Bros, LLC, have filed motions to quash and the matter is pending in the Eastern District of Missouri.

On February 8, 2021, the day before discovery closed on the Summary Judgment Motion, Martinez served a document production request (Request) on Larry Murray Trucking, Inc., and Murray Bros, LLC. The Request asked for the following:

> For the time period from 2010 thru 2020: produce any and all checking, savings, and operating accounts records, including payments and deposits received, as well as checks issued and cashed, for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., any and all state and federal tax returns, with any and all associated schedules for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc. any and all payroll records for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., including but not limited to, paychecks issued to employees, when they were

> paid, by whom, when the checks were issued, from what accounts, and any and all documents of whatever kind or nature recording or referring to same, including, but not limited to, correspondence, emails, contracts, invoices, and employment applications appurtenant to same.

Motion, at 1-2.  The Subpoena sought substantially the same information. Counsel for Martinez called or emailed counsel for Larry Murray Trucking, Inc., on February 4, 2021 to see if his client was going to comply with the Subpoena, and on February 15, 2021 to see if his client was going to comply with the Request.  Counsel for Martinez also called or emailed counsel for Murray Bros, LLC, on February 5, 2021 to see if his client was going to comply with the Subpoena, and on February 15, 2021 to see if his client would comply with the Request.  Counsel for Martinez also called counsel for Murray Bros, LLC, on February 18, 2021, but counsel for Martinez does not set forth the purpose of this call.  Plaintiff Martinez' Reply Brief in Support of Her Motion to Compel Answers to Plaintiff Martinez Supplemental Discovery Issued Feb. 8, 2021 (d/e 166) (Reply), at 2. Counsel for Martinez states that these opposing counsel "very clearly indicated they would not provide any discovery and have not provided any compromise ...." Reply, at 2.

On March 8, 2021, Martinez filed the Motion.  Martinez asks the Court to compel production of the documents sought in the Request or delay any

ruling on the Summary Judgment Motion until the documents are produced. Motion, at 3. Defendant Larry Murray Trucking, Inc., and Murray Bros, LLC, oppose the Motion.

## ANALYSIS

As an initial matter, the Court will not delay consideration of the Summary Judgment Motion. The Summary Judgment Motion was timely filed. See Scheduling Order, at 3; Fed. R. Civ. P. 56(b) (summary judgment motion may be filed at any time up to deadline set by order). To delay consideration of the Summary Judgment Motion, Plaintiff Martinez needed to submit an affidavit setting forth specific reasons why she cannot present facts essential to justify her opposition to the Summary Judgment Motion. Fed. R. Civ. P. 56(d); see Text Order entered February 26, 2021. The Motion contains no such affidavit.

The Defendants correctly note that Martinez filed the Motion early and did not formally certify that she made a good faith effort to meet and confer to resolve the discovery dispute before resorting to the Court. Martinez filed the Motion on March 8, 2021, only 28 days after the Request was served on February 8, 2021, and two days before the responses to the Request were due. See Fed. R. Civ. P. 34(b)(2)(A) (Responses to document production requests are due 30 days after service). Defendants

Larry Murray Trucking, Inc., and Murray Bros, LLC, however, have responded and have stated their opposition to the Motion. Martinez also demonstrated in her Reply that her counsel attempted resolve the discovery dispute before resorting to this Court for relief. The Court, therefore, will not bar the Motion for its timing or for a lack of formal certification of a good faith effort to meet and confer. See Fed. R. Civ. P. 37(a)(1).

Even though the Court will not deny the Motion on these procedural grounds, the Court will not compel production for use in connection with the Summary Judgment Motion. Martinez served the Request on February 8, 2021, just one day before discovery closed on the Summary Judgment Motion on February 9, 2021. The Scheduling Order requires that, "Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply." Scheduling Order, at 1. Martinez should have served the Request by January 10, 2021. She did not. In addition, the parties have completed the briefing on the Summary Judgment Motion. Plaintiffs' Joint Local Rule 7.1 (D)(2) Response to Defendant Larry Murray Trucking, Inc's Motion For Summary Judgment (d/e 155) (Summary Judgment Opposition); Larry Murray Trucking, Inc.'s

<u>Responses to Plaintiffs' Statement of Additional Facts in Opposition to Motion for Summary Judgment (d/e 159)</u>; <u>Larry Murray's Reply Memorandum in Support of its Motion for Summary Judgment (d/e 160)</u>. Under these circumstances, the Court will not compel responses for purposes of responding to the Summary Judgment Order.

Martinez' Request, however, was timely for general discovery unrelated to the Summary Judgment Motion. The general fact discovery deadline is August 7, 2021. The relevance of the Request, though, depends on the outcome of the Summary Judgment Motion. Martinez and the other Plaintiffs have asked for leave to amend their respective complaints to allege that Murry Bros, LLC, and Larry Murray Trucking, Inc., are alter egos of each other. <u>Plaintiffs' Joint Local Rule 7.1 (D)(2) Response to Defendant Larry Murray Trucking, Inc's Motion for Summary Judgment (d/e 155) (Summary Judgment Opposition)</u>, at 2-3. Should the District Court deny summary judgment and allow the requested amended complaints, then at least some portion of the financial documents and other documents sought in the Request could be relevant to the issue of whether Murry Bros, LLC, and Larry Murray Trucking, Inc., are alter egos of each other. Portions of the Request could also be relevant to Martinez' claims for punitive damages. Even if the District Court allows the Summary

Judgment Motion, some portions of the documents sought in the Request could still be relevant to Martinez' punitive damages claims against Murray Bros, LLC.

In light of the uncertainty of the relevance of the information sought in the Request, the Court finds that the best course is to deny Martinez' request to compel production with leave to refile after the District Court resolves the Summary Judgment Motion. The Court will then be in a better position to determine whether all or a portion of the Request is proportionate to the needs of the case. If the Request turns out to be relevant only to Martinez' punitive damages claims, the Court is inclined to delay compelling production until after resolution of any other summary judgment motions that may be filed by the dispositive motion date. The production of financial information for purposes of punitive damages generally needs to be produced only if the punitive damage claims survives summary judgment and will be presented at trial.

Defendant Murray Bros, LLC, asks for an award of attorney fees and expenses. The Court did not deny the Motion in full but granted leave to refile after resolution of the Summary Judgment Motion. The Court therefore may, in its discretion decide, whether to apportion expenses for

the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court in its discretion declines to apportion expenses, and so, denies the request for fees and expenses.

THEREFORE, IT IS ORDERED that Plaintiff Margarita A. Martinez' Motion to Compel Answers to Plaintiff Martinez Supplemental Discovery Issued Feb. 8, 2021 (d/e 154) is DENIED in part with leave to refile after the District Court rules on Defendant Larry Murray Trucking, Inc.'s Motion for Summary Judgment (d/e 103).

ENTER:   March 26, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE