E-FILED
Monday, 12 April, 2021 04:16:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRIC COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JULIE A. SWANSON, Individually, and Mother And Next of Friend of MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE | ) ) ) ) |
| Plaintiffs, v. | ) ) ) ) No. 3:19-CV-03220 (Lead case) |
| MURRAY BROS, LLC, JIMMIE DALE COX, and PIRAMAL GLASS-USA, Inc. | ) ) ) |
| Defendants. | ) |

| | |
|---|---|
| MARGARITA A. MARTINEZ, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) No: 3:20-CV-03083 ) |
| JIMME DALE COX, MURRAY BROS., LLC, LARRY MURRAY TRUCKING, INC., And PIRAMAL GLASS-USA, Inc. | ) ) ) ) |
| Defendants. | ) |

**PLANTIFF MARTINEZ'MOTION TO STRIKE PIRAMAL GLASS-USA, INC.'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the PLAINTIFF, MARGARITA A. MARTINEZ, by and through her attorney, THE LAW OFFFICE OF TIMOTHY J. DEFFET, and pursuant to Fed. R. Civ. P. 8 and 12(f) seeks an Order striking Defendant PIRAMAL GLASS-USA, INC.'s insufficient defenses 1 through 8 with prejudice and in support thereof states as follows:

1

**ARGUMENT**

Defendant's Affirmative Defenses (Doc. 167) to Plaintiff's Second Amended Complaint (Doc. 162) fail to meet the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the "*Twombly-Iqbal* standard"). The Seventh Circuit has yet to decide whether the heightened *Twombly-Iqbal* Standard applies to affirmative defenses. See *Sarkis' Café, Inc. v. Sarks in the Park, LLC,* 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014). However, a number of courts have applied the *Twombly-Iqbal* standard to affirmative defenses. See *Sarkis' Café,* 55 F. Supp. 3d at 1040; *Soos & Assocs. v. Five Guys Enters.,* 425 F. Supp. 3d 1004, 1010 (N.D. Ill. 2019) (We, too, side with the majority view and conclude that an affirmative defense must contain "sufficient factual matter to be plausible on its face."). Most of Defendant's Affirmative Defenses do not meet the *Twombly-Iqbal* standard because its Affirmative Defenses fail to contain sufficient factual matter to be plausible on its face and fail to provide fair or sufficient notice for Plaintiff to respond. (See Doc. 167 at pp. 15-16). They are a boilerplate listing, and insufficiently plead as a matter of law. Therefore, Defendant's Affirmative Defenses should be stricken.

Even if the *Twombly-Iqbal* standard does not apply to affirmative defenses, courts follow a three-part test in examining affirmative defenses subject to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Fed. R. Civ. P. 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient. See *Renalds v. S.R.G. Restaurant Group,* 119 F. Supp. 2d 800, 802-803 (N.D. Ill. 2000). Even under this standard, Defendant's Affirmative Defenses at issue should be stricken because there is no factual basis to support them and these defenses are bare bones conclusory

allegations. See *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1295 (7th Cir. 1989) (striking affirmative defenses that were bare bones conclusory allegations).

Defendant's Affirmative Defenses do not fit the concept of affirmative defenses under Fed. R. Civ. P. 8(c), which requires Defendant to admit Plaintiff's allegations but then permits the Defendant to assert a legal reason it is nonetheless excused from liability. See *Menchaca v. American Response of Il.*, 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998); *Sarkis Café, Inc.*, 55 F. Supp. 3d at 1040-1041. The defenses listed below are barebones legal conclusions without any short and plain statement of facts and fail to give plaintiff notice of what the defense is or how to properly respond, refute or conduct discovery relating to them. Defendant has already put these matters in issue by denying certain allegations in the Second Amended Complaint at Law in its Answer and, therefore, Defendant cannot raise these matters again as affirmative defenses. See *Renalds*, 119 F. Supp. 2d at 804; *Sarkis' Café, Inc.*, 55 F. Supp. 3d at 1041 (affirmative defenses cannot merely repeat a defendant's denial of allegations contained in the complaint).

## AFFIRMATIVE DEFENSE ONE

Defendant asserts in Affirmative Defense One that "Plaintiff was contributorily negligent for failing to wear a seatbelt at the time of the incident". Illinois caselaw is clear that the presentation of any evidence or testimony that indicates or suggests that plaintiff may not have been wearing a seat belt at the time of the collision is inadmissible. 625 ILCS§5/12-603.1(c); <u>Clarkson v. Wright</u>, 459 N.E.2d 305, 121 Ill.App.3d 230 (3 Dist.1984).

## AFFIRMATIVE DEFENSE TWO

Defendant asserts in Affirmative Defense Two that "Plaintiff's damages, if any and in whole or in part, were the result of the negligent operation of the vehicle which Plaintiff was a passenger". There has been no evidence or testimony supporting or suggesting that the sole cause or a contributing

cause of Ms. Martinez' current injuries are the negligence of anyone other than the Defendants since no party contribution action or affirmative defense has been established by said defendants to support such a defense. Robertson v. General Tire and Rubber Co., 462 N.E.2d 706, 123 Ill.App.3d 11 (5th Dist. 1984). Defendant Jimmie Dale Cox has mentioned in his deposition that he believed that the driver of Ms. Martinez' vehicle was responsible. However, the ISP video, reconstruction report, ISP citations, and evidence presented clearly demonstrate this is a false narrative. In addition, Defendants have not filed a third-party action against anyone else. The person they may wish to blame is a non-party to this case and has not been noticed for deposition either.

## AFFIRMATIVE DEFENSE FIVE

Defendant asserts in Affirmative Defense Five that "Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish her damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages, or their damages should be dismissed based on Plaintiff's failure to mitigate." Defendant's Fifth Affirmative Defense of Failure to Mitigate should be stricken because it relies upon unsupported allegations of fact, speculation and conjecture about the Plaintiff. In addition, Plaintiff has provided voluminous discovery on her medical treatment, which is continuing, she has been offered for deposition and no Defendants have noticed her up.

## AFFIRMATIVE DEFENSES THREE, FOUR AND SIX

When asserting an affirmative defense, "the test is whether the defense gives color to the opposing party's claim and then asserts new matters by which the apparent right is defeated." See *Condon v. American Telephone and Telegraph Company, Inc.*, 201 Ill. App. 3d 701, 709, 569 N. E. 2d 518, 523 (2nd Dist. 1991), citing *Womer Agency v Doyle*, 121 Ill. App. 3d 219, 222, 459 N. E. 2d 633, 635 (4th Dist. 1984). In other words, an affirmative defense essentially admits the allegations in

4

the complaint, and then asserts a new matter, which defeats a plaintiff's right to recover. See *Vroegh v. J & M Fortlift*, 165 Ill. 2d 523, 651 N. E. 2d 121, 126 (1965). Setoffs and contribution are counterclaims not affirmative defenses.

Defendant asserts an apportionment defense against Plaintiff in Affirmative Defense Three as follows:

"any recovery by Plaintiff should be apportioned among any responsible parties, including Murray Bros, LLC, Jimmie Dale Cox, Larry Murray Trucking, Inc., or other drivers involved in the incident under the doctrine of comparative fault".

Defendant asserts Joint and Several Liability, and Setoff, in Affirmative Defenses Four and Six, respectfully as follows:

"4. Piramal's fault, if any, is less than twenty-five percent of the total fault in this suit, and thus, Piramal can only be severally liable for any damages recovered in this matter and

6. Piramal is entitled to a setoff from the settlements of any settling party and is further entitled to a setoff to the extent of any judgment entered against other parties in favor of Plaintiff".

Set-offs are not categorized as affirmative defenses under Illinois law, which instead recognizes set-offs as counterclaims. 735 ILCS 5/2-608. Counterclaims may be brought by PIRAMAL against any number of plaintiffs or co-defendants in the nature of "set-off, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." 735 ILCS 5/2-608; *see also*; *Hentze v. Unverfehrt*, 237 Ill. App. 3d 606, 612 (5th Dist. 1992).

### AFFIRMATIVE DEFENSES SEVEN and EIGHT for Failure to State A Claim and the Statute of Limitations

Defendant asserts in Affirmative Defense Seven that:

Piramal states that the claims made in Count IV of Plaintiff's Second Amended Complaint are barred by the applicable statute of limitations as any claims arising from the negligent retention or control of Murray Bros., LLC were brought more than two years after the incident at issue in violation of 735 ILCS 5/13-202. Piramal has briefed this issue in response to Plaintiff's First Amended Complaint and the Court has ruled upon the same, but Piramal states that the relevant

5

deficiencies present in said complaint have not been corrected in Plaintiff's Second Amended Complaint. *See* Doc. No. 76, 78, 88, 91 and 131.

Courts have stricken bare bones statute of limitation affirmative defenses failing to allege any basis. See *Meaden v. Meaden*, 2012 WL 6019233, at *3 (N.D. Ill. 2012) (striking affirmative defense that "merely states that plaintiffs' claims are barred by the statute of limitations"); *Dorsey v. Ghosh*, 2015 WL 3524911, at *5 (N.D. Ill. 2015) (striking statute of limitations defense where the basis for the purported defense is "completely unknown").

Defendant asserts in Affirmative Defense Eight that:

"the claims made in Count IV of Plaintiff's Second Amended Complaint fail to state a claim upon which relief can be granted. Piramal has briefed this issue in response to Plaintiff's First Amended Complaint and the Court has ruled upon the same, but Piramal states that the relevant deficiencies present in said complaint have not been corrected in Plaintiff's Second Amended Complaint".

Failure to state a claim upon which relief can be granted is not an affirmative defense. An affirmative defense accepts properly plead allegations of fact as true. If those facts do not adequately state a cause of action the proper remedy is a 12(b)(6) Motion.

For the foregoing reasons, Plaintiff, MARGARITA MARTINEZ, respectfully requests that this Court enter an Order striking Defendant PIRAMAL GLASS-USA, INC.'s insufficient defenses 1 through 8 with prejudice.

                                      Respectfully submitted,

                                      /S/ Timothy J. Deffet
                                The Law Office of Timothy J. Deffet

ARDC# 6255823
Timothy J. Deffet
Attorney for Plaintiff MARGARITA A. MARTINEZ
THE LAW OFFICE OF TIMOTHY J. DEFFET
5875 N. Lincoln Ave. #231
Chicago, IL 60659
(773) 627-4719
tim@timdeffetlaw.com

## CERTIFICATE FILING AND PROOF OF SERVICE

I hereby certify that on April 12, 2021, I electronically filed the foregoing **PLAINTIFF MARTINEZ' MOTION TO STRIKE PIRAMAL GLASS-USA, INC.'S AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT ,** with the Clerk of the Court using the CM/ECF System, which will send notification of such to all attorneys of record, and via email to all:

**Swanson/Elmore attorneys**
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle, Suite 3100
Chicago, IL 60602
(312)899-9090 (Telephone)
(312)251-1160 (Facsimile)
SPD@cliffordlaw.com

**Attorney for PIRAMAL GLASS-USA, Inc.**
M. Tucker Blaser
Brown & James, P.C.
Richland Plaza I
525 W. Main St., Ste 200
Belleville, IL 62220-1547
618-235-5590 (phone)
618-235-5591 (fax)
tblaser@bjpc.com
bpfalzgraf@bjpc.com
gjahr@bjpc.com

**Attorney for MURRAY BROS, LLC and JIMMIE DALE COX**
Matthew S. Hefflefinger
Devin M. Taseff
Nathan M Henderson
Heyl, Royster,Voelker & Allen, P.C.
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
(309) 676-0400
Fax (309) 676-3374
mhefflefinger@heylroyster.com
dtaseff@heylroyster.com
nhenderson@heylroyster.com
peoecf@heylroyster.com
CSmith2@heylroyster.com

**Attorney for LARRY MURRAY TRUCKING, INC.**
Daniel E. Wilke
James A. Wilke
Wilke & Wilke, P.C.
2708 Olive Street
St. Louis, MO 63103
314-371-0800 (phone)
314-371-0900 (fax)
wilke@wilkewilke.net
jwilke@wilkewilke.net