IN THE UNITED STATES DISTRIC COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISON

| | | |
|---|---|---|
| JULIE A. SWANSON, Individually and Mother and Next of Friend of MADISON SWANSON, JOAN A. ELMORE, ROBERT G. ELMORE | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-3220 |
| MURRAY BROS, LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, Inc., and LARRY MURRAY TRUCKING, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| MARGARITA A. MARTINEZ, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-cv-3083 |
| JIMMIE DALE COX, MURRAY BROS., LLC, Larry MURRAY TRUCKING, INC., and PIRAMAL GLASS-USA, Inc. | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Larry Murray Trucking Inc.'s and Larry Murray Individually's Motion to Quash Subpoena (d/e 173) (Motion 173);

Page **1** of **13**

Defendant Murray Bros. LLC's Motion to Quash or Modify Plaintiff Martinez's Subpoena to Janice Neubrand of Crouch, Farley, & Heuring, PC (d/e 174) (Motion 174); and Intervenor Janice Neubrand's Motion to Quash (d/e 184) (Motion 184) (collectively Motions to Quash). For the reasons stated below, the Motions to Quash are ALLOWED in part and DENIED in part.

## BACKGROUND

These consolidated diversity actions arise from a multi-vehicle automobile collision that occurred on April 29, 2018 on Interstate 55 in this District (Collision). Plaintiff Margarita Martinez alleges that Defendant Jimmie Dale Cox drove a truck (Truck) involved in the Collision. She alleges that Defendants Murray Bros. LLC, Piramal Glass-USA, Inc., and Murray Trucking, Inc., (collectively the Business Entity Defendants) employed Cox as the driver of the Truck at the time. Martinez was a passenger in a 2001 Chevrolet Cavalier involved in the Collision. Martinez brings claims against each Business Entity Defendant and Cox for negligence in connection with Cox's operation of the Truck which proximally caused bodily injuries that Martinez suffered in the Collision. Martinez also alleges claims against each Business Entity Defendant for willful and wanton conduct in connection with the Collision and seeks punitive damages in each of these claims. Finally, Martinez alleges a claim against Larry Murray Trucking, Inc., for negligent hiring, training, supervision, and retention of Cox that proximally caused her injuries in the Collision. See Second Amended Complaint at Law (d/e 162), Counts I – VI.

The remaining Plaintiffs in the other consolidated case were the occupants of a third vehicle involved in the Collision. See generally Second Amended Complaint at Law (d/e 67). The remaining Plaintiffs have settled their claims in this case, pending court approval of the proposed settlement for the minor Plaintiff Madison Swanson. Notice of Settlement (d/e 177); Petition to Approve Settlement of a Minor's Claim d/e 183).

On October 29, 2020, Defendant Larry Murray Trucking, Inc., filed a Summary Judgment Motion. Larry Murray Trucking, Inc.'s Motion for Summary Judgment (d/e 103) (Summary Judgment Motion). Larry Murray Trucking, Inc. asserts that it is entitled to summary judgment because Murray Bros. LLC, is a separate company, and Murray Bros. LLC owned and operated the Truck and employed Cox. Larry Murray Trucking, Inc., therefore, had no connection with the Truck and has no liability for injuries arising from the Collision. Summary Judgment Motion, at 1-2.

The Court gave the Plaintiffs until February 9, 2021 to complete discovery for their responses to the Summary Judgment Motion. Text Order entered November 9, 2021. The Court had already set May 7, 2021 as the general deadline for all fact discovery. Scheduling Order entered April 2, 2020 (d/e 12) (Scheduling Order), at 1. On March 5, 2021, the Court extended the general fact discovery deadline to August 7, 2021. Minute Entry entered March 5, 2021.

On January 20, 2021, Martinez served a subpoena (Subpoena) in the Eastern District of Missouri on Janice Neubrand, CPA, of Crouch, Farley, & Heuring, PC, the

bookkeeper/accountant of Larry Murray Trucking, Inc., and Murray Bros, LLC. Larry Murray Trucking, Inc., and Murray Bros, LLC, are both owned by two brothers, Larry Murray and Lee Murray, and both businesses are operated in Farmington, Missouri, located in the district of the U.S. District Court for the Eastern District of Missouri. The Subpoena called for Neubrand to produce the following:

> For the time period from 2010 thru 2020: produce any and all checking, savings, and operating accounts records, including payments and deposits received, as well as checks issued and cashed, for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., any and all state and federal tax returns, with any and all associated schedules for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc. any and all payroll records for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., including but not limited to, paychecks issued to employees, when they were paid, by whom, when the checks were issued, from what accounts, and any and all documents of whatever kind or nature recording or referring to same, including, but not limited to, correspondence, emails, contracts, invoices, and employment applications appurtenant to same.

Motion, at 1-2. Defendants Larry Murray Trucking, Inc., and Murray Bros, LLC, filed motions to quash (Motions 173 and 174) in the U.S. District Court for the Eastern District of Missouri. Neubrand filed a Motion to Intervene to file a motion to quash. The District Court for the Eastern District of Missouri transferred the matter to this Court. Swanson v. Murray Bros. LLC, Case No. 21-mc-3003 (Transfer Case), Memorandum and Order entered April 12, 2021 (d/e 16); see Fed. R. Civ. P. 45(f). This Court allowed the Motion to Intervene. Transfer Case, Text Order entered May 4, 2021. This Court further ordered the Clerk to move Motions 173 and 174 and related

filings to the docket in this Case.  Transfer Case, Text Order entered May 6, 2021.  Neubrand then filed Motion 184.  Martinez opposes the Motions to Quash.

## ANALYSIS

The Movants argue primarily that the Court should quash the Subpoena because the information sought is privileged.  In the alternative, the Movants argue that the Subpoena is overly broad and imposes an undue burden Murray Bros. LLC and Larry Murray Trucking, Inc., and especially on non-parties Neubrand, Larry Murray, and Lee Murray.

This Court must quash or modify a subpoena if the material sought is privileged or if the subpoena subjects a person to an undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). The Movants' assert a claim of privilege under the Missouri accountant/client privilege.  R.S.Mo. 326.322. Illinois also has an accountant/client privilege statute, but the Illinois privilege is held only by the accountant, and scope of the Illinois privilege is much narrower.  225 ILCS 450/27; Brunton v. Kruger, 2015 IL 117663 ¶ 34l 32 N.E.3d 567, 573 (Ill. 2015).  This Court must decide which privilege applies.  In diversity cases, this Court applies the law of the forum, Illinois, including the forum conflicts of laws principles.  Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam).

Illinois follows the Restatement (Second) of Conflict of Laws (hereinafter Restatement) to determine the choice of laws for privileges.  Sterling Finance Management, L.P. v. UBS PaineWebber, Inc., 336 Ill. App. 3d 442, 452, 782 N.E.2d

895, 904 (1ˢᵗ Dist. 2002) overruled in part on other grounds, Bridgeview Health Care Center, Ltd. v. State Farm Fire & Cas. Co., 2014 IL 116389 ¶¶ 24-25, 10 N.E.3d 902, 908-09 (Ill. 2014). The Restatement instructs this Court to determine first the state had the most significant relationship to the communication claimed to be privileged. Restatement § 139(1). In this case, Missouri has the most significant relationship to the communications between Neubrand and her clients Larry Murray Trucking, Inc., Murray Bros. LLC, Larry Murray, and Lee Murray, all of whom are Missouri residents.

If Missouri law treats the information sought by the Subpoena as not privileged, then this Court would follow that law unless following that law would be contrary to the strong public policy of the forum, Illinois. Id. In this case, however, the Missouri privilege would cover more of the sought information than would the Illinois privilege. As a result, the Court generally looks to the privilege law of the forum, Illinois:

> Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.

Restatement, § 139(2). This Court should follow the Illinois accountant/client privilege statute to the extent that the Illinois law treats the communications as not privileged, and so subject to the Subpoena, "unless there is some special reason why the forum policy favoring admission should not be given effect." Id.

Illinois looks to several factors in determining whether a "special reason" exists to not follow the law of the forum, Illinois:

 (1) the number and nature of the contacts that forum state has with the parties and the transaction involved;

 (2) the relative materiality of the evidence sought to be excluded;

 (3) the kind of privilege involved; and

 (4) fairness to the parties.

Sterling, 782 N.E.2d at 904 (citing Restatement, § 139, comment d). In this case, Illinois has a strong interest in determining liability for the injuries that resulted in the Collision that occurred in Illinois. The evidence sought is material to Larry Murray Trucking, Inc.'s claim at summary judgment that Murray Bros. LLC is a separate entity that owned and operated the Truck in the Collision, and Larry Murray Trucking, Inc. has no liability for anything that happened in the Collision. Martinez vigorously disputes this claim. Martinez asserts that these two business entities are really a single business entity. See e.g., Plaintiff's Joint Local Rule 7.1(D)(2) Response to Defendant Larry Murray Trucking, Inc.'s Motion for Summary Judgment (d/e155), at 2 ("Plaintiffs believe that Larry Murray Trucking, Inc. and Murray Bros., LLC essentially operate as the same company . . . ."). The bank records, payroll records, and tax records of these two businesses would be material to this issue at summary judgment. Martinez issued the Subpoena in January, several weeks before the deadline for discovery related to the Summary Judgment Motion. The Motion is still pending. If she

gets this information, she may seek leave to supplement her response to the Summary Judgment Motion with the information.[1]

Considerations related to the fairness to the parties do not show some special reason to vary from the law of the forum. The privilege involved is designed to protect confidential communications between accountants and clients. Both Missouri and Illinois established such a privilege by statute. The privilege is important to protect these communications. Privileges, however, limit access to relevant truthful information because they are "designed to protect the interests that are outside the truth-seeking process." Sterling, 782 N.E.2d at 898. As such, a statutory privilege is strictly construed in both Missouri and Illinois. Id.; State ex Rel. Health Midwest Development Group, Inc. v. Daughtery, 965 S.W.2d 841, 843 (Mo. 1998). The Movants do not show that fairness in this case weighs more in favor of the Movant's interest in maintaining confidentiality verses Martinez's interests in securing relevant information.

The Movants argue that following the Illinois privilege statute would be unfair because the privilege applies only to Illinois accountants. The Court disagrees. Out of state certified public accountants have all the privileges of Illinois accountants. 225 ILCS 450/5.2. Thus, Neubrand would be entitled to the same accountant/client privilege as an Illinois CPA. Overall, these factors weigh against finding that some

---

[1] The Court makes no comment on how the District Court would rule on such a request.

special reason exists in this case. The Court, therefore, will follow the law of the forum and apply the Illinois accountant/client privilege statute.

The Illinois privilege only belongs to the accountant. The privilege only applies to confidential communications between Neubrand and her clients. The privilege does not apply to communications transmitted to third parties. See Stopka v. American Family Mut. Ins. Co., Inc., 816 F.Supp.2d 516, 524 (N.D. Ill. 2011). As a result, tax returns submitted to taxing authorities, payroll checks and other checks issued to third parties, and banking records prepared by or disclosed to third-party banks are not privileged. See In re October 1985 Grand Jury No. 746, 124 Ill.2d 466, 474-75, 530 N.E.2d 453, 457-58 (Ill. 1988). Neubrand asks that her billings be treated as privileged. The Court will do so; the billings were prepared for the client and distributed to the client. Neubrand's billings are privileged under the circumstances of this case. Tax records and bank records including checks and payroll records are not privileged.

The Movants also argue that the Subpoena should be quashed because it imposes an undue burden. The party opposing the discovery, in this case the Movants, have the burden to show that the Subpoena would impose an undue burden. Pacific Century Intern., Ltd. v. Does 1-37, 282 F.R.D. 189, 193 (N.D. Ill. 2012). In weighing the burden and benefits of the Subpoena, the Court considers the relevance of the information sought, the subpoenaing party's need for the information, the breadth of the request, and the burden imposed on the subpoenaed party. Imposing a burden on a non-party is a significant factor to be considered in determining whether a

burden is undue. <u>Parker v. Four Seasons Hotels, Ltd.</u>, 291 F.R.D. 181, 188 (N.D. Ill. 2013). The movants must show that the burden caused by producing the subpoenaed documents will exceed the benefit from the production of that information. <u>Northwestern Memorial Hosp. v. Ashcroft</u>, 362 F.3d 923, 927 (7th Cir. 2004).

In this case, the Subpoena is unduly burdensome on non-parties Lee Murray and Larry Murray. The personal records of these individuals are also not directly related to the issues in this case. Martinez wants information to show that the Murray Bros. LLC and Larry Murray Trucking, Inc. are really the same entity or, at least, are so connected that each should be liable for her injuries caused in the Collision. The records of the two businesses would be relevant to that inquiry, but many of the records of the two individuals would have nothing to do with that question. The burden on Lee and Larry Murray is a significant factor because they are non-parties. The Court, therefore, quashes that portion of the Subpoena that calls for the production of the personal records of Larry Murray and Lee Murray.

The remainder of the Subpoena is also overly broad and unduly burdensome on Murray Bros. LLC, Larry Murray Trucking, Inc., and Neubrand. Martinez wants records from 2010 through 2020. Ten years is unreasonably long. Martinez needs to prove the nature of business operations of Murray Bros. LLC and Larry Murray Trucking, Inc., at the time of the Collision in 2018, not in 2010. She does not need 10 years of records. The records sought may also contain confidential information not relevant to the case. Tax returns and bank records, particularly payroll records, may contain

confidential information, including employee information. The production of the documents Martinez seeks, therefore, should be subject to a confidentiality order. No such order has been entered in this case.

In addition, the time and energy to collect records would be an unreasonable burden on Neubrand, as a non-party, unless Martinez compensates her for the cost of producing these materials. See Fed. R. Civ. P. 45(d)(3)(C)(ii). Martinez shall notify the Court, the parties, and Neubrand by June 14, 2021, whether she agrees to compensate Neubrand for the reasonable cost of producing the documents described below (the Production). If Martinez fails to provide such notice or elects not to compensate Neubrand, then the Subpoena is quashed.

If Martinez provides notice by June 14, 2021 that she will compensate Neubrand for the reasonable cost of producing the Production, then Neubrand shall produce for the period of January 1, 2017 through December 31, 2018, the following documents in her possession for Murray Bros. LLC and Larry Murray Trucking, Inc. (collectively the Production), on the terms and conditions set forth below:

    (1) all checking, savings, and operating accounts records, including payments and deposits received, as well as checks issued and cashed;

    (2) any and all state and federal tax returns, with any and all associated schedules;

    (3) paychecks issued to employees, when they were paid, by whom, when the checks were issued, from what accounts; and

(4) any other unprivileged documents referring to any matter included in categories (1), (2), or (3), including but not limited to correspondence, emails, contracts, and employment applications.

Neubrand shall prepare the Production and have it ready to produce by July 14, 2021.  Neubrand shall inform Martinez by July 14, 2021 of the reasonable cost of preparing and producing the Production.  Martinez shall pay Neubrand the reasonable cost of producing the Production.  Upon receipt of payment, Neubrand shall produce the Production to counsel for Martinez, and Martinez shall make the Production available to all opposing counsel.

The Court further orders that all counsel for all parties in this case may not disclose the content of the Production to anyone except: (1) co-counsel of record; (2) another attorney in his or her law firm and the staff of his or her law firm to the extent necessary to litigate this case; and (3) in filings submitted to the Court in this case only. All filings that include any portion of the Production shall be under seal pursuant to Local rule 5.10.  All attorneys and staff of each law firm representing each party shall not otherwise disclose the contents of the Production to anyone else.  The Production may not be used for any purpose other than the litigation of this case.  All copies of the Production in the possession of all counsel shall be destroyed or returned to Neubrand within 30 days after the entry of a final non-appealable judgment on Martinez's claims in this case.  Any counsel who chooses to destroy copies of the Production shall provide Neubrand written certification within 30 days after the entry of a final non-

appealable judgment in this case that all copies of the Production have been destroyed.

    THEREFORE, IT IS ORDERED that Defendant Larry Murray Trucking Inc.'s and Larry Murray Individually's Motion to Quash Subpoena (d/e 173); Defendant Murray Bros. LLC's Motion to Quash or Modify Plaintiff Martinez's Subpoena to Janice Neubrand of Crouch, Farley, & Heuring, PC (d/e 174); and Intervenor Janice Neubrand's Motion to Quash (d/e 184) are ALLOWED in part and DENIED in part.

ENTER:   June 7, 2021

                s/ *Tom Schanzle-Haskins*
           TOM SCHANZLE-HASKINS
      UNITED STATES MAGISTRATE JUDGE