## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **JULIE A. SWANSON, Individually, and Mother and Next of Friend of MADISON SWANSON, JOAN A. ELMORE, and ROBERT G. ELMORE,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) ) | |
| **MURRAY BROS., LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, INC., and LARRY MURRAY TRUCKING, INC.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | **No. 19-cv-3220** |
| **MARGARITA A. MARTINEZ,** | ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | |
| **MURRAY BROS., LLC, JIMMIE DALE COX, PIRAMAL GLASS-USA, INC., and LARRY MURRAY TRUCKING, INC.,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## <u>OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge.**

The matter before the Court is Plaintiff Margarita A. Martinez'

Motion to Strike Piramal Glass-USA, Inc.'s Affirmative Defenses to
Plaintiff's Second Amended Complaint (d/e 170).  For the reasons
stated below, Plaintiff's Motion is GRANTED IN PART and DENIED
IN PART.  The Court strikes Affirmative Defenses Nos. 1 and 2 with
prejudice and Affirmative Defense No. 8 without prejudice and with
leave to amend.  The Court does not strike Affirmative Defenses
Nos. 3, 4, 5, 6, and 7.

## I.    BACKGROUND

These consolidated diversity actions arise from a three-vehicle
automobile collision that occurred on April 29, 2018 on Interstate
55 in this District.  Plaintiff Margarita Martinez alleges that
Defendant Jimmie Dale Cox drove a truck involved in the collision.
Martinez further alleges that Defendants Murray Bros., LLC,
Piramal Glass-USA, Inc. ("Piramal"), and Murray Trucking, Inc.,
employed Cox as the driver of the truck at the time.  Martinez was a
passenger in a 2001 Chevrolet Cavalier involved in the collision.

Martinez alleges claims against the defendants for negligence
in connection with Cox's operation of the truck, which negligence
proximately caused bodily injuries that Martinez suffered in the
collision.  She also alleges claims against the defendants for willful

and wanton conduct in connection with the collision and seeks punitive damages in each of these claims. Finally, Martinez alleges a claim against Larry Murray Trucking, Inc., for negligent hiring, training, supervision, and retention of Cox that proximately caused her injuries in the collision. See Second Amended Complaint at Law (d/e 162), Counts I–VI. The remaining Plaintiffs in the other consolidated case were the occupants of the third vehicle involved in the collision. See generally Second Amended Complaint at Law.

In March 2021, Martinez filed her Second Amended Complaint. On March 22, 2021, Piramal filed its Answer (d/e 167) to the Second Amended Complaint, raising eight affirmative defenses. Martinez moves to strike all eight affirmative defenses with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(f).

## II.    LEGAL STANDARD

When a defendant responds to a pleading, the defendant must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). Rule 8(c)(1) lists several affirmative defenses, including estoppel, laches, statute of limitations, and waiver. Fed. R. Civ. P. 8(c)(1). However, the list is not exhaustive. See Native Am. Arts,

Inc. v. Waldron Corp., 254 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003);

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1271 (3d ed. 2004).

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure,

the Court may strike from a pleading "an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

Civ. P. 12(f).  Motions to strike are generally disfavored because

such motions often only delay the proceedings.  See Heller Fin., Inc.

v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

However, if a motion to strike removes unnecessary clutter from the

case, then the motion serves to expedite, not delay, the proceedings.

Id.

Generally, a court will strike an affirmative defense only if the

defense is insufficient on its face.  Heller, 883 F.2d at 1294

(providing that a court will ordinarily not strike an affirmative

defense if it is sufficient as a matter of law or presents questions of

law or fact).  Because affirmative defenses are pleadings, they are

subject to the pleading requirements of the Federal Rules of Civil

Procedure and must set forth a "short and plain statement" of the

defense.  Id. (citing Fed. R. Civ. P. 8(a)).

Although the Seventh Circuit has not addressed whether the pleading standard set forth in <u>Bell Atl. Corp. v. Twombly</u>, 530 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), applies to affirmative defenses, several courts in this Circuit have found that the <u>Twombly/Iqbal</u> pleading standard does apply to affirmative defenses.  <u>See</u> <u>Sarkis' Café, Inc. v. Sarks in the Park, LLC</u>, 55 F. Supp. 2d 1034, 1038 (N.D. Ill. July 3, 2014) (collecting cases). These courts examine whether the defendant states an "affirmative defense to relief that is plausible on its face."  <u>SEC v. Sachdeva</u>, No. 10–C–747, 2011 WL 933967 at *1 (E.D. Wis. Mar. 16, 2011).

However, whether the <u>Twombly/Iqbal</u> pleading standard applies likely makes little difference.  Factual allegations that were sufficient before <u>Twombly</u> and <u>Iqbal</u> will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient. <u>See</u> <u>Shield Techs. Corp. v. Paradigm Positioning, LLC</u>, No. 11 C 6183, 2012 WL 4120440 at *8 (N.D. Ill. Sept. 19, 2012).  In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a).  <u>See</u> <u>Heller</u>, 883 F.2d at 1294.

### III.  ANALYSIS

Martinez moves to strike all eight of the affirmative defenses asserted by Piramal.  Piramal has filed a Response (d/e 172) to the Motion to Strike, contending that the affirmative defenses directly bear on issues present in the case and that Martinez has not shown how the inclusion of the affirmative defenses has caused her any prejudice.  Piramal requests leave to amend any defenses the Court strikes.

### A.   The Court Strikes Affirmative Defense No. 1.

Piramal's Affirmative Defense No. 1 states that Martinez "was contributorily negligent for failing to wear a seatbelt at the time of the incident."  Answer 9.  Martinez moves to strike this affirmative defense, arguing that Illinois caselaw is clear that the presentation of any evidence or testimony suggesting Martinez may not have been wearing a seatbelt at the time of the collision is inadmissible. Mot. to Strike 3 (citing 625 ILCS 5/12-603.1(c) and Clarkson v. Wright, 459 N.E.2d 305 (Ill. App. Ct. 1984)).  625 ILCS 5/12-603.1(c) states that "[f]ailure to wear a seat safety belt . . . shall not be considered evidence of negligence, shall not limit the liability of an insurer, and shall not diminish any recovery for damages arising

out of the ownership, maintenance, or operation of a motor vehicle."
In <u>Clarkson</u>, the Illinois Appellate Court held that evidence
regarding seatbelt nonuse may be relevant regarding mitigation of
damages, but "may not be introduced on the question of liability or
fault." <u>Clarkson</u>, 459 N.E.2d at 307.

In response, Piramal concedes that, after reviewing the
caselaw and statutory authority, Piramal agrees with Martinez's
position and does not object to Affirmative Defense No. 1 being
struck or withdrawn. Therefore, the Court will strike Affirmative
Defense No. 1 with prejudice.

**B.   The Court Strikes Affirmative Defense No. 2.**

Piramal's Affirmative Defense No. 2 states that "Plaintiff's
damages, if any and in whole or in part, were the result of the
negligent operation of the vehicle [in] which Plaintiff was a
passenger." Answer 10. Martinez moves to strike this affirmative
defense, contending that there has been no evidence or testimony
supporting or suggesting that the sole cause or a contributing
cause of Martinez' injuries is the negligence of anyone other than
Defendants. Mot. to Strike 3-4. In response, Piramal states that it
has alleged the defense on the basis of a proximate cause defense

and that if the Court agrees that a proximate cause defense does not need to be pled as an affirmative defense, Piramal has no objection to Affirmative Defense No. 2 being struck or withdrawn. Resp. 3.

Piramal concedes that this Court has previously dismissed similar affirmative defenses as repetitious of a denial of proximate causation.  <u>See</u> Resp. 3 (<u>citing</u> <u>Hoffman v. CMP Entm't (USA), Inc.</u>, 2018 WL 1115210 (C.D. Ill. Mar. 1, 2018).  Striking this affirmative defense does not bar Piramal from asserting that there was an intervening or superseding cause for Martinez' injuries or asserting that Martinez did not meet her burden with respect to the element of causation.  Such issues, however, "are properly raised at summary judgment and trial, not in the form of an affirmative defense."  <u>FDIC v. Mahajani</u>, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013).  The Court, therefore, strikes Affirmative Defense No. 2 with prejudice.

### C.    The Court Will Not Strike Affirmative Defense No. 5.

Piramal's fifth Affirmative Defense asserts that Martinez has failed to mitigate her damages, if any.  Answer 10.  Martinez moves to strike this Affirmative Defense, arguing that the affirmative

defense "relies upon unsupported allegations of fact, speculation[,] and conjecture . . . ." Mot. to Strike 4. Martinez also notes that she has provided voluminous discovery on her medical treatment, which remains ongoing, and that Piramal had not, as of the date of the filing of the Motion to Strike, noticed Martinez up for a deposition. Id. Piramal responds that striking this affirmative defense is premature at this time because of Martinez' ongoing medical treatment, which Piramal also offers as the reason for delaying Martinez' deposition. Resp. 4.

"[C]ourts have generally held that 'where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.'" Jackson v. Methodist Med. Ctr. of Ill., No 06-1235, 2007 WL 128001, at *4 (C.D. Ill. Jan. 11, 2007) (quoting AAR Int'l, Inc. v. Vacances Heliades, S.A., 202 F. Supp. 2d 788, 800 (N.D. Ill. 2000)) (other citations omitted). Although discovery in this case has been ongoing for some time, in light of the fact that Martinez' medical treatment is also still ongoing, the Court denies Martinez' Motion to Strike with respect to Affirmative Defense No. 5 at this time.

**D.     The Court Will Not Strike Affirmative Defenses Nos.**

### 3, 4, and 6.

Martinez moves this Court to strike Piramal's Affirmative Defenses Numbers Three, Four, and Six, in which Piramal asserts an apportionment defense, joint and several liability, and set-off, respectively.  Martinez argues that set-offs and contribution are counterclaims and not affirmative defenses.  Mot. to Strike 5.  In its response, Piramal notes that there is some disagreement among courts about whether these are appropriate affirmative defenses, but that this Court has previously held in <u>Hoffman</u> that defenses like these are "properly pled as avoidance of some or all liability." 2018 WL 111520, at *4.

If Piramal is found to be liable to Martinez, Piramal is entitled to a set-off against any judgment equal to the amount of money received by Martinez from any other person, entity, or party, the purpose of which was, in whole or in part, to compensate Martinez for injuries or damages claimed in this lawsuit.  Courts in this Circuit have not reached a consensus as to whether a right of set-off is allowed as an affirmative defense.  <u>Compare</u> <u>Prof'l Serv. Indus., Inc. v. Dynamic Dev. Co., LLC</u>, No. 14-CV-06363, 2017 WL 6039870, at *8 (N.D. Ill. Dec. 6, 2017) (set-off is not an affirmative

defense because it does not defeat a plaintiff's right of action and is more properly brought as a counterclaim) and <u>JPMorgan Chase Bank, N.A. v. Mal Corp.</u>, No. 07 C 2034, 2009 WL 804049, at *6 (N.D. Ill. Mar. 26, 2009) (set-off is only appropriate where a defendant has made an independent claim for recovery against a plaintiff) <u>with</u> <u>Hoagland v. Armor</u>, No. 17-cv-3046, 2017 WL 4547913, at *3 (C.D. Ill. Oct. 12, 2017) (finding setoff was properly brought as an affirmative defense where the right to set-off concerned allegations outside the plaintiff's prima facie case and could not be raised by denials alone).

However, Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c)(1).  As this Court has previously held, set-off is properly pled as an avoidance of some or all liability, regardless of whether it is an affirmative defense.  <u>See</u> Hoffman, 2018 WL 111520, at *4 (<u>citing</u> <u>H.D. Smith Wholesale Drug Co. v. Crawford</u>, No. 11-CV-3448, 2012 WL 2503100, at *3 (C.D. Ill. June 28, 2012)).  Further, by pleading set-off, Plaintiff has been put on notice that set-off will be at issue in the case.  Unlike the set-off affirmative defense addressed in <u>Hoffman</u> which the Court struck, here there are other

named defendants in the case so it is clear who the other parties are from whom Piramal might seek a set-off.  For these reasons, the Court will not strike Affirmative Defense No. 6.

For the same reasons, the Court also will not strike Affirmative Defenses Nos. 3 and 4.  If Piramal is found to be liable to Martinez and any fault constitutes less than 25% of the total fault, then Piramal would only be severally liable for any damages proven by Martinez, as set forth in 735 ILCS 5/2-1117.  Much like Affirmative Defense No. 6, the Court finds Affirmative Defense Nos. 3 and 4 are properly pled as an avoidance of some or all liability and serve to put Plaintiff on notice that joint and several liability and apportionment may be at issue in the case.  The Court, therefore, will not strike Affirmative Defenses Nos. 3 and 4.

### E.    The Court Will Not Strike Affirmative Defense No. 7.

Martinez argues that the Court should strike Affirmative Defense No. 7, which states that "the claims made in Count IV of Plaintiff's Second Amended Complaint are barred by the applicable statute of limitations as any claims arising from the negligent retention or control of Murray Bros., LLC were brought more than two years after the incident at issue in violation of 735 ILCS 5/13-

202."  Answer 10-11.  Martinez contends that this affirmative defense should be struck because "[c]ourts have stricken [sic] barebones statute of limitation affirmative defenses failing to allege any basis."  Mot. to Strike 6 (citing Meaden v. Meaden, 2012 WL 6019233, at *3 (N.D. Ill. Nov. 30, 2012) and Dorsey v. Ghosh, 2015 WL 3524911, at *5 (N.D. Ill. June 3, 2015)).  Piramal responds that this defense is specifically allowed under 8(c) and that relevant count of Martinez' complaint and the applicable limitation period have been clearly identified.  Resp. 5.

Federal Rule of Civil Procedure 8(c) permits a party to affirmatively set forth the defense that the plaintiff's claim is barred by the applicable statute of limitations.  The Court agrees that Piramal's pleading in this case, as opposed to the affirmative defenses addressed in the cases cited by Martinez, is sufficient to put Martinez on notice of the particular claim and the applicable statute of limitations that are at issue.  Because Piramal would waive its right to present evidence regarding the statute of limitations if it does not raise it as an affirmative defense in its answer, the Court denies Martinez' Motion to Strike with respect to Affirmative Defense No. 7.

**F.    The Court Strikes Affirmative Defense No. 8.**

Finally, Martinez moves to strike Piramal's Affirmative Defense No. 8, which states: "the claims made in Count IV of Plaintiff's Second Amended Complaint fail to state a claim upon which relief can be granted." Answer 11.  Piramal notes further that this Court has already ruled on this issue in regard to Martinez' First Amended Complaint, but Piramal contends that the "relevant deficiencies present in said complaint have not been corrected" in Martinez' Second Amended Complaint.  Id.  Martinez argues that failure to state a claim upon which relief can be granted is not an affirmative defense.  Mot. to Strike 6.

This Court addressed a nearly identical affirmative defense in Acuity Optical Labs., Inc. v. Davis Vision, Inc., No. 14-3231, 2014 WL 5900994, at *2 (C.D. Ill. Nov. 13, 2014) and Hoffman, 2018 WL 1115210, at * 2.  There, as here, the Court notes that courts have not always agreed whether failure to state a cause of action is a proper affirmative defense.  Acuity Optical, 2014 WL 5900994, at *2 (citing Jackson, 2007 WL 128001, at *2).  "However, even those courts that allow the affirmative defense to be raised require more than a bare recitation of the legal standard."  Id.

Like the defendants in <u>Acuity Optical</u> and <u>Hoffman</u>, Piramal has done no more than recite the legal standard in Affirmative Defense No. 8.  Therefore, the Court strikes Affirmative Defense No. 8 without prejudice as insufficiently pled.

## IV.   CONCLUSION

For the reasons stated, Plaintiff Margarita Martinez' Motion to Strike Piramal Glass-USA, Inc.'s Affirmative Defenses to Plaintiff's Second Amended Complaint (d/e 170) is GRANTED IN PART and DENIED IN PART.  The Court strikes Affirmative Defenses Nos. 1 and 2 with prejudice.  The Court strikes Affirmative Defense No. 8 without prejudice and with leave to amend.  The Motion to Strike is denied with respect to Affirmative Defenses Nos. 3, 4, 5, 6, and 7.  If Defendant chooses to amend any of the affirmative defenses, Defendant shall do so on or before October 5, 2021.

**ENTER: September 7, 2021**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**